

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami

vedderprice.com

October 22, 2024

Daniel C. Green
Shareholder
+1 (212) 407 7735
dgreen@vedderprice.com

**VIA ECF**

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:   *Anthony Deo, et al v. Ronald Baron, et al.*, Case No. 2:24-cv-06903 (JMW)
      Request for Extension of Time To Respond to Complaint

Your Honor:

This firm represents Citrin Cooperman & Company LLP ("Citrin"), a defendant in the above action (the "Action").

We write, pursuant to Fed. R. Civ. P. 6(b)(1)(A) and the Court's Individual Practice Rule 1.D, in order to request an adjournment of Citrin's current deadline to respond to the Verified Complaint (the "Complaint") [ECF No. 1-2] until after such time as the Court has resolved the currently-pending motion to: 1) consolidate this action with an earlier proceeding; and 2) disqualify counsel for the plaintiffs (the "Deo Parties") [ECF No. 22].[1]

As the Court is aware, the Action was commenced in the Supreme Court of the State of New York, County of Nassau, and removed to this Court on September 30, 2024 [ECF No. 1]. Prior to such removal, the Deo Parties had agreed to adjourn Citrin's deadline to respond to the Complaint to November 30, 2024. Following removal, Citrin submitted an unopposed letter motion [ECF No. 14] in order to memorialize that agreement, which the Court granted on October 7, 2024.

On October 16, 2024, defendant Superb Motors Inc. and certain other plaintiffs in the previously-filed action *Superb Motors Inc. v. Deo*, No. 23-cv-6188 (collectively, the "Superb Parties") filed a motion to consolidate the current Action with that previously-filed action [ECF No. 22]. The Superb Parties argue that the newly-asserted claims against them are actually counterclaims that should have been asserted in the previously-filed action. They therefore request that the Court direct the Deo Parties to instead separately assert the claims contained in the current Complaint: 1) as counterclaims against the Superb Parties appended to an answer; or 2) as a separate third-party complaint against the newly-named defendants, including Citrin.

---

[1] Citrin notes that the Court has already granted the *sine die* adjournment sought by Citrin to defendant Superb Motors Inc. [ECF No. 23].

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

The Superb Parties further argue that the Deo Defendants' counsel commenced the current Action in state court in order to circumvent the fact that this Court had already disqualified him in the prior action, and therefore also moved for the Deo Parties' counsel to be disqualified as counsel in the current Action.

Accordingly, until the Superb Parties' motion is determined by the Court, it will not be clear whether: 1) the current Complaint will ultimately be the operative pleading; or 2) the Deo Parties' counsel will continue to represent them.  Both issues are particularly relevant to Citrin, as the current pleading fails to set forth any basis for naming it as a defendant.

Broadly speaking, the 183-page Complaint appears to relate to a dispute between the Deo Parties and the Superb Parties over the ownership of plaintiffs Northshore Motor Leasing LLC ("Northshore") and 189 Sunrise Auto LLC ("Sunrise").  According to the Complaint, Citrin "performed various [unspecified] tasks as accountants" at "various [also unspecified] times in the last six years" for Northshore and 189 Sunrise (Citrin contests the allegation that it was ever engaged by or performed services for either of these parties).  However, the Complaint fails to attribute a single act to Citrin or to set forth any theory under which such entities' outside accountants would have had an obligation to intervene in an ownership dispute, much less have incurred liability for failure to do so.

Accordingly, given the obvious failings of the Complaint with respect to Citrin, there is a substantial likelihood that any replacement counsel to the Deo Parties will recognize that the claims against Citrin should be withdrawn, thereby avoiding the imposition of motion practice upon the Court's time.

Citrin therefore respectfully requests that its deadline to respond to the Complaint be adjourned until such time as the Court has determined the pending motion to consolidate and disqualify.

As noted *supra*, Citrin previously negotiated an adjournment of its deadline to respond to the Complaint before the Action was removed and before the pending motion to consolidate/disqualify was filed.  The Deo Parties' counsel does not consent to the current adjournment.

Respectfully submitted,

*/s/ Daniel C. Green*

Daniel C. Green


cc:     All Appearing Counsel (by ECF)