ZEICHNER ELLMAN & KRAUSE LLP
730 THIRD AVENUE
NEW YORK, NEW YORK 10017
TEL: (212) 223-0400

MICHAEL E. SIMS
(212) 826-5328
msims@zeklaw.com

WWW.ZEKLAW.COM

October 24, 2024

**BY ECF**

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

**Deo et al v. Baron et al**
**Case No. 2:24-cv-06903 (JMW)**

Dear Judge Wicks:

We represent defendant, Nissan Motor Acceptance Company LLC, d/b/a NMAC ("NMAC") in this action. We write, pursuant to Rule 3(D) of the Court's Individual Practice Rules, to request a pre-motion conference for leave to file a motion to dismiss plaintiffs' Verified Complaint (the "Complaint") pursuant to FRCP 12(b)(6).

This action concerns a feud regarding ownership of certain automobile dealerships (already the subject of another action before the Court). Despite the Complaint's 183 pages and seemingly endless bizarre allegations, it is not remotely clear why plaintiffs sued NMAC. Plaintiffs purport to assert several claims against a host of lumped together defendants, including NMAC[1]: (i) intentional interference with business relations (Counts II and IV); (ii) breach of (an unidentified) contract (Count VIII); (iii) constitutional and civil rights claims

[1] Plaintiffs improperly lump NMAC into four definitions throughout the Complaint: "Defendants," "Lenders," "Professionals," and "Automobile Lenders." Complaint ¶¶ 27, 39, 42, 234.

(Count IX); (iv) fraud, civil conspiracy to defraud, and fraudulent concealment (Count X); and (v) unjust enrichment (Count XI). None of the allegations in the Complaint support a plausible claim against NMAC.

To state a claim for tortious interference with business relations, "a plaintiff must adequately allege that: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted with a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. Appx. 102, 105 (2d Cir. 2012).

Here, plaintiffs allege no facts regarding how NMAC allegedly "interfered" with their "business relations." Likewise, plaintiffs allege no facts showing NMAC's alleged conduct amounted to "a crime or an independent tort." *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004) (holding "wrongful means" element requires criminal or tortious conduct). Finally, plaintiffs' vague and conclusory allegations fail to show, as a matter of law, how NMAC's conduct allegedly injured plaintiffs' business relationship with a third party. *Miller v. Levi & Korsinsky, LLP*, 2021 U.S. Dist. LEXIS 27448, at *24 (S.D.N.Y. 2021) (dismissing tortious interference claim based on legal conclusions).

On the contract claim, plaintiffs vaguely refer to alleged "implied contracts" with the "Lenders" but make no allegations explaining how there could be an implied contract with NMAC. Under New York law, "the elements required to allege a breach of implied contract are identical to those necessary to allege a breach of contract." *Wallace v. Health Quest Sys.*, 2021

U.S. Dist. LEXIS 54557, at *27 (S.D.N.Y. 2021). The Complaint alleges no facts demonstrating a contract between plaintiffs and NMAC (express or implied), much less that NMAC breached any (non-existent) contract. *Lim v Radish Media Inc.*, 2023 U.S. App. LEXIS 5706, at *3 (2d Cir. 2023) (finding plaintiff failed to sufficiently plead the existence of a contract).

Plaintiffs' purported federal constitutional claims must be dismissed because they are unsupported by any factual allegations and because there is no allegation that NMAC is a state actor or acted under color of state law. *Phillips v Sage Colls.*, 83 Fed. Appx. 340, 341 (2d Cir. 2003) ("[T]he United States Constitution regulates only government action, not that of private parties.") And plaintiff cannot state a New York constitutional claim because there is no private right of action under the New York state constitution for claims that can be brought pursuant to 42 U.S.C. § 1983. *Hunter v Child. Protective Servs. of Niagara County CPS*, 2024 U.S. Dist. LEXIS 179252, at *48, n. 24 (W.D.N.Y. 2024).

The conclusory allegation that NMAC's alleged "interference" with the "Route 112 Mitsubishi" business "[was] blatantly racist in all regards, and was meant only hurt [sic] [Deo] directly and his wife…indirectly" is unsupported by any facts showing NMAC discriminated against plaintiffs, or that NMAC's unspecified actions were intentionally discriminatory or motivated by discriminatory animus. Complaint ¶ 502. *Bar-Levy v Mitchell*, 2022 U.S. Dist. LEXIS 194320, at *19-20 (S.D.N.Y. 2022). This accusation against NMAC is frivolous and sanctionable.

Regarding the fraud claims, FRCP 9(b) "requires the plaintiff to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013). Additionally, FRCP 9(b) prohibits plaintiff from lumping the various defendants together, as they do here with labels such as the "Lenders" or the "Professionals. *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 2014 U.S. Dist. LEXIS 108145, at *47 (S.D.N.Y. 2014) ("[T]he complaint should inform each defendant of the nature of his alleged participation in the fraud.") Here, plaintiffs do not allege *any* specific facts about how they were allegedly defrauded by NMAC, requiring the dismissal of the fraud and "fraudulent concealment" claims against NMAC.

The claim for "civil conspiracy" should also be dismissed. In addition to failing to adequately allege an underlying fraud, plaintiffs fail to allege: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a common purpose or plan; and (4) resulting damage or injury." *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 226150, at *50 (S.D.N.Y. 2020).

Finally, the claim for unjust enrichment fails against NMAC because the Complaint contains no allegation that NMAC was enriched at plaintiffs' expense. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (to plead unjust enrichment a plaintiff must allege "that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.")

ZEICHNER ELLMAN & KRAUSE LLP

Judge James M. Wicks
October 24, 2024
Page 5

For the foregoing reasons, NMAC requests leave to file a motion to dismiss the Complaint. Pursuant to the Court's Individual Practice Rules, a proposed briefing schedule is attached.

                                      Respectfully submitted,

                                      /s/ *Michael E. Sims*

                                      Michael E. Sims

cc:    All Counsel (by ECF)

**Deo et al v. Baron et al**
**Case No. 2:24-cv-06903 (JMW)**

## BRIEFING SCHEDULE FOR DEFENDANT NISSAN MOTOR ACCEPTANCE COMPANY LLC, d/b/a NMAC's ("NMAC") MOTION TO DISMISS

Plaintiffs and NMAC have agreed to the following briefing schedule for NMAC's motion to dismiss:

- NMAC will file its motion to dismiss within four (4) weeks of the Court granting leave to make the motion;
- Plaintiffs will file their opposition to the motion to dismiss within five (5) weeks of the motion filing;
- NMAC will file its reply within three (3) weeks of Plaintiffs' opposition filing.