

**Perry A. Napolitano**
Direct Phone:  +1 412 288 7230
Email:  pnapolitano@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

October 30, 2024

**BY ECF**

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:   *Deo, et al v. Baron, et al.*, **Case No. 2:24-cv-06903 (JMW) (the "Action")**

Dear Judge Wicks:

This law firm represents Ally Financial Inc. ("Ally") in this Action.  This letter is respectfully submitted in response to the Superb Defendants letter motion [ECF No. 22] seeking to consolidate this Action (the "Consolidation Motion") with the pending action before this Court, *Superb Motors Inc. et al v. Deo, et al*, 2:23-CV-6188 (the "RICO Action").

Ally respectfully requests that the Court defer addressing the Consolidation Motion until after the Court renders a decision on Ally's and the other "Lenders'" (as defined in the Complaint) anticipated motions to dismiss.

As set forth in Ally's request for a pre-motion conference seeking leave to file a 12(b)(6) motion to dismiss, which is being filed concurrently with this letter, the Complaint in this Action fails to set forth any facts or legal theory that could support a claim against Ally.  This is because Ally is a stranger to the ownership dispute at the core of both this Action and the RICO Action.

Other defendants in this Action—but not the RICO Action—including other Lender defendants, JP Morgan Chase N.A. and Nissan Motor Acceptance Company LLC, also have filed letter motions for a pre-motion conference seeking leave to file a motion to dismiss the Complaint [ECF Nos. 30 and 32].  Because the identity of the parties that remain in the Action following rulings on these motions to dismiss will materially impact the consolidation analysis, deferring a decision on the Consolidation Motion will promote judicial economy.  Indeed, if the Lenders' motions to dismiss succeed, both actions will involve the same core parties involved in the ownership dispute.  Therefore, it is respectfully submitted that this Court should hold the Consolidation Motion in

abeyance pending this Court holding any pre-motion conference(s) and, if permitted to be filed, the resolution of Ally's motion to dismiss.

If the Court instead considers the Consolidation Motion prior to deciding Ally's motion to dismiss, and to the extent that this Court grants consolidation, Ally respectfully requests that any extant orders, and/or existing Court deadlines, including, but not limited to, discovery orders, in the RICO Action be stayed, *sine die*, as against Ally pending the resolution of Ally's motion to dismiss. Courts in the Second Circuit routinely grant stays of discovery where the viability of a plaintiff's claim is in doubt pending the resolution of a motion to dismiss. *See e.g., Spinelli v. NFL*, 2015 U.S. Dist. LEXIS 155816, *6 (S.D.N.Y. Nov. 17, 2015) ("In sum, the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs. A continued stay of discovery is therefore warranted"); *Felberbaum v. LVNV Funding LLC*, 2022 U.S. Dist. LEXIS 38376 (S.D.N.Y. Feb. 17, 2022); *Port Dock & Stone Corp v. Oldcastle Northeast, Inc.*, 2006 U.S. Dist. LEXIS 94944 (E.D.N.Y. March 31, 2006).

Respectfully Submitted,

By: */s/ Perry A. Napolitano*
    Perry A. Napolitano

cc: All Appearing Counsel (by ECF)