

Eckert Seamans Cherin & Mellott, LLC
Princeton Pike Corporate Center
2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648

TEL  609 392 2100
FAX  609 392 7956
www.eckertseamans.com

Mailing Address:
P.O. Box 5404
Princeton, NJ 08543

File No.: 308729-39

Nicholas M. Gaunce, Esq.
609-989-5058
ngaunce@eckertseamans.com

October 30, 2024

<u>*Via ECF*</u>
Hon. James M. Wick, U.S.M.J.
U.S.D.C. for the Eastern Dist. of N.Y.
100 Federal Plaza, Courtroom 1020
Central Islip, NY  11722

> RE: **Anthony Deo et. al. v. Ronald Baron et. al.**
> **Case No. 2:24-cv-06903**
> **Pre-Motion Conference Letter Request**

Dear Judge Wick:

We represent defendant, NextGear Capital, Inc. ("NextGear"), in the above matter. NextGear submits this request for a pre-motion conference in relation to a motion to dismiss that it intends to file. The basis for NextGear's request is contained below.

**(i)  Outline of Motion.**

NextGear will file a motion to dismiss the claims asserted by plaintiffs, Anthony Deo ("Guarantor") and 189 Sunrise Auto, LLC ("Borrower"), due to an agreement to arbitrate those claims, along with seeking to dismiss the claims of all plaintiffs, including Sara Deo, for failure to state a claim.

In terms of NextGear's jurisdictional argument, Guarantor, as a member of 189 Sunrise, executed a demand promissory note in favor of NextGear relating to a $1.5 million dollar line of credit (the "Note")(copy attached).



October 30, 2024
Hon. James M. Wick, U.S.M.J.
Page 2

Paragraph 22(a) of the Note provided:

In the unlikely event that Lender is unable to resolve a dispute or claim that Borrower may have, Borrower agrees to arbitrate any such dispute or claim […] This agreement to arbitrate is intended to be broadly interpreted, and includes (i) all disputes, claims and counterclaims arising out of or relating to this Note or any other Loan Document or any aspect of Borrower's past, present or future relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory[…]BORROWER UNDERSTANDS AND AGREES THAT IT IS WAIVING ITS RIGHT TO MAINTAIN OTHER AVAILABLE RESOLUTION PROCESSES, SUCH AS COURT ACTION (INCLUDING A JURY TRIAL) […].

Paragraph 22(a) of the Note also contained the following "Opt-Out" provision:

Borrower, at its election, may opt-out of the arbitration provisions…by providing written notice of its election to opt-out no later than thirty (30) days after the Effective Date[.]

Borrower did not avail itself of this provision.

On November 8, 2022, Guarantor executed an individual guaranty ("Guaranty") containing similar language in paragraph 5(i) of that document, which states that he agreed "to arbitrate…all disputes." As with the Note, the Guaranty provides an "Opt-Out" provision. Guarantor did not avail himself of this provision.

NextGear views the above paragraphs as "broad" arbitration clauses such that any claims of Anthony Deo and 189 Sunrise are presumptively subject to arbitration. *See Local Union 97, IBEW, AFL-CIO v. NRG Energy, Inc.*, 53 F.4th 42, 48 (2nd Cir. 2022). Thus, on a procedural basis, Anthony Deo and 189 Sunrise's claims should be dismissed in favor of arbitration.

Substantively, Plaintiffs have pled four claims against NextGear, which are: (1) breach of contract, (*Compl.* at ¶¶ 462 – 477); (2) civil rights violations, (*Id.* at ¶¶ 478 – 513); (3) civil

Case 2:24-cv-06903-JMW   Document 37   Filed 10/30/24   Page 3 of 5 PageID #: 753



October 30, 2024
Hon. James M. Wick, U.S.M.J.
Page 3

conspiracy, (*Id.* at ¶¶ at 514 – 551); and (4) unjust enrichment. (*Id.* at ¶¶ at 552 – 571). None of these claims are maintainable.

As to Plaintiffs' contract claim, Sara Deo was not a party to the contract with NextGear. Therefore, she has no contract claim. *Arnell Constr. Corp. v. New York City School Constr. Auth.*, 144 *A.D.3d* 714, 715 (2nd Dept. 2016). Additionally, Plaintiffs argue that NextGear breached its loan agreement by not extending funds to Plaintiffs. (*Compl.* at 472). However, pursuant to the terms of the Note, NextGear was a discretionary lender. Under paragraph 5(a) of the Note, "[t]he decision to make an Advance to or on behalf of Borrower is the exclusive right of Lender…and Borrower understands that Lender may refuse to make an Advance[.]" Through the present case, Plaintiff cannot ask this Court to impose an obligation upon NextGear that does not exist in the parties' contract. *See A.N.R. Inv. Co. Ltd. v. HSBC Private Bank*, 135 *A.D.3d* 632, 634 (1st Dept. 2016).

Concerning Plaintiffs' civil rights violation claims, they fail for at least two reasons. First, as to any constitutional claim, Plaintiffs have not outlined any facts which support the conclusion that NextGear's activities involved state action. "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Burke v. Dollar Tree Stores, Inc.*, 2023 *U.S. App. LEXIS* 31877 at *1, *4 (3rd Cir. Dec. 4, 2023). Here, Plaintiffs have pled no facts suggesting that the above elements are met. Meanwhile, Plaintiffs' allegations related to discrimination are patently flawed. To support a lending discrimination claim, Plaintiffs must outline facts showing that "the lender declined the



October 30, 2024
Hon. James M. Wick, U.S.M.J.
Page 4

loan." *Frederick v. Wells Fargo Home Mortg.*, 2015 *U.S. Dist. LEIXS 41328* at \*1, \*14 (E.D.N.Y. Mar. 30, 2015).  In this case, NextGear extended a line of credit in the amount of $1.5 million.  Plaintiffs do not have a discrimination claim against NextGear.

As to their civil conspiracy claim, Plaintiffs have not alleged, with any degree of specificity, NextGear's involvement in the alleged fraud in this action.  To state a claim for civil fraud conspiracy, a plaintiff is required to plead the "underlying acts of fraud" with particularity.  *Inspired Capital, LLC v. Conde Nast*, 803 *Fed. Appx.* 436, 441 (2nd Cir. 2020).  Here, Plaintiffs have offered generic, group allegations to support this claim.  (*Compl.* at ¶ 532).

Finally, Plaintiffs' unjust enrichment claim fails because the Note and Anthony Deo's individual guaranty cover the subject matter of Plaintiffs' unjust enrichment claim.  *Azam Ahmed v. Cigna Health Mgmt., Inc.*, 2024 *U.S. Dist. LEXIS* 119471 at \*1, \*16 (E.D.N.Y. July 8, 2024).

**(ii)** **Relief Sought.**

NextGear seeks the dismissal of Plaintiffs' claims on the following grounds:

**Anthony Deo & 189 Sunrise** – Rule 12(b)(1) due to an arbitration agreement and Rule 12(b)(6) for failure to state a claim; and

**Sara Deo** – Rule 12(b)(6) for failure to state a claim.

Thank you.

                                              Respectfully submitted,

                                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                            By:    */s/ Nicholas M. Gaunce*
                                     Nicholas M. Gaunce, Esq.

cc:     All counsel of record (**via ECF**)



October 30, 2024
Hon. James M. Wick, U.S.M.J.
Page 5

## **PROPOSED BRIEFING SCHEDULE**

NextGear proposes the following briefing scheduled as to its proposed motion to dismiss:

**Memorandum in Support**:  4 weeks from grant of permission;

**Opposition**:  3 weeks from the due date for the Memorandum in Support; and

**Reply Memorandum**:  2 weeks form the due date for the Memorandum in Opposition.