# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 1, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>    **Re:    Deo, *et al.* v. Baron, *et al.*
>    <u>Case No.: 2:24-cv-6903 (JMW)</u>**

Dear Judge Wicks:

This office represents Defendant Superb Motors Inc. ("Superb") in the above-referenced case.

Superb writes pursuant to this Court's Order requiring the parties to "meet and confer to discuss whether all parties consent to the undersigned in this case for all purposes, and file a joint letter on or before November 1, 2024, advising whether the parties consent or not." <u>See</u> Text Only Order dated October 25, 2024.

Since the Plaintiffs brought this case, it was incumbent upon them to take up the mantle in complying with this Court's Orders. Regrettably, and reminiscent of their conduct in the related case before this Court, the Plaintiffs' conduct has fallen far short of what is required by this Court's Order in two material respects.

*First*, Plaintiffs failed to meet-and-confer with Defendants as directed by the Order. Instead, Plaintiffs have chosen – by and through Harry R. Thomasson, Esq. ("Thomasson") – to send individualized emails to the Defendants in this case concerning whether they consent. <u>See</u> ECF Docket Entry 36 ("I reached out to each attorney in this case *via email* …") (emphasis added). This does not constitute meeting-and-conferring as required. <u>See</u> <u>AIU Ins. Co. v. TIG Ins. Co.</u>, No. 07-CIV.-7052 (SHS) (HBP), 2008 WL 4067437, at *3 (S.D.N.Y. Aug. 28, 2008), <u>modified on reconsideration</u>, 2009 WL 1953039 (S.D.N.Y. July 8, 2009) ("the meet-and-confer obligation requires that the parties[] 'meet, in person or by telephone' …") (<u>citing</u> <u>Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.</u>, No. 96 CIV.-7590 (DAB) (JCF), 1998 WL 67672 at *3 (S.D.N.Y. Feb. 18, 1998)).

*Second*, rather than submit a joint letter as unmistakably required by this Court's Order, the Plaintiffs have seen fit to send a standalone letter with the confusing representation that "there is not unanimous consent to have the Magistrate in this case handle the entirety of this case" and that "since there is no unanimity on the subject already, we will need and I hereby ask for the appointment of a Senior Judge at the Court's earliest convenience." <u>See</u> ECF Docket Entry 36 at 2. Setting aside the fact Plaintiffs have once more failed to comply with this Court's Order by submitting a standalone letter, these representations are false.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
November 1, 2024
P a g e | 2

This is because all of the Defendants that have appeared[1] consent to this Court's jurisdiction pursuant to Rule 73 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

Further, because this case should be consolidated with the related case, as will further be set forth in Superb's Rule 72 motion to set aside the Order denying consolidation – the Plaintiffs in this case have consented to this Court's jurisdiction as well. Indeed, the Plaintiffs in this case – Anthony Deo, Sara Deo, Northshore Motor Leasing LLC, and 189 Sunrise Auto LLC – are identical to the Defendants in the related case who have previously consented to this Court's jurisdiction. See No. 2:23-cv-6188 (JMW), ECF Docket Entry 70 at 6 (indicating that Deo Defendants include Anthony Deo and Sara Deo, while IAG Plaintiffs include Northshore Motor Leasing LLC and 189 Sunrise Hwy Auto LLC).[2]

Courts have applied prior Orders to consolidated cases. See Anwar v. Fairfield Greenwich Ltd., 891 F. Supp. 2d 548, 550 (S.D.N.Y. 2012) ("The Scheduling Orders direct the parties to apply the Court's prior rulings to all consolidated cases filed in or transferred to this Court between January 1, 2011 and January 1, 2012 (a group which includes the Eight Actions)"). Because this case should be consolidated, the Hon. Orelia E. Merchant, U.S.D.J.'s notice, consent, reference, and Order of the related case must be applied to this case. Indeed, to do otherwise would commit violence to Rule 73, which permits a party to withdraw his or her consent to proceed before a magistrate judge only upon a showing of extraordinary circumstances. See Fed. R. Civ. P. 73(b)(3); see also 28 U.S.C. § 636(c)(4).

---

[1] This includes Defendants Milman Labuda Law Group PLLC, Nissan Motor Acceptance Company LLC (which consents to Magistrate Judge Wicks for all purposes, but does not join in the other relief referenced herein), Ally Financial Inc. (Ally consents to Magistrate Judge Wicks for all purposes. Ally does not, however, consent to consolidation or any other relief sought herein), JP Morgan Chase Bank, N.A., Citrin Cooperman & Company LLP, NextGear Capital, Inc., Joshua Aaronson, Iris Baron, Jory Baron, Ronald Baron, Baron Nissan, Inc., Brian Chabrier, Cyruli Shanks & Zizmor LLP, Estate of David Baron, Island Auto Group of New York LLC, Asad Khan, Wendy Kwun, Daniel O'Sullivan, Raymond Phelan, Marcello Sciarrino, Superb Motors Inc., and Richard, Witt & Charles, LLP (which does not join in any relief other than no objection to magistrate jurisdiction, and does not consent to consolidation and/or other relief). Defendants Robert Anthony Urrutia, Bruce Novicky, Michael Morgan, Parmeshwar Bissoon, John Doe Attorneys 1-20, John Doe Accountants 1-20, John Does 1-20, Jane Does 1-20, John Doe Corporations 1-20, and the New York State Department of Motor Vehicles have not yet appeared in this case, nor is there any indication that they have been served as required by Rule 4.

[2] Notably, the Plaintiff in this case is named "189 Sunrise Auto LLC" while the Plaintiff in the related case is "189 Sunrise *Hwy* Auto LLC." However, a public records search reveals that there is no second entity named 189 Sunrise Auto LLC and, as such, this is one and the same party which has previously consented to this Court's jurisdiction, like the remaining parties in this case have.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
November 1, 2024
P a g e | 3

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." See Savoca v. United States, 199 F. Supp. 3d 719, 720 (S.D.N.Y. 2016) (citation omitted). In the instant case, Plaintiffs cannot deny that the consent to proceed before the undersigned was given by them.  Where valid consent is given, "[a] party may withdraw his or her consent to proceed before a magistrate judge only upon a showing of 'extraordinary circumstances.'" See Watson v. Arts & Entertainment Television Network, No. 04-CIV.-1932 (HBP), 2006 WL 2053189, at * 4 (S.D.N.Y. July 21, 2006) (citations omitted); see also 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); Fed. R. Civ. P. 73(b)(3) ("On its own for good cause – or when a party shows extraordinary circumstances – the district judge may vacate a referral to a magistrate judge....."). Demonstrating the requisite "extraordinary circumstances" is difficult. See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 2011 WL 70593, at * 3 (S.D.N.Y. Jan. 10, 2011). "This high standard prevents gamesmanship." See Savoca, 199 F. Supp. 3d at 721.

Critically, to the extent the Plaintiffs in this case seek to withdraw their validly given consent (which is not clear from their improperly issued standalone letter), any such request appears driven by the Plaintiffs' disagreement with this Court's ruling disqualifying their counsel in the related case.  See ECF Docket Entry 36 at 8-9 ("Plaintiffs adamantly oppose efforts to remove undersigned from representing Plaintiffs under any circumstance in this case").  However, a party's displeasure with an adverse ruling does not establish the extraordinary circumstances necessary to support vacating a previously granted motion to consent to proceed before the magistrate judge. See Washington v. Kellwood Co., 2015 WL 8073746, at * 1 (S.D.N.Y. Dec. 4, 2015) ("When a party comes to rue an adverse ruling, she cannot simply return to the district judge. The magistrate judge's authority is binding") (citing McCarthy v. Bronson, 906 F.2d 835, 838 (2d Cir. 1990)). Permitting parties to withdraw consent to proceed before a magistrate judge would have the undesirable effect of encouraging judge shopping. Id. at * 2. Further, a represented party is bound by the actions of its freely chosen legal counsel. See Hoodho v. Holder, 558 F.3d 184, 194 (2d Cir. 2009) (a party who voluntarily chose his legal representative in an action cannot avoid the consequences of the act or omissions of the freely selected agent).

Based on the foregoing, because this this case should be consolidated, and because all parties have indicated their consent to this Court's jurisdiction, this Court should take over the case for all purposes.

We thank this Court for its time and attention to this matter.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
November 1, 2024
P a g e | 4

Dated: Jamaica, New York
       November 1, 2024            Respectfully submitted,

                                       **SAGE LEGAL LLC**

                                       By: */s/ Emanuel Kataev, Esq.*
                                       Emanuel Kataev, Esq.
                                       18211 Jamaica Avenue
                                       Jamaica, NY 11423-2327
                                       (718) 412-2421 (office)
                                       (917) 807-7819 (cellular)
                                       (718) 489-4155 (facsimile)
                                       emanuel@sagelegal.nyc

                                       *Attorneys for Defendant*
                                       *Superb Motors Inc.*

**VIA ECF**
All counsel of record