# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

November 1, 2024

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Anthony Deo, et al., v. Ronald Baron, et al.*
             Case No. 2:24-cv-06903 (JW)

Your Honor:

Please be reminded that this office represents Anthony Deo, Sara Deo, 189 Sunrise Hwy Auto LLC (hereinafter "189 Sunrise") and NorthShore Motor Leasing LLC (hereinafter "NorthShore"), plaintiffs in the above referenced action (the "Deo Plaintiffs").

I am writing to move via this letter to sanction Mr. Kataev over the issues raised in document 40 in the docket via his Letter Motion to the Court late today.  Kataev's "Letter Motion to Vacate Consent to Jurisdiction by US Magistrate Judge - Declined, Case Assigned/Reassigned, Case Referred to Magistrate Judge, based upon Plaintiffs' misrepresentations to the Court concerning Rule 73 consent by Superb Motors Inc…" (*sic*) as set forth *at* document 40 in the docket of this case totally disregards court rules regarding Magistrate Consent, and seeks an improper second bite of the apple regarding Consolidation.  Please be advised, as follows:

1. My letter to this Court dated November 1, 2024, regarding the absence of consent to Magistrate Jurisdiction is correct in all respects, notwithstanding whatever nonsensical argument is being made by Mr. Kataev in his Letter Motion, the title and content of which is not the least bit understandable.  E.g., he does not actually identify what I purportedly misrepresented in my letter to the Court regarding Superb Motors Inc., a name I did not even use in my correspondence to the Court.

2. What is understandable is that this attorney overstepped his bounds significantly by purportedly revealing parties' positions to this Court regarding Magistrate Jurisdiction.  That is highly improper, beyond the pale in all respects, and must not be tolerated by this Court.  There is not unanimous consent to Magistrate Jurisdiction in

1

this case, and despite Mr. Kataev's improper representations and tortured arguments to the Court otherwise, there still is not unanimous consent to Magistrate Jurisdiction in this case.  It is simply dirty pool that Kataev points to all of my clients as having withheld consent, and we hereby demand and move that this Court sanction Kataev and his client as this Court deems fit.  We are spending hours of attorney time and money that these dishonest criminal Defendants made sure my clients cannot afford dealing with these issues, and as I have said and will keep on saying:  It is time everyone starts to realize the breadth and severity of the Defendants' dishonesty, fraud, and thefts and the effects of these actions on my clients.  Please do something about this transgression, your Honor.

3. Likewise, attorney Kataev makes arguments yet again to this Court about consolidation, an issue already decided by the Court, and the Defendants raising the issue again sounds like an act of desperation.  We filed a case in Nassau Supreme Court for a variety of reasons.  These Defendants have done all that they can do to bring the issue before you to consolidate and disqualify undersigned, since they will not be able to do so in a stand-alone Complaint of which I have no first hand knowledge.  The Defendants' misplays do not give them or their attorneys with dirty hands the right to continue to argue for consolidation.  The issue is decided, and no amount of foot stomping should be permitted by this Court on the issue of gaining a second bite of the apple on consolidation, either.

Accordingly, for the third time, I inform this Court that there is no consent to Magistrate Jurisdiction in this case; consolidation is decided and improperly raised again by the Defendants (apparently they all consented to the letter from Kataev for him to purportedly represent their positions to this Court) and therefore, we hereby bring this Letter Motion for Sanctions under the circumstances, and stand by whatever Sanctions this Court deems necessary and just against each of the Defendants and attorney Kataev himself whose views Kataev represents to the Court in his most recent Letter Motion to the Court.

I remain,

Very truly yours,

/S/

Harry R. Thomasson