**VedderPrice**

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami

vedderprice.com

November 5, 2024

Daniel C. Green
Shareholder
+1 (212) 407 7735
dgreen@vedderprice.com

**VIA ECF**

Hon. Nusrat Jahan Choudhury, U.S.D.J.
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York  11722

Re:   *Deo v. Baron*, Case No. 2:24-cv-06903: Pre-Motion Conference Request

Your Honor:

This firm represents Citrin Cooperman & Company LLP ("Citrin"), a defendant in the above action.  We write, pursuant to the Court's Individual Rule 5.1.2, in order to request a pre-motion conference to set a briefing schedule for Citrin's anticipated motion to dismiss all claims asserted against it in the Verified Complaint (the "Complaint" [ECF No. 1-2]), pursuant to Fed. R. Civ. P. 12(b)(6).  The Complaint fails to satisfy even the most basic pleading standards as to Citrin, and each of the individual claims asserted against Citrin suffers from additional specific defects.

Broadly speaking, the 183-page Complaint appears to relate to a dispute between the individual plaintiffs (the "Deos") and a group consisting of defendant Superb Motors Inc. and certain nonparties over the ownership of corporate plaintiffs Northshore Motor Leasing LLC ("Northshore") and 189 Sunrise Hwy. Auto LLC ("Sunrise").[1]  The Complaint names twenty-six other Defendants in addition to Citrin, many of whom appear to be outside professionals or lending institutions who—like Citrin—have no apparent connection to the events at issue.

According to the Complaint, Citrin "performed various [unspecified] tasks as accountants" at "various [also unspecified] times in the last six years" for Northshore and 189 Sunrise (Citrin does not concede that it was ever actually engaged by or performed services for either of these entities).  The Complaint asserts a claim for professional malpractice (Count VI) against Citrin and five additional clearly inapposite claims: two claims for intentional interference with business relations (Counts II and IV); one claim for constitutional and civil rights violations (Count IX); one claim for fraud, civil conspiracy to defraud, and fraudulent concealment (Count X); and one claim for unjust enrichment (Count XI).  However, the Complaint fails to attribute a single act to Citrin or to set forth any theory under which outside accountants would have had an obligation to intervene in an ownership dispute, much less have incurred liability for failure to do so.

    **I.**    **The Complaint Fails to Satisfy Fed. R. Civ. P. 8**

The Complaint violates Fed. R. Civ. P. 8 by resorting to impermissible group pleading and failing to provide Citrin *any* notice as to what it purportedly did wrong.  Indeed, to the extent that the Complaint

---

[1] The Deos, Northshore and Sunrise are referred to collectively as the "Plaintiffs".

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

offers any allegations at all regarding Citrin, it simply lumps Citrin into a group referred to as "the Accountants," which also includes defendant Richards Witt & Charles LLP. On this basis alone, the Complaint must be dismissed. *See, e.g.*, *Romualdo v. Guru Krupa 104 Corp.*, 2023 U.S. Dist. LEXIS 156868, at *21-22 (E.D.N.Y. Sept. 1, 2023); *The Echeck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, 2017 U.S. Dist. LEXIS 93143, at *6-7 (S.D.N.Y. June 6, 2017). Furthermore, because the Complaint consists of conclusory assertions unsupported by any allegations of fact against Citrin, the Complaint fails even the liberal pleading standard of Fed. R. Civ. P. 12(b)(6), as detailed *infra*. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996).

## II.     The Complaint Fails to State Any Claim Against Citrin

### A.     Professional Malpractice (Count VI)

Accounting malpractice or professional negligence "contemplates [1] a failure to exercise due care and [2] proof of a material deviation from the recognized and accepted professional standards for accountants… which [3] proximately causes damage to the plaintiff". *Bd. of Trs. of IBEW Local 43 Elec. Contractors Health and Welfare, Annuity and Pension Funds v. D'Arcangelo & Co., LLP*, 124 A.D.3d 1358, 1359 (4th Dep't 2015); *Cumis Ins. Soc'y. v Tooke*, 293 A.D.2d 794, 797-798 (3d Dep't 2002). Here, Plaintiffs have failed to specify even the nature of Citrin's alleged engagement, much less a professional standard that Citrin supposedly departed from or how such departure caused them damage. Indeed, the Deos do not even claim to have ever been Citrin clients, further precluding the claim to the extent that it is asserted by them. Accordingly, Plaintiffs have failed to plead *any* of the elements of a claim for professional malpractice.

### B.     Intentional Interference with Business Relations (Counts II and IV)

To state a claim for tortious interference, "a plaintiff must adequately allege that: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted with a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. Appx. 102, 105 (2d Cir. 2012). Here, Plaintiffs' failure to identify a third-party with which they had a business relationship is fatal to their claim (general allegations of interference with "customers" are insufficient as a matter of law). *See, e.g.*, *Oneida Grp., Inc. v. Steelite Int'l U.S.A, Inc.*, 2017 U.S. Dist. LEXIS 206717 at *26 (E.D.N.Y. December 15, 2017); *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, 2016 U.S. Dist. LEXIS 87345, at *19-20 (S.D.N.Y. July 5, 2016). Furthermore, Plaintiffs fail to identify how Citrin "interfered" with their "business relations". Plaintiffs certainly allege no facts establishing that Citrin's (unspecified) conduct amounted to "a crime or an independent tort," as would be required. *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004) ("wrongful means" element requires criminal or tortious conduct). Accordingly, Plaintiffs' claim for "tortious interference" must be dismissed.

### C.     Constitutional Violations and Civil Rights Violations (Count IX)

Where a civil rights complaint fails to make specific factual allegations indicating a deprivation of rights, the complaint cannot survive a motion to dismiss. *See Fonte v. Bd. of Managers of Continental Towers Condo.*, 848 F.2d 24, 25-26 (2d Cir. 1988). Here, there are simply no allegations of fact suggesting that Citrin discriminated against Plaintiffs, or that Citrin's (again unspecified) actions were intentionally discriminatory or motivated by discriminatory animus, thus mandating dismissal. *Bar-Levy v Mitchell*,

2022 U.S. Dist. LEXIS 194320, at *19-20 (S.D.N.Y. 2022).  Plaintiffs' "constitutional" claims against Citrin fail for the additional reason that Citrin is a private party and there are no allegations of state action or that Citrin was acting under color of state law.  *Phillips v Sage Colls.*, 83 Fed. Appx. 340, 341 (2d Cir. 2003); *see also Yoonessi v. N.Y. State Bd. For Prof'l Med. Conduct*, 2005 U.S. Dist. LEXIS 40035, at *73 (W.D.N.Y. 2005).

### D.    Conspiracy to Defraud, Fraud, and Fraudulent Concealment (Count X)

Fed. R. Civ. P. 9(b) requires a plaintiff attempting to plead fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013).  Where multiple defendants are alleged to have committed fraud, broad-brush allegations and blanket references to actions or omissions by all defendants are insufficient to satisfy the heightened pleading requirements.  *Gurfein v. Ameritrade, Inc.*, 411 F. Supp.2d 416, 426-427 (S.D.N.Y. 2016); *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 2014 U.S. Dist. LEXIS 108145, at *47 (S.D.N.Y. 2014).  Here, the Complaint fails to offer *any* specific facts as to how Citrin purportedly defrauded Plaintiffs.  Furthermore, with "no underlying fraud claim, the conspiracy to commit fraud claim must fail as well."  *See Podlin v. Ghermezian*, 2014 U.S. Dist. LEXIS 75503, at *24 (S.D.N.Y. May 28, 2014).  Finally, Plaintiffs have failed to allege the requisite elements of a conspiracy, including the parties' intentional participation in furtherance of a common purpose or plan.  *See JHW Greentree Cap., L.P. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 27156, at *33 (S.D.N.Y. November 10, 2005).

### E.    Unjust Enrichment (Count XI)

To plead unjust enrichment, a plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover."  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).  Here, Plaintiffs have failed to allege any facts to support an inference that Citrin was enriched at their expense, much less that equity would compel Citrin to return whatever amounts Plaintiffs now seek to recover (as noted *supra*, the Deos don't even claim to have ever been Citrin clients).  *See, e.g.*, *Finkel v. E.A. Techs., Inc.*, 2014 U.S. Dist. LEXIS 123616, at *19 (E.D.N.Y. 2014).

Accordingly, Citrin respectfully requests that the Court schedule a pre-motion conference to set a briefing schedule for Citrin's anticipated motion.

Respectfully submitted,

*s/Daniel C. Green*

Daniel C. Green


cc:    All Appearing Counsel (by ECF)