# MMP&S

## MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

**ATTORNEYS AT LAW**

100 MANHATTANVILLE ROAD       SUITE 4E20       PURCHASE, NY 10577
TELEPHONE: 914. 681.8700       FAX: 914.681.8709
HTTP://WWW.MILBERMAKRIS.COM

November 7, 2024

**Via CM/ECF Only**

Hon. Nusrat Jahan Choudhury, U.S.D.J.
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:    *Deo v. Baron, Case No. 2:24-cv-06903*

Dear Judge Choudhury:

We represent defendant Richards, Witt & Charles, LLP ("RWC"). RWC requests a pre-motion conference for a Fed. R. Civ. P. 12(b)(6) motion to dismiss all claims against RWC in the Verified Complaint (the "Complaint" [ECF Nos. 1-2]).

### (1) The Complaint Violates Fed. R. Civ. P. 8(a)(2)

In sum, the Complaint violates Fed. R. Civ. P. 8(a)(2), utilizing improper group pleading and failing to give RWC fair notice as to Plaintiffs' assertions of what RWC purportedly did wrong. Assertions against RWC are impermissibly lumped together with those against defendant Citrin Cooperman & Company LLP [*See* ECF No. 1-2, at ¶ 40]; and defendants NextGear Capital Inc., Ally Financial Inc., Nissan Motor Acceptance Company, LLC, JP Morgan Chase Bank N.A., Cyrulli, Shanks & Zizmore LLP, and Milman Labuda Law Group PLLC [*See* ECF No. 1-2, at ¶ 42]. This manner of improper pleading has been found sufficient to warrant dismissal. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum [Rule 8] standard[.]").

### (2) Failure to State a Cause of Action for Intentional Interference with Business Relations

A plaintiff suing for tortious interference with business relations must prove that: "(1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured." *Guzik v. Albright*, 2018 WL 4386084, at *5 (S.D.N.Y. 2018). Plaintiffs' reference to alleged interference with "customers" does not carry the pleading burden. [*See* ECF No. 1-2, at ¶ 367]. In addition, "[t]o state a claim for interference with prospective business relations under New York law, a defendant must have engaged in 'conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship.'" *MMS*

Hon. Nusrat Jahan Choudhury, U.S.D.J.
November 7, 2024
Page **2** of **3**

*Trading Company Pty Ltd. v. Hutton Toys, LLC*, 2021 WL 1193947, at *14 (E.D.N.Y. 2021). The Complaint is silent in this regard. Interference with business relations necessitates alleged conduct that amounts to a crime, an independent tort, some "wrongful means", or acts "solely out of malice." *Id* at "14; *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004). Plaintiffs have not identified any such purported conduct on behalf of RWC.

### (3) Failure to State a Cause of Action for Accounting Malpractice

To proffer a claim for accounting malpractice, a plaintiff must aver facts demonstrating a departure from accepted standards of practice and that the departure was a proximate cause of injury. *See Gordon v. Vladislav Tskirkin CPA & Co., LLC*, 229 A.D.3d 450, 451 (2d Dep't 2024). Under New York law, a claim for accounting malpractice must establish that the accountant owed a specific duty, and that the accountant failed to discharge that duty. *See Friedman v. Anderson*, 23 A.D.3d 163, 165 (1st Dep't 2005). The engagement for which an accountant was hired is instructive in a determination of the duty owed. *See Italia Imports, Inc. v. Weisberg & Lesk*, 220 A.D.2d 226, 226-227 (1st Dep't 1995). Plaintiffs have failed to specify the scope of RWC's engagement and/or any accompanying duty. In fact, Plaintiffs allege that they never contracted with, nor communicated with, RWC. The Complaint alleges that RWC owed Plaintiffs a "fiduciary duty" that underpins the accounting malpractice claim. [*See* ECF No. 1-2, at ¶ 433]. It is well settled that the duty owed by an accountant to a client is generally not fiduciary in nature. *See Able Energy, Inc. v. Marcum & Kliegman LLP*, 69 A.D.3d 443, 444 (1st Dep't 2010).[1]

### (4) Failure to State a Cause of Action for Constitutional/Civil Rights Violations

To survive a motion to dismiss, a civil right complaint must make specific factual allegations indicating a deprivation of rights. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987). The Complaint contains no allegations to suggest that RWC discriminated against Plaintiffs. The Second Circuit has acknowledged that it is not enough to allege that a defendant has engaged in certain conduct "because of" race. *See Martin*, 588 F.2d at 372. To state a claim under 42 U.S.C. § 1983 for a violation of constitutional rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause, Plaintiffs must allege that they were injured by a state actor or a private party acting under color of state law. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). RWC is not a state actor or acting under color of state law.

### (5) Failure to State Causes of Action for Civil Conspiracy to Defraud, Fraud and Fraudulent Concealment

Second Circuit law holds that allegations of fraud are subject to Fed. R. Civ. P. 9(b)'s particularity requirement, and a pleading must adequately specify the statements it claims were

---

[1]      Plaintiffs cite to a letter prepared by RWC – wherein RWC merely confirmed contents of its records, identification of Northshore's owners as reflected in Northshore's 2018 tax return as prepared by RWC based upon information provided by Northshore, RWC's client. As applicable tax standards permit an accountant to rely on information provided by its client without further inquiry (*see* 31 C.F.R. § 10.34(d); Circular No. 230), Plaintiffs have failed to allege any departure from accepted standards of practice, necessitating dismissal of an accounting malpractice cause of action against RWC.

Hon. Nusrat Jahan Choudhury, U.S.D.J.
November 7, 2024
Page **3** of **3**

false or misleading, give particulars as to the respect in which the plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. *See Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). In addition, the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004). As against RWC, the Complaint does not satisfy *any* elements of the particularity requirement, and there can be no inference drawn whatsoever as to fraudulent intent. Plaintiffs' impermissible group pleading is particularly problematic in the context of fraud. "[T]he complaint may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which the individual stands charged." *Red Ball Interior Demolition Corp.*, 874 F.Supp. 576, 584 (S.D.N.Y. 1995); *see also Three Crown Ltd. Partnership v. Caxton Corp.*, 817 F.Supp. 1033, 1040 (S.D.N.Y.1993). Under New York law, to establish a claim of civil conspiracy, the plaintiff "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *World Wrestling Fed'n. Entertainment v. Bozell*, 142 F.Supp.2d 514, 532 (S.D.N.Y. 2001). With no underlying fraud claim pled, the conspiracy to commit fraud claim must fail as well. *See Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585, 585 (App. Div. 1st Dep't 2010). Furthermore, Plaintiffs have not pled facts to meet the requisite elements of a civil conspiracy relative to RWC. Under New York law, the performance of routine services is not sufficient to support claims of fraud. *See Learning Annex, L.P. v. Blank Rome LLP*, 106 A.D.3d 663, 663 (1st Dep't 2013). Allegations of performance of ordinary professional activity also do not constitute substantial assistance of an alleged fraud. *See Gregor v. Rossi*, 120 A.D.3d 447, 448 (1st Dep't 2014).

### (6) <u>Failure to State a Cause of Action for Unjust Enrichment</u>

Second Circuit law is clear that to plead unjust enrichment, a plaintiff must allege (1) "that the defendant was enriched at the plaintiff's expense" and (2) "that equity and good conscience require the plaintiff to recover the enrichment from the defendant." *Giordano v. Thomson,* 564 F.3d 163, 170 (2d Cir. 2009). The alleged enrichment must be "specific" and "direct." *In re Bayou Hedge Funds Inv. Litig.,* 472 F.Supp.2d 528, 532 (S.D.N.Y.2007).[2] In view of the foregoing, RWC's motion should be granted.

Respectfully submitted,

Conor V. McDonald

cc: All Appearing Counsel (via CM/ECF)

---

[2]    The Complaint does not proffer facts to satisfy the requisite pleading elements, and instead posits that any monies received for services rendered are tantamount to unjust enrichment. The Complaint is devoid of facts from which a reasonable trier of fact could infer that RWC is not equitably entitled to keep professional fees it earned for services rendered, necessitating dismissal. *Id*. at 532.