UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ANTHONY DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC, SARA DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and NORTHSHORE MOTOR LEASING, LLC and 189 SUNRISE HWY AUTO, LLC,

                                        Plaintiffs,


                    -against-


RONALD BARON, JOSHUA AARONSON, JORY BARON, MARCELLO SCIARRINO, DANIEL O'SULLIVAN, BRIAN CHABRIER, WENDY KWUN, IRIS BARON, RAYMOND PHELAN, ASAD KHAN, ESTATE OF DAVID BARON, BARON NISSAN INC. d/b/a BARON NISSAN, ISLAND AUTO GROUP OF NEW YORK LLC a/k/a ISLAND AUTO GROUP OF NY LLC a/k/a ISLAND AUTO GROUP, ROBERT ANTHONY URRUTIA, BRUCE NOVICKY, MICHAEL MORGAN, PARMESHWAR BISSOON, SUPERB MOTORS INC. d/b/a TEAM AUTO DIRECT, RICHARDS, WITT & CHARLES, LLP, CITRIN COOPERMAN & COMPANY LLP a/k/a CITRIN COOPERMAN, NEXTGEAR CAPITAL INC., ALLY FINANCIAL INC., NISSAN MOTOR ACCEPTANCE COMPANY LLC d/b/a NMAC, JP MORGAN CHASE BANK N.A. a/k/a JP MORGAN CHASE & CO. a/k/a CHASE BANK N.A. d/b/a CHASE BANK, CYRULI SHANKS & ZIZMOR, LLP, MILMAN LABUDA LAW GROUP, PLLC, JOHN DOE ATTORNEYS 1-20, JOHN DOE ACCOUNTANTS 1-20, JOHN DOES 1-20, JANE DOES 1-20, JOHNM DOE CORPORATIONS 1-20, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

                                        Defendants.

-----------------------------------------------------------------X

**Case No.: 2:24-cv-6903 (NJC) (JMW)**

**DEFENDANT SUPERB MOTORS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SET ASIDE THE HON. JAMES M. WICKS, U.S.M.J.'S NOVEMBER 1, 2022 ORDER DENYING ITS MOTION TO CONSOLIDATE AND NOVEMBER 2, 2024 ORDER DENYING DEFENDANTS' MOTION TO VACATE ITS ORDER DIRECTING THE CLERK TO ASSIGN A DISTRICT JUDGE AND FOR AN EXTENSION OF TIME *SINE DIE* TO RESPOND TO THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ...................................................................................1

**LEGAL STANDARD** ..............................................................................................3

**FACTS** .................................................................................................................4

**ARGUMENT** ........................................................................................................9

   **A. THE ORDER DENYING CONSOLIDATION MUST BE SET ASIDE**.........................9

      **i.**    **Legal Standard for Consolidation** ...................................................9

      **ii.**   **Superb Respectfully Submits Judge Wicks Clearly Erred in Denying Consolidation**.................................................................................11

      **iii.**  **Superb Respectfully Submits Judge Wicks' Order was Contrary to Law**.....14

   **B. THE ORDER DENYING SUPERB'S MOTION TO VACATE MUST BE SET ASIDE** ...................................................................................................19

   **C. SUPERB SHOULD BE GRANTED AN EXTENSION OF TIME *SINE DIE***..............21

**CONCLUSION** .....................................................................................................22

i

# TABLE OF AUTHORITIES

## Cases

Adam v. Jacobs,
    950 F.2d 89 (2d Cir. 1991) ..........................................................................................17

Anwar v. Fairfield Greenwich Ltd.,
    891 F. Supp. 2d 548 (S.D.N.Y. 2012) ........................................................................19

Bank of Montreal v. Eagle Assocs.,
    117 F.R.D. 530 (S.D.N.Y. 1987) ..................................................................................9

Barclay v. Lowe,
    131 Fed. Appx. 778 (2d Cir. 2005) ............................................................................10

Borough of Edgewater v. Waterside Constr., LLC,
    No. 14-CIV.-5060, 2017 WL 1758062 (D.N.J. May 3, 2017) .....................................10

BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC,
    623 Fed. Appx. 7 (2d Cir. 2015) ..................................................................................4

Cali v. East Coast Aviation Services, Ltd.,
    178 F. Supp. 2d 276 (E.D.N.Y. 2001) ........................................................................14

Carling v. Peters,
    760 F. Supp. 2d 400 (S.D.N.Y. 2011) ..........................................................................3

City of Buffalo v. Smith & Wesson Brands, Inc.,
    No. 23-CIV.-6061 (FPG), 2023 WL 3901741 (W.D.N.Y. June 8, 2023) .....................18

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976) ....................................................................................................16

Consorti v. Armstrong World Indus., Inc., 518 U.S. 1031 (1996)
    72 F.3d 1003 (2d Cir. 1995) ..........................................................................................9

Consorti v. Armstrong World Indus., Inc.,
    518 U.S. 1031 (1996) ....................................................................................................9

Curtis v. Citibank, N.A.,
    226 F.3d 133 (2d Cir. 2000) ............................................................................14, 16, 17

Devlin v. Transp. Commc'n Int'l Union,
    175 F.3d 121 (2d Cir. 1999) .....................................................................................9, 10

Ekpe v. City of New York,
   No. 20-CV-8248, 2021 WL 5999204 (S.D.N.Y. Dec. 20, 2021).....................................10

Espire Ads LLC v. TAPP Influencers Corp.,
   655 F. Supp. 3d 223 (S.D.N.Y. 2023) .............................................................................13

Factors Etc., Inc. v. Pro Arts, Inc.,
   579 F.2d 215 (2d Cir.1978) ..............................................................................................14

First City Nat. Bank and Trust Co. v. Simmons,
   878 F.2d 76 (2d Cir. 1989) ...............................................................................................14

Fort Howard Paper Co. v. William D. Witter, Inc.,
   787 F.2d 784 (2d Cir. 1986) .............................................................................................14

Globe Indem. Co. v. J.T. Falk & Co.,
   No. 91-CV-271, 1991 WL 243375 (S.D.N.Y. Nov. 8, 1991).........................................10

Hendrix v. RaybestosManhattan, Inc.,
   776 F.2d 1492 (11th Cir. 1985)........................................................................................10

Hoodho v. Holder,
   558 F.3d 184 (2d Cir. 2009) .............................................................................................20

Ikerd v. Lapworth,
   435 F.2d 197 (7th Cir. 1970)............................................................................................10

In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,
   258 F.R.D. 260 (S.D.N.Y. 2009) .....................................................................................13

In re Synergy Pharms. Inc. Sec. Litig.,
   18-CIV.-873, 2020 WL 5763830 (E.D.N.Y. Sept. 28, 2020)............................................3

Intema Ltd. v. NTD Labs., Inc.,
   654 F. Supp. 2d 133 (E.D.N.Y. 2009) .............................................................................15

Jacobs v. Castillo,
   612 F. Supp. 2d 369 (S.D.N.Y. 2009) .............................................................................13

Johnson v. Celotex Corp.,
   899 F.2d 1281 (2d Cir. 1990).................................................................................. 9, 10, 11

Jonas v. Advance Stores Co., Inc.,
   No. 22-CIV.-3340 (GRB) (ST), 2023 WL 5718629 (E.D.N.Y. Sept. 5, 2023)............9, 12

Kahn v. Gen. Motors Corp.,
    889 F.2d 1078 (Fed. Cir. 1989) ....................................................................14

Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,
    342 U.S. 180 (1952) ......................................................................................14

KGK Jewelry LLC v. ESDNetwork,
    Nos. 11-CV-9236, 12-CV-9130, 2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014)..............11

Maclaren v. B–I–W Group, Inc.,
    329 F. Supp. 545 (S.D.N.Y. 1971)................................................................15

MasterCard Int'l Inc. and MasterCard Int'l, LLC v. Lexcel Solutions, Inc.,
    2004 WL 1368299, 2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. June 16, 2004) ................15

McAllan v. Von Essen,
    517 F. Supp. 2d 672 (S.D.N.Y. 2007) ............................................................4

McCarthy v. Bronson,
    906 F.2d 835 (2d Cir. 1990) ........................................................................20

Meeropol v. Nizer,
    505 F.2d 232 (2d Cir. 1974) ........................................................................15

Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.,
    804 F.2d 16 (2d Cir. 1986) ..........................................................................14

Motley v. Her Imports,
    No. 1:18-CIV.-517 (EAW), 2019 WL 12339685 (W.D.N.Y. Jan. 22, 2019) ..............16, 17

MPI Tech A/S v. Int'l Bus. Machines Corp.,
    No. 15.-CIV.-4891 (LGS), 2017 WL 481444 (S.D.N.Y. Feb. 6, 2017)............................3

Naula v. Rite Aid of New York,
    No. 08-CIV.-11364 (PGG), 2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010) ...............15, 17

Navigator Bus. Servs. LLC v. Chen,
    No. 23-CV-1551 (HG), 2023 WL 7386663 (E.D.N.Y. Nov. 8, 2023) ...................... 18 n. 6

O'Hopp v. ContiFinancial Corp.,
    88 F. Supp. 2d 31 (E.D.N.Y. 2000)................................................................14

Ontel Products, Inc. v. Project Strategies Corp.,
    899 F. Supp. 1144 (S.D.N.Y.1995) ................................................................15

Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO,
    No. 19 Civ. 10715 (NSR), 2021 WL 5106638 (S.D.N.Y. Nov. 3, 2021)...........................4

Regions Bank v. Wieder & Mastroianni, P.C.,
    170 F. Supp. 2d 436 (S.D.N.Y. 2001) .............................................................17

Save Power Ltd. v. Syntek Fin. Corp.,
    121 F.3d 947 (5th Cir. 1997) ........................................................................15

Savoca v. United States,
    199 F. Supp. 3d 719 (S.D.N.Y. 2016) .....................................................19, 20

Semmes Motors, Inc. v. Ford Motor Co.,
    429 F.2d 1197 (2d Cir. 1970) .......................................................................14

Spotless Enterprises Inc. v. The Accessory Corp.,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006)....................................................14, 15

Spratley v. FCA US LLC,
    No. 3:17-CIV.-62 (MAD) (DEP), 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017)............16

Superb Motors Inc. v. Deo,
    No.: 2:23-cv-6188 (JMW) ...............................................................................1

Tang on behalf of Coupang, Inc. v. Kim,
    No. 23-CV-11043 (VSB), 2024 WL 4457738 (S.D.N.Y. Oct. 10, 2024) ........................13

Taylor v. Rodriguez,
    238 F.3d 188 (2d Cir.2001) ..........................................................................14

Transeastern Shipping Corp. v. India Supply Mission,
    53 F.R.D. 204 (S.D.N.Y. 1971)....................................................................10

Washington v. Kellwood Co.,
    2015 WL 8073746 (S.D.N.Y. Dec. 4, 2015) ..................................................20

Watson v. Arts & Entertainment Television Network,
    No. 04-CIV.-1932 (HBP), 2006 WL 2053189 (S.D.N.Y. July 21, 2006) ........................19

William Gluckin & Co. v. International Playtex Corp.,
    407 F.2d 177 (2d Cir. 1969) .........................................................................14

Xie v. JPMorgan Chase Short-Term Disability Plan,
    No. 15 CIV. 4546 (LGS), 2018 WL 501605 (S.D.N.Y. Jan. 19, 2018) ...........................4

Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC,
      2011 WL 70593 (S.D.N.Y. Jan. 10, 2011) ....................................................................20

**Statutes**

18 U.S.C. § 1836....................................................................................................................4

18 U.S.C. § 1962....................................................................................................................4

28 U.S.C. § 636....................................................................................................................19

New York Judiciary Law § 487 ...........................................................................................5

**Rules**

Fed. R. Civ. P. 1 .................................................................................................................21

Fed. R. Civ. P. 6 .................................................................................................................21

Fed. R. Civ. P. 13 ...............................................................................................................21

Fed. R. Civ. P. 42 ...........................................................................................................9, 10

Fed. R. Civ. P. 72 .................................................................................................................3

Fed. R. Civ. P. 73 .........................................................................................................19, 20

**Other Sources**

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2382, at 257 (1971).....................10

## <u>PRELIMINARY STATEMENT</u>

Although difficult to parse through the complaint in this case, which is more akin to a manifesto filled with psychobabble, Plaintiffs' pleadings are more properly considered a response to the complaint some of the Defendants in this case earlier filed against the Plaintiffs and others in <u>Superb Motors Inc. v. Deo</u>, No.: 2:23-cv-6188 (JMW) (the "Related Case") in August 2023.

Essentially, plaintiffs in the Related Case (the "Superb Plaintiffs" and the "IAG Plaintiffs") assert that Anthony and Sara Deo (the "Deos"), plaintiffs in this case and defendants in the Related Case, while managing the Superb Plaintiffs' and the IAG Plaintiffs' used car business, used nefarious efforts to purloin the income and assets of these dealerships, bankrupting them.

In response to the claims in the Related Case, but set forth as affirmative claims in this action, the Deos assert that they were the true owners of the dealerships and the Superb Plaintiffs and IAG Plaintiffs purloined the Deos' income and assets, and the ownership of the dealerships.

Indeed, when this Court separates the wheat from the chaff, i.e., the inappropriate discovery demands contained in the pleadings, it can be left only with the inescapable conclusion that the complaint largely rests on the same issues of fact and causes of action in the Related Case.

For example, and as will be set forth in further detail below, the complaint in this case discusses the origins of the Plaintiffs' working relationship with the Island Auto Group ("IAG") defendants, and both complaints provide diametrically opposing positions on a singular issue: the true owners of Northshore Motor Leasing LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise").[1]

---

[1] In the Plaintiffs' complaint, they assert the name 189 Sunrise Auto LLC, which public records reveal does not exist in the State of New York. For someone claiming ownership of an entity, it is not a good look to misname it, and is equivalent to a parent not knowing its own child's name.

Similarly, the causes of action asserted in both complaints are virtually the same, in that they both consist of a vast array of contractual and quasi-contractual, tortious interference, civil conspiracy, and unjust enrichment claims concerning the missing income and assets of these very same dealerships, all crucially reliant on the determination of their rightful ownership. Critically, both cases also involve the same parties and witnesses.

The first-filed rule, which would typically require dismissal of this action in favor of the Related Case, nonetheless warrants consolidation with the Related Case instead, both being in the same district.

A crucial reason consolidation is required, however, is due to the risk of inconsistent decisions by two (2) separate courts and potentially two (2) sets of juries, after unnecessarily duplicative litigation, which is already complex enough on its own. Equally important, not consolidating these cases would permit the Plaintiffs to forum shop and engage in vexatious litigation.

Finally, but no less compelling, Plaintiffs separately filed this case for the wrongful purpose of avoiding an existing Order disqualifying Harry R. Thomasson, Esq. ("Thomasson"), who is both a named defendant and a witness in the Related Case. While relevant to this Court's consideration of the consolidation motion, Superb will seek separate relief related to Thomasson's transgressions in this regard.

It is also worthy to note that Superb could not make the instant application had Thomasson not pursued federal claims against it. Indeed, Plaintiffs' own pleadings placed them in this predicament, which was entirely unavoidable. In the words of Oscar Wilde, the world was their oyster, but they used the wrong fork.

Based on the foregoing, and as set forth below, there is no question that these cases must be consolidated.  There is no basis to deny consolidation, as the standard does not require identical parties nor causes of action.  Similarly, Plaintiffs can point to no prejudice whatsoever in having the cases consolidated.  Accordingly, this Court should set aside the Hon. James M. Wicks, U.S.M.J.'s ("Judge Wicks") November 1, 2024 Order denying Superb's motion to consolidate as well as the November 2, 2024 Order denying Defendants' motion to vacate its direction to assign a district judge because there was already unanimous consent to proceed before Judge Wicks in the Related Case.  Finally, Superb's time to respond to the complaint should be extended *sine die*, as it should not be forced to fight a two-front war with the Plaintiffs in this case when they can and should raise what amount to compulsory counterclaims in the Related Case.

## LEGAL STANDARD

A party may serve and file objections within fourteen (14) days to a Magistrate Judge's Order after being served with a copy of the Order to which it objects to.  See Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)).[2]  Courts apply different standards to objections depending on whether the Order is dispositive or non-dispositive; a motion to consolidate is non-dispositive. See In re Synergy Pharms. Inc. Sec. Litig., 18-CIV.-873, 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020) (collecting cases).  With respect to non-dispositive matters such as this one, "Rule 72(a) provides that district courts must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" See MPI Tech A/S v. Int'l Bus. Machines Corp., No. 15.-CIV.-4891 (LGS), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017) (quoting Fed. R. Civ. P. 72(a)).

---

[2] Judge Wicks entered the Orders at issue here on November 1, 2024 and November 2, 2024, and this motion is made on November 8, 2024.  This motion is thus timely made.

"It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." See McAllan v. Von Essen, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007).

"A decision is clearly erroneous where 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" See Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO, No. 19 Civ. 10715 (NSR), 2021 WL 5106638, at *2 (S.D.N.Y. Nov. 3, 2021) (quoting BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC, 623 Fed. Appx. 7, 12 (2d Cir. 2015)).

"A ruling is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" See Xie v. JPMorgan Chase Short-Term Disability Plan, No. 15 CIV. 4546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (citation omitted).

## FACTS

On August 17, 2023, Superb and its principal, Robert Anthony Urrutia ("Urrutia") – along with a separate group of dealerships owned by the IAG Defendants – filed their complaint against the Plaintiffs in this case (as well as other individuals and entities with whom they are associated) alleging causes of action under (i) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); (ii) the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (iii) common law for misappropriation of trade secrets; (iv) common law for unfair competition; (v) common law for tortious interference with contractual relations, business relations, and prospective economic advantage; (vi) common law for unjust enrichment; (vii) common law for conversion; (viii) common law for fraud; (ix) common law for breach of fiduciary duty; (x) common law for civil conspiracy; (xi) common law for negligence; and (xii) common law for professional malpractice.  See Related Case, ECF Docket Entry 1.

There, the Plaintiffs in the Related Case, virtually all of whom are Defendants in this case, allege that the Plaintiffs here have engaged in schemes to gain access to the dealerships owned by some of the Defendants by holding themselves out as qualified to run automobile dealerships, then usurping operational control of two separate groups of dealerships to pillage and plunder them, leaving them holding the bag while they start a separate group of dealerships propped up by stolen assets and funds of the Defendants here. See Related Case, ECF Docket Entry 1 ¶ 1. The Plaintiffs in the Related Case moved for injunctive relief and, having established a likelihood of success on the merits of their claims, obtained a temporary restraining Order ("TRO") and – later – a preliminary injunction ("PI"). See ECF Docket Entries 15 ("Defendants are enjoined from 'disposing of any automobiles in' their 'possession belonging to Superb'") and 55 ("the Court finds a preliminary injunction is warranted to maintain the *status quo ante*").

On October 13, 2023, the Plaintiffs in the Related Case amended their complaint as of right. See Related Case, ECF Docket Entry 65. The First Amended Complaint ("FAC") was significantly more detailed, and included additional causes of action against financial institutions under the Uniform Commercial Code, for an accounting, a claim under Judiciary Law § 487 against Thomasson, for deceptive trade practices under the New York General Business Law, piercing the corporate veil, contribution, indemnification, as well as aiding and abetting claims for various breaches and conversion. Id. The FAC is the operative complaint in the FAC.

In the FAC, the Plaintiffs in the Related Case allege that:

(i) Anthony Deo ("Deo"), a Defendant in the Related Case and a Plaintiff in this case, is not a member of Northshore (Id. ¶¶ 48-56);

(ii) Deo is not a member of Sunrise (Id. ¶¶ 57-66);

(iii) Brian Chabrier, a Plaintiff in the Related Case and a Defendant in this case, held the DMV license for Northshore (Id. ¶¶ 67, 69-71);

(iv) Joshua Aaronson and Jory Baron, Plaintiffs in the Related Case and Defendants in this case, held the DMV license for Sunrise (Id. ¶¶ 68-70, 73);

(v) Deo falsely claimed full ownership of Northshore to avail himself of pandemic relief funds (Id. ¶¶ 142-147);

(vi) Deo falsely claimed full ownership of Sunrise to avail himself of other funds issued by Libertas Funding LLC ("Libertas") (Id. ¶¶ 148-153);

(vii) Deo's employees, who are Nassau County Police Department officers, abused their authority to threaten Aaronson into returning the funds issued by Libertas (Id. ¶¶ 154-168);

(viii) Deo entered into contractual agreements with Urrutia concerning Superb (Id. ¶¶ 175-183); and

(ix) Deo had limited authority at Superb (Id. ¶¶ 184-196).

Throughout the course of the proceedings in the Related Case, the Deo Defendants repeatedly referenced a lawsuit they planned on filing. See Related Case, ECF Docket Entries 12-2 at 9 ¶ 7 (August 11, 2023) ("I cannot stop you from trotting off to court to try to obtain *ex parte* relief since you know *I will not be filing the **federal** lawsuit for at least a month* given, *inter alia,* my upcoming vacation, but if you see fit to ignore my letter dated August 9, 2023, and this correspondence, please at least respect that I hereby demand that any presentation you make to any court prior to my full participation as counsel for Anthony Deo include copies of my letter dated August 9, 2023, as well as this correspondence") (emphasis added); 24 at 2 ¶ 5 (September 7, 2023) ("Remember, your Honor, that *whatever is claimed by these Plaintiffs and will eventually*

*be alleged in our own Complaint(s)*,[3] damages at law will satisfy everyone, and we object to any equitable relief being granted accordingly") (emphasis added); 154-1 at 82:18-25 (September 14, 2023) ("I have got a massive lawsuit that I'm working on.  I don't know where it's going to end up.  He's been cut off and cut out by Next Gear, Ally, NMAC, Chase Bank and others without ever being talked to by any of them.  That's going to be the problem for these plaintiffs when the time comes, Your Honor.  Why is it these corporations all cut off Deo without talking with him?  That's a real problem to explain").

On December 1, 2023, Judge Wicks disqualified Thomasson from representing the Defendants, except for himself, in the Related Case, which Defendants include the Plaintiffs in this case.  See ECF Docket Entry 117 at 12-17 ("After all, he allegedly violated various statutes, including RICO and the DTSA, and is liable for conspiracy, conversion, and a host of other causes of action").

On September 4, 2024, Thomasson filed a state court action against the Defendants.  See Index No.: 615683/2024, NYSCEF Docket Entry 1.  On September 30, 2024, the state court action was removed.  See ECF Docket Entry 1 (hereinafter referred to as "Compl.").  The instant complaint largely mirrors events in the Related Case; the Plaintiffs make allegations regarding:

(i) Deo's working relationship with IAG and Plaintiffs' contention that they are the true owners of Northshore (Compl. ¶¶ 43-103);

(ii) Deo's working relationship with IAG and Plaintiffs' contention that they are the true owners of Sunrise (Compl. ¶¶ 104-109);

---

[3] Critically, this constitutes a prescient admission by Thomasson that there are common questions of law and fact between this case and the Related Case.

(iii) Deo's working relationship with IAG and Plaintiffs' contention that they are the true owners of Baron Nissan[4] (Compl. ¶¶ 110-129);

(iv) Deo's working relationship with Urrutia and Superb, referencing the same agreements referred to in the Related Case (Compl. ¶¶ 130-137, Exhibits I-1 and I-2);[5]

(v) Deo's defenses to the financial improprieties Urrutia and Superb accuse him of in the FAC of the Related Case (Compl. ¶¶ 137-140);

(vi) Deo's side of the story concerning the 104 missing vehicles which were the subject of the TRO and the PI in the Related Case (Compl. ¶¶ 152-154);

(vii) Deo's claim that his relationship with lenders has been tortiously interfered with by the Defendants, while Defendants assert that Plaintiffs similarly interfered with these relationships (Compl. ¶¶ 169-275);

(viii) Deo's claim that accounting professionals engaged in malpractice mirror similar claims by the Plaintiffs in the Related Case that Deo's accounting professionals engaged in malpractice (Compl. ¶¶ 426-444);

(ix) Deo's civil conspiracy claims mirror those of the RICO claims and civil conspiracy claims brought by Plaintiffs in the Related Case (Compl. ¶¶ 514-551); and

(x) Deo's unjust enrichment claims mirror those of the unjust enrichment claims brought by the Plaintiffs in the Related Case (Compl. ¶¶ 552-571).

---

[4] Although these allegations raise issues of fact that are different from those set forth in the Related Case, the agreement at the center of the Baron Nissan dealership contains an arbitration provision. See ECF Docket Entries 1-9 and 1-10, Exhibit F, at § 10 (ECF PageID #234). As such, it is unlikely to be an issue for this Court or a jury to decide.

[5] Exhibits I-1 and I-2 can be found at ECF Docket Entries 1-13 and 1-14.

For the reasons set forth below, because there undeniably exists a common nucleus of operative facts and due to the inextricably intertwined nature of the facts and legal issues present in both cases, the Order denying Superb's motion for consolidation should be set aside and this case must be consolidated with the Related Case.

## ARGUMENT

### A. THE ORDER DENYING CONSOLIDATION MUST BE SET ASIDE

i.    Legal Standard for Consolidation

Under Rule 42(a) of the Federal Rules of Civil Procedure ("Rules" or "Rule"), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." See Jonas v. Advance Stores Co., Inc., No. 22-CIV.-3340 (GRB) (ST), 2023 WL 5718629, at *3 (E.D.N.Y. Sept. 5, 2023) (citing Fed. R. Civ. P. 42(a)).

Consolidation is a "valuable and important tool of judicial administration." See Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1006 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031 (1996). Under Rule 42(a), when separate actions before a district court involve a common question of law or fact, the court may "consolidate the actions." Fed. R. Civ. P. 42(a)(2).

Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion." See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted). It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions, even *sua sponte*. Id. Indeed, where judicial economy is concerned, a district court will generally consolidate actions. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); see also Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y.

1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event") (quoting Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970)).

"Although the Court may consolidate cases *sua sponte*, when a party moves for consolidation, the moving party bears the burden of demonstrating that the actions should be consolidated." See Ekpe v. City of New York, No. 20-CV-8248, 2021 WL 5999204, at *2 (S.D.N.Y. Dec. 20, 2021) (citing Transeastern Shipping Corp. v. India Supply Mission, 53 F.R.D. 204, 206 (S.D.N.Y. 1971)).

In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. See Devlin v. Transportation Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).

The court must consider " '[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" See Johnson, 899 F.2d at 1284-85 (quoting Hendrix v. RaybestosManhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Notably, consolidation "need not be only for trial" but may "also [be] appropriate at the pretrial stage." See Globe Indem. Co. v. J.T. Falk & Co., No. 91-CV-271, 1991 WL 243375, at *1 (S.D.N.Y. Nov. 8, 1991) (citing, *inter alia*, 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2382, at 257 (1971)); see also Borough of Edgewater v. Waterside Constr., LLC, No. 14-CIV.-5060, 2017 WL 1758062, at *2 (D.N.J. May 3, 2017) ("Rule 42(a) contemplates consolidation for pretrial purposes only").

Moreover, "[c]onsolidation is warranted where it promotes judicial economy and serves to eliminate ... the danger of inconsistent verdicts." See KGK Jewelry LLC v. ESDNetwork, Nos. 11-CV-9236, 12-CV-9130, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (internal quotation marks omitted); Johnson, 899 F.2d at 284 (considerations of judicial economy weigh in favor of consolidation).

    i.    Superb Respectfully Submits Judge Wicks Clearly Erred in Denying Consolidation

Here, every factor to be considered militates in favor of consolidation. Equity requires consolidation because of the risk of inconsistent decisions over the same events, i.e., (i) who is the true owner of Northshore?; (ii) Did Plaintiffs engage in financial improprieties at Defendants' dealerships or did Defendants ratify Plaintiffs' conduct as they allege?; (iii) what happened with the missing 104 vehicles?; (iv) what is the nature of the relationship with the lenders and who tortiously interfered with whose relationship vis-à-vis those lenders?; and, without limitation, (v) which set of accountants engaged in malpractice? The list goes on.

Judicial economy similarly warrants consolidation, especially in light of the Plaintiffs' vexatious conduct in both this case and the Related Case. Indeed, the Plaintiffs in this case have twice moved for contempt against Superb in the Related Case despite failing in their initial bid. See Related Case, ECF Docket Entries 152, 172, and 202.

Moreover, in weighing the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, as well as the length of time required to conclude multiple suits as against a single one, there is no universe in which permitting these two cases to proceed separately can be less of a burden on all involved. This is especially in light of the fact that discovery has not yet been completed in the Related Case; in fact, discovery has been stayed in the Related Case pending a decision on the pre-answer motions to dismiss filed by the Defendants therein.

Thus, weighing the relative expense to all concerned of the single-trial, multiple-trial alternatives, consolidation of the cases is warranted.

In opposing consolidation, Plaintiffs did not point to any specific risks of prejudice and possible confusion.  Instead, Plaintiffs argued that:

(i) these are "two civil actions with completely different claims, different parties, and importantly, competing criminal allegations that are facing a Federal Grand Jury;"

(ii) because "if these cases were just criminal cases involving a man and woman accused of killing that man's wife, and then the man and woman accused each other of actually pulling the trigger and committing the murder, then those two people would be guaranteed separate trials in order to guarantee fairness in those trials;"

(iii) the cases are tried separately to ensure fairness; it would be staggeringly unfair to each party in these two actions to require the parties to face one trial for both actions before a jury (all Plaintiffs have made jury demands in both actions, your Honor) while those juries are told that their competing attorneys have criminal allegations against them stemming from the underlying relationships between *some* of the parties; and

(iv) what "the Defendants in this action actually want is to have [Thomasson] removed from [his] clients' case."

<u>See</u> ECF Docket Entry <u>36</u> at 2-3.  None of these objections hold water.

*First*, as set forth in the facts, there are common issues of fact and law present in both cases, and Superb need not establish that these issues are identical.  <u>See</u> <u>Jonas v. Advance Stores Co., Inc.</u>, No. 22-CIV.-3340 (GRB) (ST), 2023 WL 5718629, at *3 (E.D.N.Y. Sept. 5, 2023) ("The Court has carefully considered each of these factors, and finds that, in light of the highly similar (i) factual allegations, (ii) claims, and (iii) issues of law in each of the two putative class actions

against defendant, the interests of justice are best served by consolidation") (citing, e.g., Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation would further the goal of judicial economy because discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law")); Espire Ads LLC v. TAPP Influencers Corp., 655 F. Supp. 3d 223, 245 (S.D.N.Y. 2023) ("The Espire Action and the TAPP Action both arise out of the same series of events and business relationships, and considerations of judicial economy favor consolidation in this case").

*Second*, this is not a criminal case and Plaintiffs provide no authority for the proposition that competing allegations of criminal conduct in a civil case warrants a separate trial. See, e.g., Tang on behalf of Coupang, Inc. v. Kim, No. 23-CV-11043 (VSB), 2024 WL 4457738, at *3 (S.D.N.Y. Oct. 10, 2024) ("Although the Complaints are not identical, they all share common questions of law and fact, including whether each Officer Defendant made materially false or misleading statements, and, if so, whether the Officer made such statements with a legally culpable state of mind"); see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig., 258 F.R.D. 260, 267–68 (S.D.N.Y. 2009) (consolidating substantially related shareholder derivative actions despite slight differences among each case).

*Third*, Superb respectfully submits that the disqualification issue does not enter the calculus because Superb may separately move to disqualify Thomasson from this case regardless of whether it gets consolidated with the Related Case.

For the foregoing reasons, Superb respectfully submits that Judge Wicks clearly erred by overlooking the fact that the competing complaints consist of the same events and contain the same claims.

ii.    Superb Respectfully Submits Judge Wicks' Order was Contrary to Law

Superb also respectfully submits that Judge Wicks' Order denying consolidation was contrary to law because it violates the first-filed rule, overlooked the possibility of consolidating the cases for discovery purposes and deciding whether the cases should be consolidated later on.

The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." See First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (quotations and citations omitted); see also Taylor v. Rodriguez, 238 F.3d 188, 197 (2d Cir.2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit ....") (citations and quotations omitted); Curtis v. Citibank, N.A., 226 F.3d 133, 133 (2d Cir. 2000); Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989); Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2d Cir. 1986); Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986); Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978); Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1202 (2d Cir. 1970); William Gluckin & Co. v. International Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); Cali v. East Coast Aviation Services, Ltd., 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001); O'Hopp v. ContiFinancial Corp., 88 F. Supp. 2d 31, 34 (E.D.N.Y. 2000); Spotless Enterprises Inc. v. The Accessory Corp., 415 F. Supp. 2d 203, 205 (E.D.N.Y.2006) (observing vast circumstances in which federal courts have applied the "first-filed" rule).  The United States Supreme Court has acknowledged that application of the "first-filed" rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation...." See Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 183 (1952).

14

The "first-filed" rule enables courts to prevent "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." See Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y.1995). Proper application of the "first-filed" rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. See Spotless Enters. Inc., 415 F. Supp. 2d at 205-06.

When confronted with two actions raising similar claims, and a request that the later action be dismissed, stayed, or consolidated with the first, a court must first resolve whether the actions are in fact duplicative. See Naula v. Rite Aid of New York, No. 08-CIV.-11364 (PGG), 2010 WL 2399364, at *2 (S.D.N.Y. Mar. 23, 2010).

Importantly, application of the rule does not require identical parties in the cases, but merely requires "substantial overlap." Id.; see also Intema Ltd. v. NTD Labs., Inc., 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases); MasterCard Int'l Inc. and MasterCard Int'l, LLC v. Lexcel Solutions, Inc., No. 03-CIV.-7157, 2004 WL 1368299, at *7–8, 2004 U.S. Dist. LEXIS 10906, at *23–24 (S.D.N.Y. June 16, 2004) (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 951 (5th Cir. 1997); Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974); Maclaren v. B–I–W Group, Inc., 329 F. Supp. 545 (S.D.N.Y. 1971).

Here, the claims in this case and the Related Case are duplicative because they involve the same parties and the same claims; indeed, this Court itself filed a Notice of Related Cases pursuant to the Local Civil Rules. See ECF Docket Entry 5.

Where, as here, a court determines that two lawsuits are duplicative, it "will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions."  See Curtis, 226 F.3d at 138.

While it is true that "[t]he first-filed rule is rarely applied to cases within the same district because those cases can be consolidated for discovery and/or trial pursuant to [Rule] 42(a)," Spratley v. FCA US LLC, No. 3:17-CIV-62 (MAD) (DEP), 2017 WL 4023348, at *8 (N.D.N.Y. Sept. 12, 2017), "rarely" is not the same as "never," and courts in this Circuit have applied the first-to-file rule where both cases are pending in the same venue.  See Motley v. Her Imports, No. 1:18-CIV.-517 (EAW), 2019 WL 12339685, at *2 (W.D.N.Y. Jan. 22, 2019) ("a key purpose of the first-file rule is the promotion of judicial efficiency, which may be served whether or not the actions at issue are pending in the same venue."

This Court's consideration of this motion should further be bolstered by the general rule among federal district courts to avoid duplicative litigation.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

"The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or _res judicata_," as each vests a court with the power and discretion to dismiss a duplicative action to promote fairness and judicial economy. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).

As an alternative to dismissal, a moving party may raise the "first-filed" rule as grounds for the court order a stay in a subsequent suit. Id. (observing that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

Where the "first-filed" rule is found applicable, the court should take whichever action it deems proper to "avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." See Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001). The Second Circuit has emphasized the importance of establishing "a single determination of a controversy between the same litigants." See Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991) (noting that a court maintains the power to dispose, or alternatively, postpone resolution of a duplicative action to prevent "concurrent litigation over the same subject matter"). However, given "[t]he complex problems that can arise from multiple federal filings," the disposition of a second-filed case is not governed by "a rigid test, but require[s] instead that the district court consider the equities of the situation when exercising its discretion." See Curtis, 226 F.3d at 138.

Thus, based on the first-filed rule, the Court should consolidate this case and the Related Case, because "[c]onsolidation also serves all of the purposes cited by Defendant[s], including avoiding duplication of judicial effort and vexatious litigation in multiple forums, achieving comprehensive disposition of this litigation, and eliminating the risk of inconsistent judgments." See Motley, 2019 WL 12339685, at *3 (citing Naula, 2010 WL 2399364, at *5 (quotation omitted) (consolidating second-filed putative class action into first-filed matter); cf. Barclay v. Lowe, 131 Fed. Appx. 778, 779 (2d Cir. 2005) (holding that a suit is duplicative of another, or subject to dismissal under claim preclusion, when "the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit").

Such is the case herein, where Plaintiffs' allegations in the complaint are essentially a response to the complaint filed by the Defendants in the Related Case.

For example, where Superb alleges a whole host of financial improprieties against the Defendants in the Related Case, Deo's allegations in this case argue that the Defendants in this case ratified that conduct. In that regard, Superb respectfully submits that the resolution of this motion requires an application of the "first-filed" rule.

At a minimum, because of the undeniable interrelated nature of the two cases, they should have been consolidated for discovery purposes. See City of Buffalo v. Smith & Wesson Brands, Inc., No. 23-CIV.-6061 (FPG), 2023 WL 3901741, at *1 (W.D.N.Y. June 8, 2023) ("The Court further agrees with Defendants that consolidation for purposes of trial need not be decided at this juncture. At this early stage—before discovery and substantive motion practice—it is unclear whether a joint trial will be appropriate. The issue is better addressed later in the litigation"). Indeed, whether the cases should be consolidated for trial could be decided at a later date.

Based on the foregoing, Superb respectfully submits that Judge Wicks overlooked and/or misapprehended the first-filed rule, as well as the ability to consolidate the case for discovery initially and consider consolidation for trial at a later time.

Accordingly, the November 1, 2024 Order denying consolidation must be set aside, this case should be consolidated with the Related Case such that the Defendants there file an answer with counter-claims and a third-party complaint,[6] and this case should be dismissed as duplicative.

---

[6] See Navigator Bus. Servs. LLC v. Chen, No. 23-CV-1551 (HG), 2023 WL 7386663, at *5 (E.D.N.Y. Nov. 8, 2023) ("Plaintiff shall file on or before November 17, 2023, a consolidated amended complaint that asserts its claims against all of the defendants in each of the three fraudulent conveyance actions in a single complaint").

**B. THE ORDER DENYING SUPERB'S MOTION TO VACATE MUST BE SET ASIDE**

Upon setting aside Judge Wicks' Order denying Superb's motion to consolidate and consolidating this case, this Court should vacate Judge Wicks' November 2, 2024 Order denying Superb's motion to vacate the Order to assign a district judge.

Courts have applied prior Orders to consolidated cases. See Anwar v. Fairfield Greenwich Ltd., 891 F. Supp. 2d 548, 550 (S.D.N.Y. 2012) ("The Scheduling Orders direct the parties to apply the Court's prior rulings to all consolidated cases filed in or transferred to this Court between January 1, 2011 and January 1, 2012 (a group which includes the Eight Actions)"). Because this case should be consolidated, the Order referring the Related Case for all purposes to Judge Wicks must be applied to this case. Such an Order is required to prevent the Plaintiffs in this case from evading the disqualification Order and engaging in impermissible forum shopping.

Indeed, to do otherwise would commit violence to Rule 73, which permits a party to withdraw his or her consent to proceed before a magistrate judge only upon a showing of extraordinary circumstances. See Fed. R. Civ. P. 73(b)(3); see also 28 U.S.C. § 636(c)(4).

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." See Savoca v. United States, 199 F. Supp. 3d 719, 720 (S.D.N.Y. 2016) (citation omitted). In the instant case, Plaintiffs cannot deny that the consent to proceed before the undersigned was given by them. Where valid consent is given, "[a] party may withdraw his or her consent to proceed before a magistrate judge only upon a showing of 'extraordinary circumstances.'" See Watson v. Arts & Entertainment Television Network, No. 04-CIV.-1932 (HBP), 2006 WL 2053189, at * 4 (S.D.N.Y. July 21, 2006) (citations omitted); see also 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under

this subsection"); Fed. R. Civ. P. 73(b)(3) ("On its own for good cause – or when a party shows extraordinary circumstances – the district judge may vacate a referral to a magistrate judge....."). Demonstrating the requisite "extraordinary circumstances" is difficult. See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 2011 WL 70593, at * 3 (S.D.N.Y. Jan. 10, 2011). "This high standard prevents gamesmanship." See Savoca, 199 F. Supp. 3d at 721.

Critically, to the extent the Plaintiffs in this case seek to withdraw their validly given consent (which is not clear from their improperly issued standalone letter), any such request appears driven by the Plaintiffs' disagreement with this Court's ruling disqualifying their counsel in the related case. See ECF Docket Entry 36 at 8-9 ("Plaintiffs adamantly oppose efforts to remove undersigned from representing Plaintiffs under any circumstance in this case").

However, a party's displeasure with an adverse ruling does not establish the extraordinary circumstances necessary to support vacating a previously granted motion to consent to proceed before the magistrate judge. See Washington v. Kellwood Co., 2015 WL 8073746, at * 1 (S.D.N.Y. Dec. 4, 2015) ("When a party comes to rue an adverse ruling, she cannot simply return to the district judge. The magistrate judge's authority is binding") (citing McCarthy v. Bronson, 906 F.2d 835, 838 (2d Cir. 1990)). Permitting parties to withdraw consent to proceed before a magistrate judge would have the undesirable effect of encouraging judge shopping. Id. at *2.

Further, a represented party is bound by the actions of its freely chosen legal counsel. See Hoodho v. Holder, 558 F.3d 184, 194 (2d Cir. 2009) (a party who voluntarily chose his legal representative in an action cannot avoid the consequences of the act or omissions of the freely selected agent). Here, Superb respectfully submits that Judge Wicks overlooked the fact that Plaintiffs and their esteemed attorney Thomasson were seeking to evade the disqualification Order and forum shop.

Further, Superb also respectfully submits that Judge Wicks' decision was contrary to law because Plaintiffs' claims largely consist of compulsory counterclaims pursuant to Rule 13, which provides: a pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.  See Fed. R. Civ. P. 13(a).  The claims for breach of contract, tortious interference, and unjust enrichment against IAG and Superb constitute compulsory counterclaims which must have been filed in the Related Case.  Accordingly, Superb respectfully submits that Judge Wicks' November 2, 2024 Order denying its motion to vacate the Order directing the clerk of the Court to assign a district judge must be set aside, that this Court vacate the Order and assign this case to Judge Wicks for all purposes.

### C.  SUPERB SHOULD BE GRANTED AN EXTENSION OF TIME *SINE DIE*

Rule 6 provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.  See Fed. R. Civ. P. 6(b)(1)(A).

Further, Rule 1 provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1.  In accordance with § 1.7 of this Court's Individual Rules for Civil and Criminal Cases, Superb respectfully submits that:

(i) the reason an extension is necessary is because Superb has filed the instant motion and this motion remains pending, such that – if granted – may obviate the need for a response to the complaint, and Superb should not be forced to fall prey to the Plaintiffs' duplicative and vexatious litigation;

(ii) the original date Superb has to respond to the complaint is uncertain, as it only received a copy of this complaint at the address designated for service of process, but it is unclear when and whether the mailing came from the Secretary of State or elsewhere, and Judge Wicks previously granted Superb an extension of time *sine die* to respond to the complaint due to the then-pending motion for consolidation;

(iii) there has been one (1) previous request for an extension of time;

(iv) the sole prior request was granted by Judge Wicks;

(v) Plaintiffs did not previously consent and it is anticipated that they would not consent to the instant application, either;

(vi) it is unnecessary to propose three (3) alternative dates; and

(vii) the requested extension of time should not affect any other scheduled dates.

For the foregoing reasons, Superb respectfully submits that sufficient good cause exists to warrant this Court's exercise of discretion in favor of granting the requested extension of time.

## <u>CONCLUSION</u>

Based on the foregoing, Superb respectfully requests that the Court grant its motion to set aside Judge Wicks' November 1, 2024 and November 2, 2024 Orders, consolidate this case with the Related Case, and vacate Judge Wicks' Order directing the clerk of the court to assign a district judge, extending Superb's time to respond to the complaint *sine die* pending resolution of the instant motion, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Jamaica, New York
        November 8, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

By:   /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)

*Attorneys for Defendant*
*Superb Motors Inc.*