**KAUFMAN DOLOWICH**

135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

**Brett A. Scher**
bscher@kaufmandolowich.com

Direct: 516.283.8705
Main: 516.681.1100
www.kaufmandolowich.com

November 12, 2024

**VIA ECF**
Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 11722

      Re:    **Deo, et al v. Baron, et al.
               Case No. 2:24-cv-06903 (NJC)(JMW)**

Dear Judge Choudhury:

      We represent Cyruli, Shanks & Zizmor, LLP ("CSZ LLP"), one of the defendants named in the Complaint in this action. Pursuant to Rule 5.1 of Your Honor's Individual Rules we write to the Court to request a pre-motion conference with respect to an intended motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      As best as can be discerned from Plaintiffs' 599-paragraph Complaint, Plaintiffs are trying to use this lawsuit to pre-emptively litigate the issues being asserted in a directly related lawsuit already pending before this Court entitled *Superb Motors Inc et. al. v. Anthony Deo, et al,* Case No. 1:23-cv-6188 (JMW) – most critically the issue of who owns and controls the two limited liability companies at the heart of both lawsuits – NorthShore Motor Leasing LLC ("Northshore") and 189 Sunrise Hwy Auto, LLC ("189 Sunrise"), under the guise of claims of legal malpractice, tortious interference with business relations, unjust enrichment, conspiracy and most bizarrely, racial discrimination. The Complaint relies primarily on the vague and conclusory allegation that "CSZ [LLP] performed services for [Northshore and 189 Sunrise] without [the Deos'] authorization . . . ." Complaint, ¶¶29, 297. Plaintiffs appear to contend that CSZ LLP should be subject to liability based upon their filing of two lawsuits which, *inter alia,* disputed Anthony Deo and Sara Deo's ownership and control of both companies.[1] More specifically, the Complaint alleges that CSZ LLP and co-defendant law firm Milman Labuda Law Group ("MLLG") "filed lawsuits known herein as Actions 1 & 2 . . . [which were allegedly] frauds upon the Courts in which they are and were filed and constitute on-going intentional interference with the Plaintiffs' businesses and business relations." *Id.* at 303.

      "Action 1" was a case filed in the Supreme Court of New York, Nassau County, entitled *Brian Chabrier et. al. v. Anthony Deo, et. al.,* Index No. 617224/2022. Action 1 specifically alleged that the issue of ownership of Northshore and 189 Sunrise was in dispute. *See e.g.* Ex. "M", ¶¶ 109-201. Action 1 was eventually discontinued without prejudice via a Stipulation of Discontinuance without prejudice signed by all parties and filed on September 22, 2023.

      "Action 2" is a case **that has been pending before this Court since August 2023** entitled *Superb Motors Inc et. al. v. Anthony Deo, et al,* Case No. 1:23-cv-6188 (JMW). Action 2 contains

---

[1] The Complaint also asserts that CSZ LLP allegedly obtained PPP funds for Northshore and 189 Sunrise and then diverted those funds but provides no facts or evidence to support this conclusory assertion.

allegations that Deo is not a member of Northshore or Sunrise and that Deo took "numerous actions for his own benefit causing damage to Northshore and Sunrise . . . ." (Ex. "O", ¶¶ 47-263). Action 2 seeks damages from Deo as well as *inter alia* "injunctive relief in returning operational control, vehicles, dealer plates, and any other assets of Plaintiffs [Northshore and 189 Sunrise]."

### A. The Complaint Fails to Allege Plausible Claims Against CSZ LLP

As it pertains to CSZ LLP, the Complaint does not articulate a plausible claim. To survive a Rule 12(b)(6) motion, a Complaint must set forth sufficient factual allegations to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v Iqbal*, 556 US 662, 678 (2009) (*quoting Twombly*, at 570). In essence, Plaintiffs' Complaint seeks to adjudicate the issue of ownership and control of Northshore and 189 Sunrise by claiming that CSZ LLP, the attorneys representing those entities in Action 2, supposedly lacked the authority to file those lawsuits on the entities' behalf. Such a "back door" attempt to litigate the issues in a year-old pending action cannot be condoned.

In addition, since the Complaint is grounded in allegations of fraudulent conduct, the Complaint violates Fed. R. Civ. P. 8 and 9(b) because it relies on impermissible group pleading that lumps all defendants/groups of defendants together. *See e.g. Canon U.S.A., Inc. v. F & E Trading LLC*, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017).

### B. There is no Viable Tortious Interference with Business Relations Claim

The Complaint alleges that several co-defendants and all the "Professionals" "acted intentionally to interfere with and ruin the corporate Plaintiffs and the Deos' businesses, livelihoods, and on-going business relationships with customers and others . . ." *See* Complaint, Count II (¶¶362-374) and Count IV (¶¶386-405).

At bar, Plaintiffs' failure to identify the third parties with whom CSZ LLP allegedly interfered with, and how CSZ LLP did so, is fatal to their claim. *See, e.g., Oneida Grp., Inc. v. Steelite Int'l U.S.A, Inc.*, 2017 WL 6459464, at *10 (E.D.N.Y. Dec. 15, 2017) (General references to interference with "customers" insufficient to plead tortious interference claim) Likewise, "conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." *Armored Group, LLC v Homeland Sec. Strategies, Inc.*, 2009 WL 1110783, at *2 (S.D.N.Y. Apr. 21, 2009). As the Complaint here relies on allegations of wrongdoing directed against Plaintiffs, the claim fails on this basis also.

### C. The Complaint Fails to Articulate a Viable Professional Malpractice Claim

In order to plead a claim for professional malpractice, plaintiffs must allege the existence of an attorney-client relationship and conduct that was a deviation from the standard of care and proximately caused damages. *Judd Burstein, P.C. v. Long*, 2017 WL 3535004, at *6 (S.D.N.Y. Aug. 16, 2017), *aff'd*, 797 F. App'x 585 (2d Cir. 2019); *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007). As noted above, the Complaint alleges legal malpractice based upon a conclusory assertion that CSZ LLP commenced Actions 1 and 2 without Plaintiffs' "permission" and supposedly failing to side with Plaintiffs in their ongoing dispute over ownership and control of Northshore and 189 Sunrise. *See* Complaint ¶¶449-458. In addition to not even articulating a viable claim of malpractice, the claim is an improper tactical maneuver, attempting to undermine a pending lawsuit by claiming that CSZ LLP was not authorized to represent the plaintiff entities in that

litigation. Such an outlandish allegation should have been raised in Action 2. Given that Action 2 is a battle for control of Northshore and 189 Sunrise and there has been no determination of that issue yet, a malpractice action based upon Plaintiffs' unilateral determination of the issue[2] in its favor, is baseless. In addition, the Complaint fails to allege proximately caused damages resulting from CSZ LLP's alleged acts, further warranting dismissal.

### D. The Complaint Fails to Allege Viable Violation of Constitutional Rights

The Complaint bizarrely attempts to allege that CSZ LLP "violated extensive state and federal anti-discrimination statutes in their unethical and racially charged treatment of the Defendants," but fails to articulate how or when CSZ LLP engaged in any discriminatory conduct. Complaint, ¶503. The Complaint's failure to include factual allegations of Plaintiffs' alleged deprivation of Constitutional rights or how CSZ LLP could be deemed a state actor are fatal to the claim. *See Fonte v. Bd. of Managers of Continental Towers Condo,* 848 F.2d 24, 25-26 (2d Cir. 1988); *Phillips v Sage Colls.,* 83 Fed. Appx. 340, 341 (2d Cir. 2003).

### E. The Complaint Fails to Allege a Claim for Conspiracy or Fraudulent Concealment

In addition to failing to satisfy the requirements of Fed. R. Civ. P. 9(b), Plaintiffs have failed to plead the fraud-based claim with specificity. *Nakahata v. N.Y.-Presbyterian Healthcare Sys.,* 723 F.3d 192, 197 (2d Cir. 2013). The Complaint fails to offer any specific facts as to how CSZ LLP defrauded Plaintiffs or conspired with the other defendants to do so. With no underlying fraud claim, the conspiracy claim must fail as well.

### F. The Complaint Fails to Allege a Viable Claim for Unjust Enrichment

To plead unjust enrichment, a plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004). Here, Plaintiffs have failed to allege any facts as to how CSZ LLP was enriched at Plaintiffs' expense. It is not alleged that Northshore or Sunrise paid CSZ LLP any legal fees, and, in fact, they did not. In addition, the connection between Plaintiffs and CSZ LLP is too attenuated to support such a claim. *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182 (2011).

### G. The Complaint Should be Dismissed Under the Prior Pending Action Doctrine

Alternatively, this Complaint should be dismissed in favor of a prior pending action before this Court (what Plaintiffs refer to as Action 2). It is a well-settled principle in the Second Circuit that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989). As discussed above, Plaintiffs are attempting to litigate the issues at the core of Action 2 in this lawsuit. Action 2 has been pending for more than a year and this case should be dismissed given the realistic chances of conflicting outcomes between the two cases.

Respectfully submitted,
**KAUFMAN DOLOWICH LLP**

Brett A. Scher

---

[2] Plaintiffs' self-determination of the issue is apparent from the Complaint's "demand" that "CSZ and MLLG are specifically instructed to abandon their representations of the corporate Plaintiffs herein, and to cease and desist from ever again representing any of the Plaintiffs going forward in time." *Id.* at 306.