

**Perry A. Napolitano**
Direct Phone: +1 412 288 7230
Email: pnapolitano@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

November 12, 2024

**BY ECF**

Hon. Nusrat J. Choudhury
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 11722

Re:   *Deo, et al v. Baron, et al.*, **Case No. 2:24-cv-06903 (NJC) (JMW) (the "Action")**

Dear Judge Choudhury:

This law firm represents Ally Financial Inc. ("Ally") in the Action.

Pursuant to Rule 5.1.2 of Your Honor's Individual Rules for Civil and Criminal Cases, and in light of the reassignment of this Action to Your Honor, Ally respectfully renews its prior request for a pre-motion conference seeking leave to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint.

On October 30, 2024, and prior to the Action being reassigned to Your Honor, Ally filed a letter, dated October 30, 2024 [ECF No. 34] (the "Ally Pre-Motion Conference Letter"), requesting that Magistrate Judge Wicks schedule a pre-motion conference for leave to file a Rule 12(b)(6) motion to dismiss. A copy of the Ally Pre-Motion Conference Letter, together with the jointly proposed briefing schedule, is annexed hereto as Exhibit A. Pursuant to Magistrate Judge Wicks' Individual Rules, for purposes of time requirements for the filing of answers and motions under FRCP 12(a), the Ally Pre-Motion Conference Letter is considered the equivalent of the motion itself.

Accordingly, Ally respectfully renews, and/or resubmits, its request for a pre-motion conference for leave to file a motion to dismiss the Complaint. The basis of the anticipated Rule 12(b)(6) motion, together with the jointly proposed briefing schedule on the motion, is set forth in the Ally Pre-Motion Conference Letter.

Pursuant to Rule 5.1.4 of Your Honor's Individual Rules for Civil and Criminal Cases, it is respectfully submitted that the Ally Pre-Motion Conference Letter, and/or the within renewed request for a pre-motion conference, shall constitute the timely service of a motion to dismiss.

- 2 -

Respectfully Submitted,

By: */s/ Perry A. Napolitano*
    Perry A. Napolitano

cc: All Appearing Counsel (by ECF)

# EXHIBIT A



|  | Reed Smith LLP |
|---|---|
|  | Reed Smith Centre |
|  | 225 Fifth Avenue |
|  | Pittsburgh, PA 15222-2716 |
|  | +1 412 288 3131 |
|  | Fax +1 412 288 3063 |
|  | reedsmith.com |

**Perry A. Napolitano**
Direct Phone: +1 412 288 7230
Email: pnapolitano@reedsmith.com

October 30, 2024

**BY ECF**

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re: *Deo, et al v. Baron, et al.*, **Case No. 2:24-cv-06903 (JMW) (the "Action")**

Dear Judge Wicks:

This law firm represents Ally Financial Inc. ("Ally") in the Action.

Pursuant to Rule 3(D)(1) of Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference for leave to file a 12(b)(6) motion to dismiss the Complaint.[1]

The dispute that precipitated this Action has nothing to do with Ally, and Plaintiffs' Complaint fails to set forth any facts or legal theory that could support a claim against Ally. Ally is a stranger to the ownership dispute at the core of both this Action, which was removed after being strategically filed by Plaintiffs in New York state court, and a materially duplicative action already before this Court (*Superb Motors Inc. et al v. Deo, et al*, 2:23-CV-6188). Because the Complaint fails to allege any cognizable claims against Ally, Plaintiffs' claims against Ally should be dismissed, with prejudice.[2]

### I. The Complaint Fails to Satisfy Rule 8

The Complaint violates Rule 8 because it resorts to impermissible group pleading that lumps all defendants/groups of defendants in an undifferentiated manner, and otherwise fails to give Ally adequate notice of what it purportedly did wrong. On this basis alone, the Complaint must be dismissed. *See e.g., Romualdo v. Guru Krupa 104 Corp.*, 2023 U.S. Dist. LEXIS 156868, *21-22

---

[1] Ally reserves the right to make additional arguments in support of its motion at the pre-motion conference.
[2] It appears that Plaintiffs have named several innocent parties, such as Ally, in a tactical ploy in their ownership dispute.

(E.D.N.Y. September 1, 2023); *The Echeck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, 2017 U.S. Dist. LEXIS 93143, \*6-7 (S.D.N.Y. June 6, 2017).

Furthermore, because the Complaint consists of conclusory allegations unsupported by any actionable factual assertions against Ally, the Complaint fails even the liberal pleading standard of Rule 12(b)(6). *See e.g., De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996).

## II. Each Count Against Ally (Counts II, VIII, IX, X, XI) Fails on its Face

(a) *Intentional Interference with Business Relations*

Plaintiffs' failure to identify a third-party with which they had a business relationship is fatal to Plaintiffs' claim for interference with business relations because general allegations of interference with "customers" are insufficient as a matter of law. *See e.g., Oneida Grp., Inc. v. Steelite Int'l U.S.A, Inc.*, 2017 U.S. Dist. LEXIS 206717, \*26 (E.D.N.Y. December 15, 2017); *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, 2016 U.S. Dist. LEXIS 87345, \*19-20 (S.D.N.Y. July 5, 2016).

This claim also must be dismissed because the alleged conduct is directed at Plaintiffs themselves, not any third-party. *See e.g., Armored Group, LLC v. Homeland Sec. Strategies, Inc.*, 2009 U.S. Dist. LEXIS 61006, \*5-6 (S.D.N.Y. April 21, 2009); *Plastic v. Flint Hills Res.*, 852 F. Supp.2d 398, 403 (S.D.N.Y. 2012).

(b) *Breach of Contract*

Plaintiffs' own Complaint disclaims an essential element of a breach of contract claim, explicitly asserting that Plaintiffs had valid contracts only with parties other than Ally.[3] *See e.g., Nwoye v. Obama*, 2024 U.S. App. LEXIS 5143, \*3 (2d Cir. 2024); *Iosilevich v. TD Bank, N.A.*, 2021 U.S. Dist. LEXIS 255687, \*4-5 ( E.D.N.Y. Feb 9, 2021).

This claim is also subject to dismissal because Plaintiffs fail to allege any specific term of the purported "agreement" that was breached, and "New York law is eminently clear that a proper breach of contract claim must identify specifically breached terms." *See CreditSights, Inc. v. Ciasullo*, 2008 U.S. Dist. LEXIS 91481, \*31 (S.D.N.Y. Sept. 5, 2008). *See also Marans v. Intrinsiq Specialty Sols., Inc.*, 2018 U.S. Dist. LEXIS 169637, \*9 (S.D.N.Y. Sept. 30, 2018).

(c) *Constitutional and Civil Rights Violations*

Where, as here, a civil rights complaint fails to make specific factual allegations indicating a deprivation of rights, the complaint will not survive a motion to dismiss. *See Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25-26 (2d Cir. 1988). *See also Noble v. Carter*, 2024 U.S. Dist. LEXIS 154152, \*15 (E.D.N.Y. July 19, 2024); *Ying Li. v. City of New York*, 246 F. Supp.3d 578, 598 (E.D.N.Y. March 31, 2017).

---

[3] *See* Complaint ¶ 342.

The constitutional claims also fail because Ally is a private party and there are no allegations of state action. *See e.g., Yoonessi v. New York State Bd. For Prof'l Med. Conduct*, 2005 U.S. Dist. LEXIS 40035, *73 (W.D.N.Y. 2005).

(d) *Fraud Claims*

Where multiple defendants are alleged to have committed fraud, broad-brush allegations and blanket references to actions or omissions by all defendants are insufficient to satisfy the heightened Rule 9(b) pleading requirements. *Gurfein v. Ameritrade, Inc.*, 411 F. Supp.2d 416, 426-427 (S.D.N.Y. 2016).

Here, the Complaint fails to allege any specific facts as to how Ally allegedly defrauded Plaintiffs, which is fatal to Plaintiffs' fraud claim. *See e.g., In re Aegean Marine Petroleum Network, Inc.*, 529 F. Supp.3d 111, 147 (S.D.N.Y. 2021); *Gold v. Fields*, 1993 U.S. Dist. LEXIS 8094, *14-15 (S.D.N.Y. June 11, 1993).

Furthermore, with "no underlying fraud claim, the conspiracy to commit fraud claim must fail as well." *See Podlin v. Ghermezian*, 2014 U.S. Dist. LEXIS 75503, *24 (S.D.N.Y. May 28, 2014). Moreover, Plaintiffs have failed to allege the requisite elements of a conspiracy claim, including, without limitation, the parties' intentional participation in furtherance of a common purpose or plan. *See JHW Greentree Capital, L.P. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 27156, *33 (November 10 S.D.N.Y. 2005).

(e) *Unjust Enrichment*

Plaintiffs' unjust enrichment claim fails because Plaintiffs have not alleged sufficient facts to support an inference that Ally was unjustly enriched at Plaintiffs' expense. *See e.g., Finkel v. E.A. Techs., Inc.*, 2014 U.S. Dist. LEXIS 123616, *19 (E.D.N.Y. 2014). The claim is also subject to dismissal because the connection between the parties, if any, is too attenuated, and moreover, the Complaint fails to indicate a relationship between the parties that could have caused reliance/inducement. *See e.g., Mandarin Trading Ltd. v. Wildenstein*, 16 NY3d 173, 182 (2011).

Based upon the foregoing, Ally respectfully requests leave to file a 12(b)(6) motion to dismiss.

Respectfully Submitted,


By: */s/ Perry A. Napolitano*
    Perry A. Napolitano


cc: All Appearing Counsel (by ECF)

## PROPOSED BRIEFING SCHEDULE FOR ALLY FINANCIAL INC.'S ("ALLY") MOTION TO DISMISS ("MOTION TO DISMISS")

Plaintiffs and Ally, by and through their represented counsel, have agreed to the following briefing schedule on the Motion to Dismiss:

- Ally will file the Motion to Dismiss within four (4) weeks of the Court granting Ally leave to file the Motion to Dismiss;

- Plaintiffs will file their opposition papers to the Motion to Dismiss, if any, within five (5) weeks of the filing of the Motion to Dismiss; and

- Ally will file its reply papers in further support of the Motion to Dismiss within three (3) weeks of the filing of Plaintiffs' opposition papers.