

Anthony C. Valenziano
Partner

T. 973.302.9696  F. 973.302.9947
avalenziano@shermanatlas.com

November 13, 2024

**VIA ECF**

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

**Re:**   *Deo v. Baron, et al.*
         **Civil Action No. 2:24-cv-6903**

Dear Judge Choudhury:

We represent defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, we respectfully request a pre-motion conference regarding a proposed motion to dismiss the Complaint as to Chase pursuant to Federal Rules of Civil Procedure 12(b)(6).

On October 28, 2024, prior to this action being reassigned to Your Honor, Chase filed a letter motion requesting that Magistrate Judge Wicks schedule a pre-motion conference concerning Chase's request to file a motion to dismiss. [*See* ECF No. 32.] A copy of Chase's letter motion is attached hereto as Exhibit A.

Due to the reassignment of this matter to Your Honor, Chase respectfully renews its request for a pre-motion conference for leave to file a motion to dismiss the Complaint. Chase is prepared to file its motion within four weeks of the Court granting leave to file the motion, with opposition due within five weeks, and any reply due within three weeks of being served with opposition.

Respectfully Submitted,

*/s/ Anthony C. Valenziano*

Anthony C. Valenziano

cc:  All Counsel of Record (via ECF)

## **EXHIBIT A**



Anthony C. Valenziano
Partner

T. 973.302.9696   F. 973.302.9947
avalenziano@shermanatlas.com

October 28, 2024

**VIA ECF**

Hon. James M. Wicks, U.S.M.J.
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

**Re:**   *Deo v. Baron, et al.*
          **Civil Action No. 2:24-cv-6903**

Dear Judge Wicks:

We represent defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, we respectfully request a pre-motion conference regarding a proposed motion to dismiss the Complaint as to Chase pursuant to Federal Rules of Civil Procedure 12(b)(6).

While difficult to discern, the Complaint is another salvo in the long-drawn-out saga between the plaintiffs, who currently are defendants in the related matter, *Superb Motors Inc. v. JPMorgan Chase Bank, N.A.*, Civil Action No. 2:23-cv-6188 (the "Related Action") and their former business partners, the plaintiffs in the Related Action. Chase, unfortunately, has been drawn into this dispute as it maintained checking accounts for the parties' businesses.[1]  However, notwithstanding the 500+ number of allegations, the Complaint fails to make out a cognizable claim against Chase for the following reasons.

> **A.** **<u>Plaintiffs' Breach of Contract Claim is Barred by the Terms and Conditions of the Deposit Agreement and Otherwise Non-Actionable (Count VIII)</u>**

While an action for breach of contract under New York law must generally be asserted within six years, courts have routinely upheld the enforcement of bank agreements that shorten the statute of limitations, including the very provision at issue here – the two-year statute of limitations agreed to by the account holders contained in the deposit agreement that governs the accounts at issue (the "Deposit Agreement"). *See e.g. Diana Jewelers of Liverpool, Inc. v. A.D.T. Co.*, 562 N.Y.S.2d 305, 306 (4th Dep't 1990) ("a reasonable contractual shortening of the period of limitations is

---

[1] Chase notes that while the Complaint identifies Chase as one of the "Lenders," the Complaint nevertheless fails to allege that there was any lending relationship between Chase and the plaintiffs and that the relationship between Chase and the plaintiffs arises exclusively from the bank accounts maintained at Chase.

statutorily authorized (*see*, CPLR 201) and, absent a showing of fraud, duress or misrepresentation, will be upheld."); *Oppedisano v. D'Agostino*, 151 N.Y.S.3d 150 (2d Dep't 2021) ("The causes of action asserted against Chase were time-barred [. . .] plaintiffs failed to commence the action against it within the contractually-shortened limitations period found in the account agreements between the parties.)  Here, virtually all of the allegations that form the basis of the plaintiffs' breach of contract claim relate to conduct that transpired in 2020 and 2021, more than two years prior to the filing of the Complaint.

And the only conduct that is alleged to have occurred within the last two years, the purported $735,000 withdrawal in November 2022, cannot form a basis for a claim of breach of contract because, as admitted by the plaintiffs in the Complaint, those funds were immediately returned. "The essential elements of an action for breach of contract under New York law are: (1) formation of a contract between the parties; (2) performance by plaintiff; (3) non-performance by defendant; and (4) resulting damages to plaintiff."  *Bonnie & Company Fashions, Inc. v. Bankers Trust Company*, 945 F. Supp. 693, 711 (S.D.N.Y.1996).  Where, as is the case here, there is no damage, a party cannot sustain a claim of breach of contract.  *See Prince v. American Airlines, Inc.*, 1999 WL 796178 (S.D.N.Y. Oct. 6, 1999).

Finally, neither individual plaintiff, Anthony Deo or Sara Deo, can maintain a breach of contract claim individually as the accounts at issue are admittedly business accounts entitled to the LLC plaintiffs.

### B. Plaintiffs Cannot Assert Claims of "Constitutional Violations and Civil Rights Violations" Against Chase, a Private Actor (Count IX)

The plaintiffs' purported "constitutional" claims are meritless and must be dismissed as a matter of law.  "A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999); *Futia v. Roberts*, 2023 WL 8237246, at *8 (S.D.N.Y. Nov. 28, 2023) (dismissing Fourth and Fifth Amendment claims asserted against Chase because "Chase is a private party that cannot be sued for constitutional violations…"); *Varlack v. TD Bank North*, 2023 WL 6811108, at * 2 (S.D.N.Y. Oct. 16, 2023) (dismissing plaintiff's claims of federal constitutional violations against two banks because such claims could only be asserted against government, not private parties).   Here, Chase, a private entity, cannot be held liable for purported violations of Plaintiffs' "due process" and "equal protection" rights.

The plaintiffs also cannot proceed on a claim premised on Title VI of the Civil Rights Act of 1964 as to Chase.  Besides the fact that the Complaint is devoid of any allegations that specifically allege discriminatory conduct on the part of Chase, the claim fails because, as a matter of law, the plaintiffs cannot assert a Title VI claim against Chase, a private entity that is not the recipient of federal funding.  *See Wimberly v. Stern*, 2023 WL 6466465 (S.D.N.Y. Oct. 4, 2023).

### C. Plaintiffs' Claims of Civil Conspiracy to Defraud, Fraud, and Fraudulent Concealment Against Chase Fail as a Matter of Law (Count X)

Plaintiffs' vague allegations of civil conspiracy to defraud, fraud, and fraudulent concealment fail to meet the heightened pleading requirement that is set out in Rule 9(b).  There are no particular

allegations that set forth facts relating to Chase's conduct that would permit the plaintiffs to proceed on those claims. In addition to that, the plaintiffs' theory of "fraud" and "fraudulent concealment" is premised on a non-existent duty allegedly owed by Chase to the plaintiffs. As is well-settled, there is no fiduciary relationship between a bank and its customers. See *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012); *ADT Operations, Inc. v. Chase Manhattan Bank, N.A.*, 662 N.Y.S.2d 190 (Sup. Ct. 1997).

Additionally, the claims fail to the extent they are premised on conduct that transpired more than two years prior to the filing of the Complaint as they are barred by the Deposit Agreement.

Respectfully Submitted,

*[signature]*

Anthony C. Valenziano

cc: All Counsel of Record (via ECF)
4892-2188-5938, v. 1