# ZEICHNER ELLMAN & KRAUSE LLP

730 THIRD AVENUE

NEW YORK, NEW YORK 10017

TEL: (212) 223-0400

MICHAEL E. SIMS

(212) 826-5328

msims@zeklaw.com

WWW.ZEKLAW.COM

November 15, 2024

**BY ECF**

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

**Deo et al v. Baron et al**
**Case No. 2:24-cv-06903 (NJC) (JMW)**
**(NMAC and Ally Financial Inc.'s Opposition to Plaintiffs' "Motion to Disqualify Counsel")**

Dear Judge Wicks:

We represent defendant Nissan Motor Acceptance Company LLC ("NMAC") in this action. The law firm of Reed Smith LLP represents defendant Ally Financial Inc. ("Ally"). We write, together[1] with counsel for Ally, a similarly situated "Lender" defendant for the purposes herein[2], to oppose certain relief requested in plaintiffs' letter Motion to Disqualify Counsel (ECF No. 36).

As an initial point, NMAC/Ally oppose plaintiffs' use of "letter motions" to make varied, sweeping, and confusing requests for relief from the Court. This is extremely prejudicial to the defendants in this action. To the extent plaintiffs seek relief from the Court on material issues, NMAC/Ally submit that plaintiffs should be required to file a noticed motion or, as applicable, follow the pre-motion procedures of the District Judge and Your Honor. Absent adherence to these formal motion procedures and the Court's Individual Rules and Practices, it likely will not be clear (as is the case here) what relief plaintiffs are seeking or which parties the motion is directed to. That

---

[1]    To avoid duplicative filings, and further burdening this Court, Ally and NMAC believed it would be in the best interests of judicial resources to file the within joint letter.

[2]    Both NMAC and Ally have filed letter motions seeking a pre-motion conference in connection with their contemplated 12(b)(6) motions to dismiss (ECF Nos. 30, 34, 48 and 52). Further, both defendants have filed similar letters submitting that this Court should hold the consolidation motion in abeyance pending this Court holding any pre-motion conference(s), and, if permitted to be filed, the resolution of the motions to dismiss. (ECF Nos. 35 and 38).

Z E I C H N E R EL L M A N & KR A U S E llp

Judge James M. Wicks
November 15, 2024
Page 2

said, NMAC/Ally nonetheless state their opposition to plaintiffs' letter motion in compliance with the Court's November 1, 2024 Order.

First, NMAC/Ally oppose plaintiffs' request to proceed with discovery.  By Order dated October 29, 2024, the Court adjourned the Initial Rule 16 Conference and the parties' corresponding Rule 26(f) obligations *sine die*.  There was, and remains, "good cause" to stay discovery. Fed. R. Civ. P. 26(c).  Among other reasons, several defendants, including NMAC and Ally, have filed requests for a pre-motion conference for leave to move to dismiss the complaint (ECF Nos. 30, 34, 48 and 52).  NMAC and Ally's respective pre-motion letters make a compelling showing that plaintiffs' claims are patently without merit and they will be prejudiced by having to participate in discovery in a case to which they do not belong. *Amron v. 3M Minn. Mining & Mfg. Co.*, 2024 U.S. Dist. LEXIS 12759, at \*5-6 (E.D.N.Y. 2024) ("In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants [have] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."). *See also Cuhadar v. Savoya LLC* , 2024 U.S. Dist. LEXIS 163737, \*at 12 (E.D.N.Y. 2024) ("Defendant has met its burden to show a strong likelihood that Plaintiffs' claims may be unmeritorious.  The dispositive nature of defendants' pending motion to dismiss favors a stay of discovery to ensure that resources are not needlessly expended in discovery should Defendant succeed").

Moreover, several other defendants have filed pre-motion letters requesting leave to move to dismiss, and those pre-motion requests, together with Ally and NMAC's pre-motion conference letters, will be the subject, among other issues, of a conference before the District Judge on November 19, 2024.  For these reasons, and those stated in defendants' previously granted motion to adjourn the Rule 16 Conference (ECF No. 33), the Court should keep discovery stayed and the Rule 16 conference adjourned without a date.[3]

Next, plaintiffs' letter motion makes confusing and alternative requests for stays of certain or all aspects of this case.  Notwithstanding the vague nature of the request, NMAC/Ally submit that discovery should remain stayed and oppose any request by plaintiffs for a stay that could in any way affect NMAC or Ally's ability to be heard on their planned motions to dismiss, which requests are now before District Judge Choudhury (ECF No. 48).  NMAC and Ally have already suffered significant harm and prejudice having been frivolously named as defendants in this action.  Plaintiffs have not come close to alleging viable claims against either NMAC or Ally (in fact, the claims are utterly frivolous), they each seek leave to move to dismiss as soon as possible,

---

[3]    Indeed, the Court has broad discretion to grant adjournments of pretrial conference and initial pretrial conferences are routinely adjourned, *sine die*, where parties anticipate or are engaged in motion practice on the pleadings.  *See Watkins v. Harlem Ctr. for Nursing & Rehab. LLC*, 2020 U.S. Dist. LEXIS 163678, at \*1 (S.D.N.Y. 2020) (adjourning initial pretrial conference *sine die* where based on anticipated motion practice).

Zeichner Ellman & Krause llp

Judge James M. Wicks
November 15, 2024
Page 3


and nothing concerning the related action (which NMAC and Ally are not parties to and have no involvement with), or a purported grand jury investigation should impede or delay their right to seek dismissal of the complaint.  Simply stated, both Ally and NMAC are strangers to the ownership dispute at the core of both this Action and the RICO action.

Finally, while it *seems* clear that plaintiffs' request to disqualify certain counsel is not directed at either counsel to NMAC or Ally, they nonetheless note their opposition to any claim by plaintiffs (if they are making such a claim) that there is any basis to disqualify NMAC's or Ally's counsel.  To the extent this "disqualification" relief is directed at counsel for NMAC or Ally, it is utterly frivolous.

Ally and NMAC both expressly reserve the right to make any additional arguments at the status conference scheduled on November 19, 2024.

Respectfully submitted,

*/s/ Michael E. Sims*

Michael E. Sims

*Counsel for Defendant NMAC*


*/s/ Perry A. Napolitano*

Perry A. Napolitano

*Counsel for Defendant Ally Financial Inc.*


cc:    All Counsel (by ECF)

4858-7614-2586, v. 1