# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 18, 2024

**VIA ECF**

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*    **Deo v. Baron, et al.**
               **Case No.: 2:24-cv-06903 (NJC) (JMW)**

Dear Judge Choudhury:

      The undersigned represents *pro se* defendant Milman Labuda Law Group PLLC ("MLLG") in the above-referenced matter. MLLG requests a pre-motion conference regarding its anticipated motion to dismiss Plaintiffs' six (6) claims against MLLG for intentional interference with business relations (counts II and IV); malpractice (count VII); constitutional violations (count IX); civil conspiracy (count X), and unjust enrichment (count XI).

      At the outset, critically, the Complaint violates Fed. R. Civ. P. 8 by resorting to impermissible group pleading and failing to provide MLLG sufficient notice as to what MLLG, specifically, purportedly did wrong. The malpractice claim, for example, lumps MLLG with CSZ in asserting various ways malpractice was committed, but fails to identify what matters MLLG represented Plaintiffs in other than with regard to PPP loans. With regard to the other claims asserted against MLLG, the complaint merely lumps MLLG together with all of the other defendants. Dismissal is therefore warranted. *Romualdo v. Guru Krupa 104 Corp.*, 2023 U.S. Dist. LEXIS 156868, *21-22 (E.D.N.Y. September 1, 2023).

**Intentional Interference with Business Relations (counts II and IV)**

      To state a claim for tortious interference with business relations, "a plaintiff must adequately allege that: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted with a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. Appx. 102, 105 (2d Cir. 2012). With regard to the third element, wrongful means, plaintiffs must allege that MLLG's conduct amounted to a "crime or independent tort." *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004).

      Plaintiffs allege that by MLLG filing lawsuits against Anthony Deo ("Deo") on behalf of some of MLLG's co-defendants in this action, MLLG intentionally interfered with Plaintiffs' businesses and business relations. Complaint ¶ 303. However, the allegations contained in the pleadings drafted by MLLG on behalf of its clients are shielded by the absolute privilege, warranting dismissal. *See Deaton v. Napoli*, 2019 U.S. Dist. LEXIS 167954 (E.D.N.Y. Sept. 27, 2019).

      Moreover, Plaintiffs allege no facts regarding how MLLG allegedly "interfered" with their

Case 2:24-cv-06903-NJC-JMW   Document 60   Filed 11/18/24   Page 2 of 4 PageID #: 864

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court Eastern District of New York
November 18, 2024
P a g e | **2**

"business relations" or how MLLG's alleged conduct amounted to a crime or an independent tort or how MLLG's conduct allegedly injured plaintiffs' business relationship with a third party. *Miller v. Levi & Korsinsky, LLP*, 2021 U.S. Dist. LEXIS 27448, at *24 (S.D.N.Y. 2021) (dismissing tortious interference claim based on legal conclusions).

Nor do Plaintiffs identify a third-party with which they had a business relationship. *See, e.g.*, *Oneida Grp., Inc. v. Steelite Int'l U.S.A, Inc.*, 2017 U.S. Dist. LEXIS 206717 at *26 (E.D.N.Y. December 15, 2017); *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, 2016 U.S. Dist. LEXIS 87345, at *19-20 (S.D.N.Y. July 5, 2016).

**Malpractice (count VII)**

Plaintiffs allege that MLLG represented NorthShore and 189 Sunrise but did not first obtain Deo's consent or discuss the representation with Deo. It is axiomatic that not every member of an LLC must agree to retain counsel and that counsel is not required to discuss the legal representation of an LLC with each member of an LLC. Notably, Exhibit T to the Complaint establishes that Deo (to the extent he was even a shareholder of NorthShore and/or 189 Sunrise, about which MLLG had no knowledge) was aware on April 4, 2020 that MLLG was representing NorthShore and 189 Sunrise in connection with PPP loans. See ECF Docket Entry 1-26. In any event, the failure to discuss the representation of an LLC with each purported member of the LLC (or with the sole member of the LLC, as Deo contends he was) does not constitute a claim for negligence. *See Schlam Stone & Dolan, LLP v Howard R. Poch*, 40 Misc. 3d 1213(A) (Sup. Ct. N.Y. Cty. July 9, 2013).

The only alleged legal representation of 189 Sunrise and/or NorthShore by MLLG relates to "Pandemic Relief Funds." (Complaint ¶ 299). Yet, the Complaint alleges nineteen (19) different ways MLLG committed malpractice, eighteen (18) of which have nothing to do with MLLG's representation concerning Pandemic Relief Funds. (Complaint ¶ 450).

The statute of limitations for malpractice claims is three (3) years. CPLR 216(6). According to Exhibit T to the Complaint (upon which Plaintiffs rely in support of the malpractice claim), the representation of NorthShore and 189 Sunrise with regard to the PPP loans occurred in April 2020. However, Plaintiffs did not commence this action until September 4, 2024, more than four (4) years after MLLG's representation of NorthShore and 189 Sunrise in connection with the PPP loans. Therefore, the malpractice claim is barred by the three-year statute of limitations.

With regard to the other eighteen (18) ways in which MLLG allegedly committed malpractice which are unrelated to its representation concerning Pandemic Relief Funds, an attorney may not be held liable for failing to act outside the scope of a retainer. *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 866 NE2d 1033, 834 NYS2d 705 (2007). Because there is no allegation that MLLG was retained to perform any legal services for 189 Sunrise and/or NorthShore other than related to Pandemic Relief Funds, the malpractice claim relating to any other alleged acts must be dismissed. *See Kohler v. Polsky*, 219 A.D.3d 821 (2d Dept. Aug. 23, 2023); *Attallah v Milbank, Tweed, Hadley & McCloy, LLP*, 168 A.D.3d 1026 (2d Dept. Jan. 30,

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court Eastern District of New York
November 18, 2024
P a g e | 3

2019).

The only allegation related to Pandemic Relief Funds alleges that MLLG "assist[ed] in the theft of the PPP funds from 189 Sunrise and North Shore and benefitting therefrom either directly (by wrongfully taking some of those funds for themselves) or continuing to assist the Aaronson Defendants in stealing those funds from the corporate Plaintiffs while keeping the Billionaire Aaronson Defendants' business for MLLG and CSZ thereby." (Complaint ¶ 450). This allegation consists of an alleged intentional act, not negligence. *Messina v. Matarasso*, 284 A.D.2d 32 (App. Div. July 12, 2001).

To the extent the Complaint is brought on behalf of Deo, he does not allege that MLLG represented him, which is fatal to a malpractice claim.

**Constitutional Violations (count IX)**

"A threshold requirement of plaintiff's constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999). Here, MLLG, a private entity, cannot be held liable for purported violations of Plaintiffs' "due process" and "equal protection" rights. *Phillips v Sage Colls.*, 83 Fed. Appx. 340, 341 (2d Cir. 2003) ("[T]he United States Constitution regulates only government action, not that of private parties.")

Moreover, as discussed *supra*, MLLG is shielded by the absolute privilege in connection with its representation of Superb and Urrutia in the action Superb and Urrutia commenced against Deo that is pending before Judge Wicks.

**Civil Conspiracy (count X)**

To state a claim for civil fraud conspiracy, a plaintiff is required to plead the "underlying acts of fraud" with particularity, which they have failed to do with regard to MLLG. *Inspired Capital, LLC v. Conde Nast*, 803 *Fed. Appx.* 436, 441 (2nd Cir. 2020). In addition to failing to adequately allege an underlying fraud, plaintiffs fail to allege: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a common purpose or plan; and (4) resulting damage or injury." *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 226150, at *50 (S.D.N.Y. 2020).

Moreover, as discussed *supra*, MLLG is shielded by the absolute privilege in connection with its representation of Superb and Urrutia in the action Superb and Urrutia commenced against Deo that is pending before Judge Wicks.

**Unjust enrichment (count XI)**

To plead unjust enrichment, a plaintiff must allege that "(1) defendant was enriched, (2) at

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court Eastern District of New York
November 18, 2024
P a g e | **4**

plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). Plaintiffs have failed to allege how MLLG was enriched at Plaintiffs' expense warranting dismissal of this claim.

Moreover, as discussed *supra*, MLLG is shielded by the absolute privilege in connection with its representation of Superb and Urrutia in the action Superb and Urrutia commenced against Deo that is pending before Judge Wicks.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.