# EXHIBIT P

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

————————————————————————x

ROBERT ANTHONY URRUTIA,

               Plaintiff,

               -against-

ANTHONY DEO,

               Defendant.

————————————————————————x

INDEX NO.:
DATE FILED:

**SUMMONS**

**BASIS OF VENUE**
IS BY AGREEMENT

**TO THE ABOVE-NAMED DEFENDANT:**

     YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to appear in this action by serving a Notice of Appearance, on plaintiffs' attorney, at the address indicated below, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

     YOU ARE HEREBY NOTIFIED that, if you fail to answer or appear, judgment will be taken against you by default for the relief requested in the verified complaint and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 9, 2023        **MILLER, LEIBY & ASSOCIATES, P.C.**

                    By:    */s/ Jeffrey R. Miller*
                          Jeffrey R. Miller, Esq.
                          *Attorneys for Plaintiff*
                          *Robert Anthony Urrutia*
                          32 Broadway, 13th Floor
                          New York, New York 10004
                          Tel: (212) 227-4200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

————————————————————————x

ROBERT ANTHONY URRUTIA,

               Plaintiff,

      -against-

                                     Index No. _____

                                   **VERIFIED COMPLAINT**

ANTHONY DEO,

               Defendant.

————————————————————————x

      Plaintiff Robert Anthony Urrutia (hereinafter referred to as "Urrutia"), by his attorneys,

Miller, Leiby & Associates, P.C., as and for his verified complaint against the above-named

defendant, allege as follows:

1.      Urrutia is an individual having an address at 327 Lakewood Terrace, Newton, New

Jersey 07860.

2.      Defendant Anthony Deo (hereinafter referred to as "Deo") is an individual with, upon

information and belief, an address at 3 Saddle Ridge Road, Old Westbury, New York 11568 or at

3 Hunting Lane, Old Westbury, NY 11568.

3.      Urrutia, at all times relevant herein, has been an owner and president of Superb Motors

Inc. (hereinafter referred to as "Superb"), a high-end used car dealership in Great Neck, New

York, and the sole member of Team Auto Sales LLC, a wholesale used car operation that he

owns and operates out of New Jersey.

4.      Urrutia also owns Volkswagen of Freehold, in New Jersey, Team Mitsubishi-Hartford, in

Connecticut, and Team Nissan in Pittsfield, Massachusetts.

5.      After decades of working in the automobile industry, Urrutia, several years ago, realized his goal of owning dealerships.

6.      In or about February 2022, Urrutia was introduced to Deo through a mutual acquaintance.

7.      Urrutia's initial meeting with Deo principally concerned Deo's funding needs for acquiring a car dealership, with the potential of Urrutia investing in dealerships that Deo represented that he owned and that he further represented were lucrative businesses.

8.      The discussion also included Urrutia's potentially securing a minority stake in a new Nissan dealership on Long Island.

9.      This initial meeting did not result in any decision by which Urrutia and Deo would work together.

10.     Deo's name, however, resurfaced towards the end of October 2022.

11.     At that time, Urrutia was exploring options for a partner to support Superb, while Urrutia was dealing with various matters at his other dealerships.

12.     On November 3, 2022, Urrutia met with Deo at Superb to explore a potential partnership.

13.     Subsequent discussions took place concerning what a potential partnership might encompass.

14.     Deo also visited Superb on or about November 12, 2022, which allowed him to gain insight into the operation of the dealership.

15.     After Deo observed the operations of Superb over the course of a few days, he and Urrutia worked out the terms of a partnership.

16.     The terms of the partnership are embodied in a "Cross-Purchase Agreement," dated December 1, 2022 (hereinafter referred to as the "Agreement"), annexed hereto as Exhibit "1."

17.     Pursuant to the Agreement, Urrutia transferred to Deo a forty-nine percent (49%) ownership interest in Superb, in consideration for $500,000 *and* a twenty-five percent (25%) interest in each of Northshore Motor Leasing LLC (hereinafter referred to as "Northshore") and of 189 Sunrise Hwy Auto LLC (hereinafter referred to as "Sunrise"), of each of which Deo represented, in the Agreement, as well as verbally, he owned one hundred percent (100%).

18.     Deo's representations of his ownership of Northshore and of Sunrise and of his ability to transfer a twenty-five percent (25%) ownership interest in each was false.

19.     Deo did not have any ownership interest in Northshore or in Sunrise.

20.     Upon information and belief, Deo's representations, made in the Agreement, that, to his knowledge, there was no pending or threatened litigation that "could adversely affect the ability of Anthony [Deo] to perform any of [his] obligations under this Agreement, including [his] obligation to convey the Northshore Units free and clear of all liens and encumbrances" and "to convey the Sunrise Units free and clear of all liens and encumbrances" also were false.

21.     Prior to entering into the Agreement, Deo also provided Urrutia with fraudulent financial statements inflating the gross revenues and profits for each of Northshore and Sunrise.

22.     Deo's purpose in providing Urrutia with fraudulent financial statements was falsely to portray Northshore and Sunrise, of which Deo falsely claimed ownership, as being more profitable than they were.

23.     Subsequent to the execution of the Agreement, in December 2022, Urrutia, Superb, and Deo entered into a shareholders agreement (hereinafter referred to as the "Shareholders Agreement"), annexed hereto as Exhibit "2," which expressly is premised upon the shares outstanding of Superb being owned 51% by Urrutia and 49 %by Deo.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment)

24.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23 of this verified complaint, as if fully set forth herein.

25.     Pursuant to the Agreement, Urrutia transferred a forty-nine percent (49%) ownership interest in Superb to Deo in consideration for, *inter alia*, a twenty-five percent (25%) ownership interest in Northshore and in Sunrise, each of which Deo represented he fully owned and for each of which Deo represented that he had the authority to transfer to Urrutia a 25% interest.

26.     Because Deo did not own Northshore or Sunrise and could not transfer an ownership interest in those dealerships to Urrutia, in addition to other material false representations made by Deo, the Agreement between Urrutia and Deo, by which Deo obtained an ownership interest in Superb under false pretenses and without the parties' bargained-for consideration, is void.

27.     Plaintiffs are entitled to a declaratory judgment declaring that

(a)     the Agreement is void;

(b)     Deo has no ownership interest in Superb.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Rescission Based On Fraudulent Inducement)

28.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23 and 25 through 27 of this verified complaint, as if fully set forth herein.

29.     Deo, *inter alia*, falsely represented that he owned Northshore and Sunrise and presented Urrutia with fraudulent financial statements for each of those dealerships.

30.     Urrutia entered into the Agreement with Deo justifiably relying on Deo's fraudulent representations and fraudulently altered financial statements.

31.     By reason of the foregoing, Urrutia is entitled to rescission of the Agreement.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Breach of Contract)

32.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23, 25 through 27, and 29 through 31 of this verified complaint, as if fully set forth herein.

33.     At all times, Urrutia fully performed in accordance with the Agreement.

34.     Deo agreed, in the Agreement, to transfer a 25% ownership interest in Northshore and a 25% ownership interest in Sunrise to Urrutia.

35.     Deo, in breach of the Agreement, failed to transfer to Urrutia a 25% ownership interest in Northshore and a 25% ownership interest in Sunrise.

36.     By reason of the foregoing, Deo is liable to Urrutia for damages in an amount to be determined at trial but believed to be in excess of $5,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Rescission Based on Breach of Contract)

37.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23, 25 through 27, 29 through 31, and 33 through 36 of this verified complaint, as if fully set forth herein.

38.     By not transferring to Urrutia a 25% interest in Northshore and a 25% interest in Sunrise, Deo is in material breach of the Agreement.

39.     By reason of Deo's material breach, Urrutia is entitled to rescission of the Agreement.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Attorneys Fees and Costs)

40.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

through 23, 25 through 27, 29 through 31, 33 through 36, and 38 through 39 of this verified

complaint, as if fully set forth herein.

41.     Deo is liable to Urrutia, pursuant to the Agreement, for all of costs and expenses,

including attorneys fees "suffered or incurred by Robert [Urrutia] or arising out of, as a result of,

or with respect to the breach of any and all representations, covenants, obligations or warranties

by Anthony [Deo] under this Agreement."

42.     Accordingly, Deo is liable to Urrutia for all of Urrutia's costs and expenses, including

attorneys fees, in connection with this action.


        WHEREFORE, plaintiff respectfully requests that this Court grant him judgment against

Deo

        (1)     on Urrutia's first cause of action,

                (i)     declaring (a) that the Agreement is void and declaring that (b) Deo has no

                        ownership interest in Superb;

        (2)     on Urrutia's second cause of action,

                (ii)    rescission of the Agreement based on fraudulent inducement;

        (3)     on Urrutia's third cause of action,

                (iii)   damages in an amount to be determined at trial but believed to be at least

                        $5,000,000.00;

        (4)     on Urrutia's fourth cause of action,

        (iv)     rescission of the Agreement based on material breach;

   (5)     on Urrutia's fifth cause of action,

        (iv)     all costs and expenses, including attorneys fees, incurred by

                Urrutia in connection with this action; and

   (6)     granting plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 9, 2023

                **MILLER, LEIBY & ASSOCIATES, P.C.**

           By:    /s/ *Jeffrey R. Miller*
                   Jeffrey R. Miller, Esq.
                   *Attorneys for Plaintiff*
                   *Robert Anthony Urrutia*
                   32 Broadway, 13th Floor
                   New York, New York 10004
                   Tel: (212) 227-4200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
——————————————————————————x
ROBERT ANTHONY URRUTIA,

               Plaintiff,

      -against-

ANTHONY DEO,

               Defendant.
——————————————————————————x

Index No. _____

**VERIFICATION**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU    )

    ROBERT ANTHONY URRUTIA, being duly sworn, deposes and says:

    I am the plaintiff herein. I have read the foregoing complaint and know the contents

thereof, and they are true to my knowledge, except as to matters therein stated to be alleged upon

information and belief, and, as to those matters, I believe them to be true.

                                 _____
                                 ROBERT ANTHONY URRUTIA

Sworn to before me
this 9th of November 2023
_____
Notary Public

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025