# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

March 19, 2025

Via ECF

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722-4438

      Re:    *Deo, et al.* v. *Baron, et al.*, Case No.: 2: 24-cv-6903 (NJC) (JMW)

Dear Judge Choudhury:

      This firm represents Baron Nissan Inc. d/b/a Baron Nissan (hereinafter "Baron Nissan"). Baron Nissan writes together with Defendants Ronald Baron ("Ronald"), Joshua Aaronson ("Aaronson"), Jory Baron ("Jory"), Marcello Sciarrino ("Sciarrino"), Daniel O'Sullivan ("O'Sullivan", Brian Chabrier ("Chabrier"), Wendy Kwun ("Kwun"), Iris Baron ("Iris"), Raymond Phelan ("Phelan"), Asad Khan ("Khan"), Estate of David Baron ("Estate"), Island Auto Group of New York LLC ("IAG") (Ronald, Aaronson, Jory, Sciarrino, O'Sullivan, Chabrier, Kwun, Iris, Phelan, Khan, Estate, and IAG collectively hereinafter the "IAG Defendants"), Superb Motors Inc ("Superb") and Cyruli, Shanks & Zizmor, LLP ("CSZ") to respond to Defendants' Nissan Motor Acceptance Company ("NMAC"), Ally Financial Inc. ("Ally"), and Next Gear Capital Inc.'s ("Next Gear") letter[1] concerning the effect of Plaintiffs' first amended complaint ("FAC") on this Court's subject matter jurisdiction over this case, requesting a status conference to discuss the procedural implications of the FAC or to direct Plaintiffs to file a motion to remand the case back to New York state court.

      For the reasons set forth below, this Court maintains subject matter jurisdiction pursuant to the "mirror image rule," *Garanti Finansal Kiralama A.S. v Aqua Mar. & Trading, Inc.*, 697 F3d 59, 65-66 [2d Cir 2012] ("*Garanti*") and further, should exercise its discretion to consolidate this case with Superb Motors Inc v. Deo, No.: 2:23-cv-6188 (JMW) (hereinafter the "Related Case").

---

[1] Defendant Richards, Witt & Charles, LLP ("RWC") takes no position as to this request. See ECF Docket Entry 73.

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

CYRULI SHANKS

CYRULI SHANKS & ZIZMOR LLP

**Factual Background and Procedural History**

      Pending in this Court before the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks") is the Related Case in which certain of the IAG Defendants, as plaintiffs in the Related Case (the "RICO Plaintiffs") have asserted, *inter alia*, claims against Plaintiffs in this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO").

      The RICO claims concern the RICO Plaintiffs' allegations, *inter alia*, that Plaintiffs, by and through Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise HWY Auto LLC ("Sunrise"), engaged in wire fraud by, among other things and providing false and misleading financial information to lenders for fraudulent financing. Essential to those claims is RICO Plaintiffs' position that Northshore and Sunrise were under their sole ownership and control.

      On September 30, 2024, the IAG Defendants removed the Plaintiff's state court action, which was commenced on September 4, 2024, to this Court. See ECF Docket Entry 1.

      On October 15, 2024, Superb, MLLG, CSZ, and the IAG Plaintiffs moved to consolidate this case with the Related Case. See ECF Docket Entries 22 and 27. On October 30, 2024, Ally requested that this Court defer addressing the consolidation motion until after the Court renders a decision on its and other Defendants' anticipated motions to dismiss. See ECF Docket Entry 35. On the same date, NMAC opposed consolidation for largely the same reasons. See ECF Docket Entry 38 ("NMAC respectfully requests that: (i) the Court first determine the proper parties to this case (other defendants have also filed requests to move to dismiss) before it consolidates the two cases …").

      On November 1, 2024, this Court was assigned to this case and the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks") denied the motion to consolidate without prejudice and with leave to renew. See Text Only Orders dated November 1, 2024; see also copy of transcript of proceedings before this Court on November 19, 2024 annexed hereto as Exhibit "A."

      On November 8, 2024, Superb noticed a motion to set aside Judge Wicks' Order denying the motion to consolidate pursuant to Rule 72 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). See ECF Docket Entries 45 and 46.

      On November 19, 2024, the parties appeared for an in-person status conference before this Court. There, this Court denied Superb's Rule 72 motion without prejudice to renew on the grounds that the motion was premature, i.e., that it should be filed after the motions to dismiss were decided. See Text Only Order dated November 20, 2024.

<u>CYRULI SHANKS</u>

CYRULI SHANKS & ZIZMOR LLP

At the same conference, Plaintiffs sought to amend their complaint, which request this Court granted. Id. During this conference, this Court noted the overlap of parties and issues in the two cases, stating that it makes sense for there to be consolidation, but not at this time. See Exhibit A at 14:3-7 (in light of the substantial overlap between the parties in the related case, the parties in this case, and the nature of the claims, … it makes sense for there to be consolidation").

Critically, Defendant NMAC just moved to intervene in the Related Case, further demonstrating the substantial overlap between the parties in both cases. See Related Case, ECF Docket Entry 229, 229-8.

On January 31, 2025, Plaintiffs amended their complaint to remove all federal claims (the "Amended Complaint") but took no action seeking to remand the case nor did Plaintiffs bring the amended complaint, and its effect on jurisdiction, to the attention of the Court. See ECF Docket Entry 67. On February 26, 2025, NMAC, Ally, and Next Gear noted this fact and cited to the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) (hereinafter "*Royal Canin*") holding that when an amendment of a complaint excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims and that the case must therefore return to state court.

**<u>This Court Retains Jurisdiction Pursuant to the Mirror Image Rule</u>**

The Amended Complaint seeks, *inter alia*, declaratory judgment, declaring "that (1) the Deos are the rightful owners of 189 Sunrise (since February 2021) and NorthShore since its inception; (2) that the Deos/Anthony Deo did fully purchase the business known as Baron Nissan; or, in the alternative, (3) that the Deos/Anthony Deo step into the shoes/interests of David Baron." (Count X).

In response to Deo's declaratory judgment claim the RICO Plaintiffs would raise the counterclaim and defense of RICO, which has already been asserted in the Related Case. Further, Baron Nissan, not a plaintiff in the Related Case, would raise RICO as a counterclaim and defense in this action. As such, this Court has subject matter jurisdiction under the "mirror image rule." *Garanti*, 697 F3d at 65-66.

"[T]he mirror image rule allows federal courts to exercise jurisdiction over certain actions for declaratory relief that do not conform to the well-pleaded complaint rule; i.e., actions that do not facially implicate a federal question. The mirror image rule provides that if the threatened action [4] —by the defendant in the declaratory action—presents a

---

[4] The "threatened" action can refer to either a filed or hypothetical coercive action. *See New York by James, 550 F. Supp. 3d at 135*; *Empire State Bus Corp. v. Loc. 854 Health &*

ATTORNEYS AT LAW

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170

TEL: (212) 661-6800 • FAX: (212) 661-5350

CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

federal question, then a complaint seeking declaratory relief need not state a federal cause of action. *See Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai*, No. 24-cv-03142 (ER), 2024 U.S. Dist. LEXIS 211329, *8 (SDNY 2024) (footnote original) *citing Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California.,* 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983*); see also Major League Baseball Props., Inc. v Price*, 105 F Supp 2d 46, 54 [EDNY 2000] *citing Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) ("federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law") and *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 194 (2d Cir. 1987) "[The mirror image rule] prevents a would-be federal plaintiff from having his claim preempted by a counterparty who files an action for declaratory relief in state court." *Id.* at 10 *citing Empire State Bus Corp. v. Local 854 Health & Welfare Fund,* No. 21-cv-10471 (LJL) 2023 U.S. Dist. LEXIS 24293, 2023 WL 1966210, at *10 [SDNY 2023].

Upon the basis set forth above, this Court retains jurisdiction of this action.

Further, upon exercising jurisdiction, consolidation of the Amended Complaint would be particularly appropriate. *Guotaiqixing Biomedical Intl. (S) PTE. Ltd*, supra (denying motion to remand state declaratory judgment action and consolidation with defendant's preexisting Federal RICO action)

**This Court Should Exercise its Discretion to Consolidate Rather than Dismiss**

Whether this Court retains jurisdiction under *Garanti* or not, this Court should consolidate this case with the Related Case rather than dismiss without prejudice so that Plaintiffs can remand.

Rule 42 permits consolidation while two cases are "pending," and a court may do so *sua sponte*. See Fed. R. Civ. P. 42(a)(2); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citing former version of Rule 42 and stating that the Rule applies to actions that are "pending before the court") (internal quotation marks omitted). There is currently no pending motion to dismiss this case for lack of subject matter jurisdiction. Because this case remains pending before this Court, consolidation with the Related Case is appropriate. See ECF Docket Entry 46; *see also Read LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 422, n. 14 (SDNY 2005) in which the court stayed the action pending settlement, but held in abeyance a motion to consolidate in the face of motion to dismiss for lack of subject matter jurisdiction).

---

*Welfare Fund,* No. 21-cv-10471 (LJL), 2023 U.S. Dist. LEXIS 24293, 2023 WL 1966210, at *4 n.4 (S.D.N.Y. Feb. 13, 2023).

# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

On the other hand, dismissing this case to permit Plaintiffs to forum shop would be inappropriate as there is a major risk of inconsistent decisions between Judge Wicks in the Related Case and a Supreme Court Justice in a state court action.

Having initially pursued federal claims, Plaintiffs are ill-positioned to now engage in forum-shopping by removing those claims. See, e.g., McDermott Inc. v. Indus. Risk Insurers et al., No. Civ. A. 03-402 (KDE), 2003 WL 21362330, at *6 (E.D. La. June 10, 2003) (denying remand where "[p]laintiff created this situation by filing a separate state court action against a diverse defendant after it already had filed a non-removable suit, arising out of the same factual occurrence, against other defendants"; in finding no reason to deprive defendant "of the federal forum allowed it by the removal statute," court noted that plaintiff took several months to "manifest[ ] a desire to try all of its claims arising out of [the underlying incident]" and had "offered no satisfactory explanations for" its failure to move to consolidate before removal).

Finally, as discussed in Superb's motion to set aside Judge Wicks' Order denying its prior letter motion for consolidation, there is substantial overlap between the parties and the issues involved such that consolidation is warranted. This is further demonstrated by Defendant NMAC's motion to intervene in the Related Case.

We thank the Court for its consideration in this regard.

Respectfully yours,

/s/ *Jeffrey C. Ruderman*
Jeffrey C. Ruderman