```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK
```

```
------------------------------X  Docket#
ANTHONY DEO et al.,           :  24-cv-06903-NJC-JMW
                              :
            Plaintiffs,       :
                              :
    - versus -                :  U.S. Courthouse
                              :  Central Islip, New York
BARON et al.,                 :
                              :  November 19, 2024
            Defendants        :  3:07 p.m.
------------------------------X
```

```
     TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
      BEFORE THE HONORABLE NUSRAT JAHAN CHOUDHURY
            UNITED STATES DISTRICT JUDGE
```

**A  P  P  E  A  R  A  N  C  E  S:**


**For the Plaintiffs**:          **Harry R. Thomasson, Jr., Esq.**
                                 3280 Sunrise Highway, Box 112
                                 Wantagh, NY 11793


**For Defendants**:              **Russell J. Shanks, Esq.**
                                 Cyruli Shanks Hart & Zizmor
                                 420 Lexington Ave., Suite 2320
                                 New York, NY 10170



            (Appearances continue on next page)




**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, New York 11795
                                 RL.Transcriptions2@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

**APPEARANCES CONTINUED**

<u>**For the Defendants**</u>:          **Samuel L. Butt, Esq.**
                                       Schlam Stone & Dolan LLP
                                       26 Broadway
                                       New York, NY 10004

                                       **Emanuel Kataev, Esq.**
                                       Sage Legal LLC
                                       18211 Jamaica Avenue
                                       Jamaica, NY 11423

                                       **Conor V. McDonald, Esq.**
                                       Milber Makris Plousaidis &
                                        Seiden, LLP
                                       100 Manhattanville Road
                                       Purchase, NY 10577

                                       **Daniel C. Green, Esq.**
                                       Vedder, Price, Kaufman &
                                        Kammholz PC
                                       805 Third Avenue
                                       New York, NY 10022

                                       **Nicholas Gaunce, Esq.**
                                       Eckert Seamans Cherin &
                                        Mellott LLC
                                       2000 Lenox Drive, Suite 203
                                       Lawrenceville, NJ 08648

                                       **Jillian L. Fitzpatrick, Esq.**
                                       **Matthew Meisel, Esq.**
                                       Reed Smith LLP
                                       599 Lexington Avenue
                                       New York, NY 10028


                         (Appearances continue on next page)

3

**APPEARANCES CONTINUED**


<u>**For the Defendants**</u>:          **Michael E. Sims, Esq.**
                                        **Kevin Badkhshan, Esq.**
                                        Zeichner Ellman & Krause LLP
                                        730 Third Avenue
                                        New York, NY 10017


                                        **Hayly A. Mickles, Esq.**
                                        Sherman Atlas Sylvester &
                                         Stamelman LLP
                                        210 Park Avenue, Suite 200
                                        Florham Park, NJ 07932


                                        **Brett A. Scher, Esq.**
                                        Kaufman Dolowich Voluck
                                         & Gonzo LLP
                                        135 Crossways Park Drive Ste 201
                                        Woodbury, NY 11797


                                        **Jamie S. Felsen, Esq.**
                                        Milman Labuda Law Group PLLC
                                        3000 Marcus Avenue, Suite 3w8
                                        Lake Success, NY 11042

4

Proceedings

1          THE CLERK:  Good afternoon.  This is 24-cv-
2  6903, *Deo et al. v. Baron et al.*

3          Counsel, please state your appearances for the
4  record.

5          MR. THOMASSON:  For the plaintiffs, your Honor,
6  Harry Thomasson, 3280 Sunrise Highway, Box 112, Wantaugh,
7  New York.  That's for all of the plaintiffs, your Honor.

8          THE COURT:  Okay.  Thank you.

9          MR. THOMASSON:  Good afternoon.

10          THE COURT:  Good afternoon.

11          MR. KATAEV:  For defendant Superb Motors, Inc.
12  Emanuel Kataev of Sage Legal LLC.  Good afternoon, your
13  Honor.

14          THE COURT:  Good afternoon.

15          MR. MEISEL:  Good afternoon, your Honor.  Matt
16  Meisel and my colleague Jillian Fitzpatrick for Ally
17  Financial Inc.  We're from the law firm of Reed Smith.

18          THE COURT:  Good afternoon.

19          MR. BUTT:  Good afternoon, your Honor.  Samuel
20  Butt from Schlam Stone & Dolan for defendant Bruce
21  Novicky.

22          MR. GREEN:  Good afternoon, your Honor.  Daniel
23  Green of Vedder Price for defendant Citrin Cooperman &
24  Company LLP.

25          MS. MICKLES:  Good afternoon, your Honor.

Transcriptions Plus II, Inc.

5

Proceedings

1  Hayly Mickles from the law firm Sherman Atlas Sylvester &

2  Stamelman for defendant JPMorgan Chase, N.A.

3          MR. SHANKS:  Good afternoon, your Honor.

4  Russell Shanks of Cyruli Shanks & Zizmor for the first 13

5  named defendants.

6          MR. SCHER:  Good afternoon, your Honor.  Brett

7  Scher from Kaufman Dolowich on behalf of Cyruli Shanks &

8  Zizmor.

9          MR. SIMS:  Good afternoon, your Honor.  Michael

10 Sims with my colleague Kevin Badkhshan of the firm

11 Zeichner Ellman & Krause for defendant Nissan Motor

12 Acceptance Company.

13         MR. MCDONALD:  Good afternoon, your Honor.

14 Conor McDonald; Milber Makris Plousaidis & Seiden,

15 counsel for Richard, Witt, Charles, LLP.

16         MR. FELSEN:  Good afternoon, your Honor.  Jamie

17 Felsen from Milman Labuda Law Group for Milman Labuda Law

18 Group.

19         MR. GAUNCE:  And good afternoon, your Honor.

20 Nick Gaunce from Eckert Seamans for defendant NextGear

21 Capital, Inc.

22         THE COURT:  Good afternoon.  Thank you all for

23 coming.

24         So as many of you may know, normally I don't

25 have a status conference in a case, a civil case, until

6

Proceedings

1  we're at the dispositive motion deadline speaking about a

2  pre-motion conference regarding an anticipated motion to

3  dismiss or motion for summary judgment.

4          Here I do see that there are seven or so

5  different letters that have been filed by various

6  defendants in the case in anticipation of filing motions

7  to dismiss.

8          I also see that there was an order issued by

9  Judge Wicks, several orders, which several defendants, I

10  believe defendant Superb, seeks to vacate and there are

11  several requests in that motion.

12          And there's the issue of whether the parties do

13  or do not consent to the jurisdiction of a magistrate

14  judge.

15          I understand that there is a related case,

16  docket number 2:23-cv-6188 that involves many of the same

17  parties.  I believe all of the parties in that action are

18  parties in this action.  There are some additional

19  defendants in this action as well.

20          So the first thing that I will do is let you

21  know that I have looked very closely at defendant

22  Superb's motion at docket number 46.  This is a motion to

23  set aside Magistrate Judge Wicks' November 1, 2024 and

24  November 2, 2024 orders and for an extension of time to

25  respond to the complaint.  I believe that this motion was

7

Proceedings

1    filed on November 8th.

2          And I've reviewed it closely and I have not

3    seen any response to this motion by any other party, but

4    I'm prepared to rule on it.  If anyone would like to be

5    heard on it prior to my ruling, I'm happy to give you a

6    couple of minutes to do so.

7          MR. THOMASSON:  I would, your Honor.

8          THE COURT:  Okay.  Go ahead.

9          MR. THOMASSON:  This is the motion to set aside

10   the order regarding consolidation and magistrate consent?

11   That particular order, Judge?

12         THE COURT:  Yes.  Docket number 46.

13         MR. THOMASSON:  I don't think there's a shred

14   of integrity in that request, your Honor.  I don't think

15   that it is anything but frivolous to suggest to this

16   Court that my clients should not be getting the benefit

17   of their attorney's work over the last now 24 months.

18         Before we filed that complaint, I spent 21

19   months investigating what I needed to file in that

20   complaint because I had no firsthand knowledge of it.  I

21   was --

22         THE COURT:  I don't want to re-litigate.  This

23   is not a place to re-litigate issues that were raised in

24   that case.

25         MR. THOMASSON:  Right.

8

                              Proceedings

1           THE COURT:  This is a very discrete motion to

2   vacate two orders.

3           MR. THOMASSON:  Right.

4           THE COURT:  I'm prepared to issue a ruling

5   forthwith.  I read all of the correspondence very

6   closely.  I'm not looking for characterizations of

7   arguments.

8           MR. THOMASSON:  Okay.

9           THE COURT:  I'm just looking to see what

10  substantive points you have.  I understand what the legal

11  standard is.  It's a purely erroneous legal standard, a

12  very hard standard to meet.

13          So if you'd like to give me some argument on

14  the substance that's on point, that would be helpful.

15          MR. THOMASSON:  I was just heading to the fact

16  that this isn't just another bite of the apple.  They

17  don't get just another bite of the apple.  They have to

18  show that there was a ruling that's clearly erroneous.  I

19  don't think that they're within a mile of doing that.  I

20  would argue to the Court that they're not.

21          And if the Court were in any way, shape, or

22  form inclined to do this -- which is not being done for

23  any good reason, it's being done for strategic reasons

24  only and mainly to get me out of the case.

25          The fact of the matter is is we heavily oppose

9

Proceedings

1  it and if the Court were inclined to grant their motion,

2  we would like the opportunity to respond in writing.

3          THE COURT:  Okay.  Anyone else would like to

4  add anything?  Mr. Kataev, I've read your submission very

5  closely so I'm not looking for a rehearsal of arguments

6  that have been made on paper.  Is there anything you'd

7  like to add in addition?

8          MR. KATAEV:  Yes.  I only want to add that the

9  notice of motion provides for two weeks under Local Civil

10  Rule 6.1.  So plaintiff's opposition papers will be due

11  this Friday by my count.

12          THE COURT:  Okay.  Okay.  So November 8th was

13  when you filed your motion.  Two weeks from November 8th

14  is when?

15          MR. KATAEV:  The 22nd, your Honor.

16          THE COURT:  Okay.  Mr. Thomasson, will you be

17  providing a submission in writing or do you rest on your

18  argument here today?

19          MR. THOMASSON:  I'll rest on my argument today,

20  your Honor.

21          THE COURT:  Okay.  Anything further any other

22  parties wish to state on this motion?  Now is the time.

23          MR. SIMS:  Good afternoon, your Honor.  Michael

24  Sims for --

25          THE CLERK:  Please speak into the microphone.

10

Proceedings

1        MR. SIMS:  Michael Sims for defendant NMAC.  We

2   oppose consolidation of the cases.  We view ourselves as

3   a peripheral defendant.  We are not a party to the

4   related case and --

5        THE COURT:  And who is your client, sir?

6        MR. SIMS:  Nissan Motor Acceptance Corp., NMAC.

7        THE COURT:  And I believe that -- did you

8   submit a letter on the motion to consolidate?  I believe

9   you did.

10        MR. SIMS:  We filed a letter with Judge Wicks

11   opposing consolidation.  And we would support the

12   decision to delay any decision on consolidation until the

13   Court addresses the issue of who's a proper party to the

14   case.

15        We, along with several other defendants, have

16   filed a pre-motion letter requesting leave to make a

17   motion to dismiss.  And frankly, we'd like to have that

18   opportunity to get out of the case as quickly as

19   possible.  And we think we'd be prejudiced if we're

20   dragged into the related case to which we're not a party

21   and frankly we don't belong in either case.

22        So we would oppose consolidation for those

23   reasons at this time.

24        THE COURT:  Thank you.  And again, I'm not

25   ruling on a motion to consolidate.  My review here is

11

Proceedings

1   simply to determine whether there's any clear error in

2   the magistrate judge's order.

3          MR. SIMS:  Understand.  But just wanted to make

4   our position known.

5          THE COURT:  Understood.  Anyone else?

6          MR. KATAEV:  Your Honor --

7          MR. MEISEL:  Just to clarify.  Again, Matt

8   Meisel from Reed Smith for Ally.  You don't want to hear

9   anything on the consolidation positions?

10         THE COURT:  I'm asking if you have a position

11  on this motion to vacate Judge Wicks' order which very

12  clearly stated he was denying without prejudice a motion

13  to consolidate.  And a denial of a motion to consolidate

14  without prejudice means that that motion could be brought

15  at a later time.  Right?

16         MR. MEISEL:  Correct.

17         THE COURT:  Such as after a ruling on motions

18  to dismiss in this action and in the related action.

19         So the question before me is whether there is

20  clear error in the magistrate judge's legal ruling to

21  deny without prejudice the motion to consolidate.

22         And the other question before me is on this

23  motion to vacate Judge Wicks' November 2, 2024 order

24  directing the Court to assign a district judge, whether

25  there was any clear error in his issuance of that

12

Proceedings

1   direction in light of his finding that there was no

2   unanimity at that point as to consent to a magistrate

3   judge.  That's the very narrow issue before me right now.

4   So I don't need to hear arguments on the motion to

5   consolidate.  I understand that that was denied without

6   prejudice and could be raised later.

7           Mr. Sims?  Did I get your name right?  Is it

8   Sims?

9           MR. SIMS:  That's correct, your Honor.

10          THE COURT:  Yes.  As Mr. Sims seemed to

11   indicate might be appropriate following resolution of a

12   number of the motions to dismiss that certain parties

13   anticipate making.

14          Mr. Kataev, did you want to be heard?

15          MR. KATAEV:  Yes, your Honor.  I did not read

16   Judge Wicks' order as being denied without prejudice and

17   with leave to renew.  I see why the Court is viewing it

18   that way but because of the semicolon I assumed that the

19   denial of the motion to consolidate was by itself and

20   that only the denial of the motion for sanctions was

21   without prejudice and with leave to renew.

22          So I want to inform the Court why I made the

23   Rule 72 motion.  I understood it to be a final decision.

24   It was not clear to me that it was without prejudice and

25   with leave to renew for that reason.

Transcriptions Plus II, Inc.

13

Proceedings

1          MR. THOMASSON:  And your Honor, I happen to

2    agree with that view.  That's how I read it as well.

3          THE COURT:  Okay.  Let me actually look at the

4    docket.

5          MR. KATAEV:  It's dated November 1st of '24,

6    your Honor.

7                    (Pause in proceedings)

8          THE COURT:  Yes.  I don't read this as a denial

9    with prejudice.  I read this as a denial without

10   prejudice.  Do you still wish to stand by your motion in

11   light of this clarification?

12         MR. KATAEV:  In order for judicial efficiency I

13   think it's fine.  But if it's denied because it's without

14   prejudice with leave to renew, I'm fine to re-file it.  I

15   just want to be clear I did not view it as without

16   prejudice.  I see the ambiguity now though.

17         THE COURT:  Yes.  I understand that it is

18   without prejudice.  And I'm prepared to issue a ruling

19   today.  Does any party have a concern with hearing a

20   ruling on this motion today?  Mr. Kataev, you're not

21   withdrawing your motion.  You still stand by your motion?

22         MR. KATAEV:  Correct.  For judicial efficiency

23   I'd like a ruling on it.

24         THE COURT:  Okay.  Any concerns from any other

25   parties about me ruling on the stay?  Mr. Thomasson, you

14

Proceedings

1    do not wish to submit anything in writing?

2            MR. THOMASSON:  No, I'm fine, your Honor.

3            THE COURT:  Okay.  So I will say that in light

4    of the substantial overlap between the parties in the

5    related case, the parties in this case, and the nature of

6    the claims, what are we doing here?  Like it makes sense

7    for there to be consolidation.

8            I read Judge Wicks' order as denying

9    consolidation without prejudice in light of the fact that

10   docket number 22, that motion was filed during a very

11   specific procedural moment in this case.  There are

12   motions to dismiss pending in this case and a motion to

13   dismiss pending in the related case.

14           So I'm denying the motion to set aside

15   Magistrate Judge Wicks' November 1, 2024 and November 2,

16   2024 orders and for an extension of time to respond to

17   the complaint and here are my reasons.

18           First, a district court may modify or set aside

19   a magistrate judge's order on a non-dispositive motion if

20   any part of the order is clearly erroneous or contrary to

21   law.  Federal Rules of Civil Procedure 72(a).  See also

22   28 United States Code Section 636(b)(1)(A).  *Sampedro v.*

23   *Silver Point Capital LP*, 958 F.3d 140, 141 n.1 (2d. Cir.

24   2020) citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900

25   F.2d 522, 525, (2d. Cir. 1990).

15

Proceedings

1           Under Rule 72(a), motions to consolidate are

2    not dispositive.  See *In re Synergy Pharmaceuticals, Inc.*

3    *Securities Litigation*, docket number 18-cv-873, 2020 WL

4    5763830 at *2 (EDNY 2020) collecting cases.

5           Judge Wicks did not clearly err by denying

6    Superb's motion to consolidate without prejudice and with

7    leave to renew pending resolution of the anticipated

8    motions to dismiss in this case, nor is that order

9    contrary to law.  And I'm citing from the electronic

10   order dated November 1, 2024.

11          In this case, there are now I believe seven and

12   perhaps a few more defendants who have indicated that

13   they seek to file motions to dismiss.  These letters are

14   set forth at docket numbers 30, 32, 34, 37, 42, 47, 48,

15   50, 52, 53, and 60.

16          Likewise, in the related case docketed at 2:23-

17   cv-6188, which defendant Superb seeks to consolidate with

18   this case, there are already several pending motions to

19   dismiss.  Judge Wicks' order does not foreclose defendant

20   Superb's ability to renew its motion to consolidate once

21   the motions to dismiss are resolved in both actions.

22          I therefore deny the motion to vacate Judge

23   Wicks' order denying without prejudice the motion to

24   consolidate.

25          Furthermore, I also deny the motion to vacate

16

Proceedings

1   Judge Wicks' order denying without prejudice defendant

2   Superb's motion to vacate Judge Wicks' order directing

3   the clerk to assign a district judge, nor is that order

4   of the magistrate judge contrary to law.  I'm citing

5   electronic order dated November 2, 2024.

6           This Court's review of the parties' filings

7   indicates that prior to Judge Wicks' issuance of the

8   order there was no unanimous consent to the jurisdiction

9   of Judge Wicks in this case.  Judge Wicks' denial of

10  defendant Superb's motion to vacate does not preclude the

11  parties from consenting to his jurisdiction at a future

12  date.  The parties can consent to his jurisdiction in

13  this case at any time they wish to.  You can consent

14  today.  You could consent tomorrow.  You could consent in

15  two weeks.

16          Finally, defendant Superb's motion for an

17  extension of time to respond to the complaint is denied

18  without prejudice and with leave to renew before Judge

19  Wicks.  Motions for an extension of time to respond to

20  the complaint are referred to the assigned magistrate

21  judge in accordance with my individual Rule 3.1.

22          So that's my ruling on the motion set forth at

23  docket number 46.

24          I do see that there would be considerable

25  efficiency and positive results for parties in both cases

17

Proceedings

1  were the parties here to consent to the jurisdiction of

2  Judge Wicks.  There is substantial overlap in the factual

3  allegations and the issues at the heart of both cases.

4  And having one final adjudicator managing discovery and

5  dispositive motion practice in both would result in

6  substantial efficiencies and likely reduce the time and

7  energy needed by the parties in both cases.

8          So what I'm going to do, since all counsel are

9  here in this case, is I'm going to leave the courtroom

10 and I'm going to instruct counsel to meet and confer and

11 actually speak face to face about whether or not they

12 consent to the jurisdiction of Judge Wicks.  I'm going to

13 give you half an hour.  If you need more time, please let

14 my deputy know.

15         I will not return before then, and when I

16 return, I do not wish anyone to tell me any party's

17 position on this issue.  I view that to be highly

18 improper and simply it and has no place here.  I will

19 simply ask one attorney to let me know whether or not

20 there is or is not unanimous consent to the jurisdiction

21 of the magistrate judge.

22         Okay.  Thank you all so much.  I'm going to

23 leave you now.

24                   (Off the record)

25         THE CLERK:  Re-calling case 24-cv-6903, *Deo v.*

18

Proceedings

1  *Baron et al.*

2          Counsel, please state your appearances for the

3  record once again.

4          MR. THOMASSON:  Harry Thomasson for all of the

5  plaintiffs, your Honor.

6

7          MR. KATAEV:  Emanuel Kataev of Sage Legal LLC

8  for the defendant Superb Motors, Inc.

9          MR. MEISEL:  Matt Meisel and Jillian

10  Fitzpatrick from Reed Smith for the defendant Ally

11  Financial.

12          MR. BUTT:  Samuel Butt from Schlam Stone &

13  Dolan for defendant Bruce Novicky.

14          MR. GREEN:  Daniel Green of Vedder Price for

15  defendant Citrin Cooperman & Company LLP.

16          MS. MICKLES:  Hayly Mickles of Sherman Atlas

17  for defendant JPMorgan Chase, N.A.

18          MR. SHANKS:  Russell Shanks of Cyruli Shanks &

19  Zizmor for the first 13 named defendants.

20          MR. SCHER:  Brett Scher from Kaufman Dolowich

21  on behalf of Cyruli Shanks & Zizmor.

22          MR. SIMS:  Michael Sims and Kevin Badkhshan of

23  Zeichner Ellman & Krause for defendant Nissan Motor

24  Acceptance Company.

25          MR. MCDONALD:  Conor McDonald; Milber Makris

19

Proceedings

1   Plousaidis & Seiden, counsel for Richard, Witt & Charles,

2   LLP.

3           MR. FELSEN:  Jamie Felsen from Milman Labuda

4   Law Group for Milman Labuda Law Group.

5           MR. GAUNCE:  And Nick Gaunce from Eckert

6   Seamans for NextGear Capital, your Honor.

7           THE COURT:  Okay.  Thank you all so much.

8           So I want to be clear that no party is ever

9   penalized for not consenting to magistrate judge

10  jurisdiction.  There is no requirement to consent.  There

11  is no disadvantage to deciding to consent or not consent.

12  We are a federal court and each judge in this building

13  takes the seriousness of each case before us and tries to

14  resolve them as best as possible.  But where parties

15  choose to consent, you are absolutely permitted to do so.

16          So I gave you 30 minutes to discuss, given that

17  all of the counsel for all of the parties are here today

18  in the same room.  My staff and I left the room.  We have

19  no idea what the parties discussed.

20          Mr. Thomasson, I'll ask you to report to me

21  whether or not there is consent.  And I will warn you I

22  do not want to know how any party decided on this issue

23  if there was not complete unanimity.  And I do not look

24  kindly upon any party or counsel that provides that sort

25  of information to the Court.  Okay, go ahead.

20

Proceedings

1        MR. THOMASSON:  There is not consent, your

2   Honor.

3        THE COURT:  Okay.  So there's no consent.  At

4   this point there are a number of anticipated motions to

5   dismiss.  I identified them before.  The letters are set

6   forth at docket numbers 30, 32, 34, 37, 42, 47, 48, 50,

7   52, 53, and 60.

8        So I want to make sure --

9        MR. THOMASSON:  Your Honor?

10       THE COURT:  Excuse me?  Am I missing a docket

11   number?

12       MR. THOMASSON:  No, your Honor.  I'm sorry.  I

13   saw a pause there.  I was going to jump in and tell you

14   that we discussed that too and we have a proposed

15   schedule for you.

16       THE COURT:  Okay, great.  Thank you so much.

17   Please do let me know.

18       MR. THOMASSON:  We apparently are in agreement

19   that I will have on behalf of the plaintiffs the

20   opportunity through January 31st to amend the complaint

21   or notify the Court that I am not going to be amending

22   the complaint.

23       If I file an amended complaint between now and

24   January 31st, then the defendants are going to have until

25   March 18th to file their pre-motion letters.

21

Proceedings

1      THE COURT:  No, we are going to move straight

2   to briefing now.  There are pre-motion letters that were

3   submitted.  They're very detailed.  So Mr. Thomasson, you

4   will have the benefit of those letters for determining

5   whether or not you wish to amend the complaint.  There's

6   a lot of material there.

7      MR. THOMASSON:  Yes.

8      THE COURT:  So I understand that the parties

9   have proposed that you have until January 31, 2025 to

10  amend the complaint.

11     MR. THOMASSON:  Yes.

12     THE COURT:  That makes a lot of sense to me.

13  You mentioned that March 18, 2025 will be the date for

14  pre-motion conference letters.  I'm going to dispense

15  with that requirement for the parties that have already

16  provided pre-motion conference letters, all of which I

17  closely reviewed.

18          It would be a waste of judicial time and

19  resources and attorney and client time and resources for

20  all of those parties which have already put together

21  these pre-motion conference letters with a lot of detail,

22  a lot of legal research, to have to write letters again.

23  I will require that that be the date that motions be

24  filed.  Keep going.

25     MR. THOMASSON:  I think that's what we

22

Proceedings

1  discussed.

2          THE COURT:  Oh, okay.  So there is no

3  opposition date?  No opposition date was set for you?

4          MR. THOMASSON:  Right.  We did not get that far

5  because we were anticipating just doing letters by mid-

6  March.

7          THE COURT:  And I'm happy for the parties to

8  reach a negotiated proposed briefing schedule.  That

9  saves me the energy of addressing requests for extensions

10  of time which I'm not inclined to grant.  I do not intend

11  to grant requests for extensions of time.  So I'm also

12  happy to give you all some more time to work out a

13  briefing schedule for the motions that have already been

14  identified for me.

15          Now, if any other party anticipates filing a

16  motion to dismiss but they haven't yet filed a pre-motion

17  conference letter, you should discuss whether you wish to

18  proceed by a pre-motion conference letter or if you just

19  want to set a briefing schedule.  I understand that there

20  are parties here who believe they are ancillary to this

21  action and they are making arguments to which the

22  plaintiff gets to respond with a chance to amend the

23  complaint, that there's been group pleading and things

24  like that.  It makes sense to me to resolve those issues

25  quickly to determine who should be in this case and who

23

Proceedings

1    should not be in this case.

2              THE CLERK:  Judge?

3              MR. THOMASSON:  I just want to point out two

4    things if I may, your Honor.

5              THE COURT:  One moment.  One moment, sir.

6              THE CLERK:  I'm having an issue with FTR.  Can

7    you just give me one second?

8              THE COURT:  We're having an issue with the

9    technology.  Just hold on one moment.

10                   (Pause in proceedings)

11             THE CLERK:  We're back.

12             THE COURT:  Okay, great.  Go ahead, Mr.

13   Thomasson.

14             MR. THOMASSON:  Two things, your Honor.

15             Number one, we picked the March 18th date as

16   roughly 45 days after the January 31st date.  But in

17   fairness to the defendants, we were not anticipating that

18   that was going to be a brief that was actually due on

19   that day for them.  We thought it was just going to be a

20   pre-motion letter.

21             So if anybody wants to change that date, I

22   don't want to just breeze through that.  And I'm amenable

23   to that only because we didn't anticipate the Court was

24   going to do that.  Then I had one other issue I was going

25   to raise.

24

Proceedings

1          THE COURT:  Okay.  Does any defendant have an

2    issue with filing their fully briefed, their full motion

3    to dismiss by March 18, 2025?  And to be clear, the

4    defendants I'm considering our Nissan, Chase, Ally,

5    NextGear, Citrin, Milman Labuda.  Who else am I missing?

6          MR. MCDONALD:  At docket 44 Richard, Witt &

7    Charles also filed a letter request as well, your Honor.

8          THE COURT:  Thank you.  What's the name of the

9    party?  I'm sorry?

10         MR. MCDONALD:  Richard, Witt & Charles, RWC.

11         THE COURT:  RWC.  Thank you.  Who else am I

12   missing?

13         MR. SCHER:  Your Honor, Cyruli Shanks.  That's

14   docket number 50.

15         THE COURT:  Docket number 50, Cyruli Shanks.

16   Thank you very much.  Am I missing anyone else?

17         MR. KATAEV:  I think Superb is the only

18   defendant who hasn't filed a letter motion.

19         THE COURT:  Okay.  So Superb is the only

20   defendant.  And do you plan on filing a motion to dismiss

21   the complaint?

22         MR. KATAEV:  Yes.  And I join in all arguments

23   already made.

24         THE COURT:  Okay.  So --

25         MR. BUTT:  Your Honor, Mr. Novicky has also not

25

Proceedings

1   yet filed a pre-motion conference letter but we would

2   anticipate moving to dismiss as well.

3           MR. SHANKS:  Also, your Honor, the first 13

4   defendants have not filed a pre-motion letter to dismiss.

5   But I would actually ask for April 1st and I have a basis

6   for the additional two weeks.  I was contacted by counsel

7   on Friday suggesting that they may be coming on behalf of

8   the dealership defendants and the individuals related to

9   the dealership, the first 13 defendants.  My firm is

10  represented by counsel.  So in terms of the filing of the

11  motion to dismiss, just to give them a time to get in and

12  come up to speed, if they do, I would ask for April 1st.

13          THE COURT:  Okay.  So are the bases for your

14  motion to dismiss the same as what is presented for

15  others?

16          MR. SHANKS:  No, I think it would probably be

17  different if they choose to make a motion to dismiss.  As

18  I say, I don't know what new counsel's position is going

19  to be on that.

20          THE COURT:  Okay.  So that's for the first 13

21  named defendants.

22          MR. SHANKS:  Yes.

23          THE COURT:  And then I heard Superb wishes to

24  make a motion to dismiss raising some of the similar

25  arguments to other defendants.

26

Proceedings

1          MR. KATAEV:  Yes, your Honor.

2          THE COURT:  And then I'm sorry, sir, what party

3    do you represent?

4          MR. BUTT:  Bruce Novicky, your Honor.

5          THE COURT:  Novicky.

6          MR. BUTT:  And I expect the arguments would be

7    similar to those previously raised.

8          THE COURT:  Okay.  I have no problem with April

9    1 being the day for briefing if that's fine with the

10   parties.  That works for defendants?

11         ALL:  Yes.

12         THE COURT:  Okay.  I am seeing everyone nodding

13   their heads and saying yes on the defense side.  So April

14   1 would be the date for a motion to dismiss.

15         And opposition, how much time would you like,

16   Mr. Thomasson?

17         MR. THOMASSON:  I would take whatever the Court

18   is inclined to give me, your Honor.  I'm going to have a

19   lot to deal with.  And that's going to include -- we

20   might as well just deal with the housekeeping issue now

21   of am I filing separate briefs and memos to each of

22   these?  Am I doing this one document in which case I'm

23   going to need some relief from court limitations in your

24   rules.  I just want to raise that has a housekeeping

25   issue.

27

Proceedings

1       THE COURT:  I don't know how much difference

2   there's going to be in the different motions.  I don't

3   know what amendments you're going to make to your

4   complaint.

5       MR. THOMASSON:  Right.

6       THE COURT:  So my view is that you could file a

7   consolidated opposition but you would need to identify

8   sections --

9       MR. THOMASSON:  Of course.

10       THE COURT:  -- that very clearly delineate for

11   the Court --

12       MR. THOMASSON:  I would, yeah.

13       THE COURT:  -- which arguments and which

14   specific motions you are addressing.

15       MR. THOMASSON:  Sure.  That's on me and I

16   understand that.

17       THE COURT:  Okay.

18       MR. THOMASSON:  I anticipated that before I got

19   here today.  I would of course be able to be given relief

20   on any page limitations.

21       THE COURT:  I will give you some extra pages.

22   I'll give you ten extra pages for your brief.  Okay,

23   great.  So that will be due on -- I will give you --

24       MR. THOMASSON:  I'll take whatever I can get,

25   Judge.

28

Proceedings

1        THE COURT:  I'll give you five weeks, May 5th,

2   May 6th?  April 1 is a Tuesday.

3        MR. THOMASSON:  Could I have the 15th, your

4   Honor?

5        THE COURT:  Yes.  So that will be May 15th.

6   And for reply -- is two weeks sufficient?  I'm looking at

7   the defense table.  Two weeks for reply.  Replies would

8   be due on May 29th.  Okay.

9        So Mr. Thomasson, you're being given the time

10  to amend which is your right under the Federal Rules but

11  I am not likely to grant any further opportunity to

12  amend.

13        MR. THOMASSON:  Okay.  That brings me to the

14  other issue I wanted to bring up with you.  It comes to

15  the issue of prejudice versus without prejudice and it

16  encompasses what you just said, your Honor.

17        My problem is this.  These business -- did you

18  have an opportunity to see my complaint and exhibits yet,

19  your Honor?

20        THE COURT:  I am not ruling on your complaint

21  at this point, sir.

22        MR. THOMASSON:  I understand.  But my question

23  is this.  I tried to make it clear in that complaint.

24  When these businesses we think were wrongfully shut down,

25  these defendants took all the documents.  They took

Proceedings

1  everything, the cars, the documents, everything.  At some

2  point in the future after two years of litigation we

3  still haven't had discovery in any of these actions.  At

4  some point in the future I'm going to have discovery.

5  What if I discover something then that raises a new issue

6  or raises a new cause of action?  And I'm not going to

7  have an opportunity after finally getting discovery to

8  amend again?  I just want to be able to make that

9  argument down the road if and when this happens because

10  there has literally been no discovery.  And we're

11  proceeding now without discovery.

12         So I do have the benefit of the pre-motion

13  letters to try and amend my complaint, and that's a

14  significant benefit to my clients.  I understand that.

15  But at the same token, we're still in that deficit of

16  absolutely no documents.  Anything we had, we attached to

17  the complaint.  We don't have anything else.  And there

18  are other documents that could end up pointing fingers at

19  people in this case that we don't even know whether or

20  not they exist let alone when and if we get them.  And if

21  it changes something, I think since they're the ones that

22  took them wrongfully from us, we should be able to do

23  something about it then.  Is there some sort of a

24  carveout we can make for that, your Honor?

25         THE COURT:  Counsel, you're familiar with the

30

Proceedings

1   Federal Rules of Civil Procedure.  Then what rule would

2   govern your request?  You tell me.

3           MR. THOMASSON:  Well, off the top of my head

4   and being put on the spot, I don't recall what would help

5   me here but under the Federal Rules, I think it's in the

6   60s but I don't remember the exact number, your Honor.

7           THE COURT:  So Rules 15 and 16 govern amendment

8   of the complaint.  And I'm telling you now that you have

9   the benefit of numerous pre-motion conference letters --

10          MR. THOMASSON:  I know.

11          THE COURT:  -- in order to amend your complaint

12  and I am very unlikely to grant further opportunity to

13  amend.  If you wish to make it a motion under the Federal

14  Rules of Civil Procedure siding appropriate case law

15  including Second Circuit and controlling authority that

16  you want to say argues that you were right to amend or

17  that I should grant leave to amend, you can make those

18  arguments if and when that time arises and I may deny

19  them.  But it's incumbent upon you --

20          MR. THOMASSON:  I understand that.

21          THE COURT:  -- it's incumbent upon you --

22          MR. THOMASSON:  I understand.

23          THE COURT:  -- to meet the showings required

24  under the law.

25          MR. THOMASSON:  Okay.

31

Proceedings

1    THE COURT:  And I'm telling you right now that

2    I'm likely to grant any further opportunity to amend.

3            MR. THOMASSON:  I understand that.  I would

4    only be doing it if in fact there was literally something

5    discovered that was unknown to us and we were unable to

6    obtain prior to January 31st.

7            THE COURT:  Well, under Rule 16 you would have

8    to show good cause, you'd have to show diligence, you'd

9    have to show a whole lot of things that the Second

10   Circuit --

11           MR. THOMASSON:  I understand.

12           THE COURT:  -- has talked about.  And I expect

13   all counsel in cases that appear before me to make sure

14   they are fully versed with the Federal Rules and with my

15   rules as well.  Okay?

16           MR. THOMASSON:  I understand, your Honor.

17           THE COURT:  Okay, great.  So it looks like we

18   have a briefing schedule here.  Anything further that we

19   need to discuss?  Mr. Thomasson?

20           MR. THOMASSON:  No, your Honor.  I'm fine.

21           THE COURT:  Okay.  Mr. Kataev?

22           MR. KATAEV:  I would encourage plaintiff's

23   counsel in amending his complaint to pay attention to

24   Rule 8.  We discussed making that a condition of our

25   stipulation but we've backed off of that.  But we still

                                                                    32
                              Proceedings

1    think that a 192-page complaint should be reduced.

2              THE COURT:  Okay.  Any further comments from

3    any counsel for any defendants?

4              ATTORNEY:  No, your Honor.

5              THE COURT:  Okay.  Thank you all for your time.

6    I appreciate it very much.  Look forward to reading your

7    briefs.  Bye-bye.

8              ALL:  Thank you, your Honor.

9                   (Matter concluded)

10                        -oOo-

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **March**, 2025.

*Mary Greco*

Transcriptions Plus II, Inc.