# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

March 24, 2025

VIA ECF ONLY

Honorable Nusrat J. Choudhury
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

       Re:    *Anthony Deo, et al., v. Ronald Baron, et al.*
              Case No. 2:24-cv-06903 (NJC) (JW)

Your Honor:

Please be reminded that this office represents Anthony Deo, Sara Deo, 189 Sunrise Hwy Auto LLC (hereinafter "189 Sunrise") and NorthShore Motor Leasing LLC (hereinafter "NorthShore"), plaintiffs in the above referenced action (the "Deo Plaintiffs"). I am writing with respect to the letter submitted to the Court on March 19, 2025, by several of the Defendants in this action regarding their opposition to remand and request (for at least the third time) to consolidate this action with the EDNY action that contains some of the same parties as here, presided over by Magistrate Wicks ("the Other Action").  The Defendants' letter is number 74 in the docket of this action, as filed by Mr. Ruderman.

Specifically, I am writing to request time to respond to that correspondence.  As this Court undoubtedly knows, Magistrate Wicks made his (lengthy) Order/Decision on Friday, March 21, 2025, in the Other Action on the then pending Motion to Dismiss.  In their letter request to this Court opposing remand and to instead consolidate the two cases, the Defendants based their request largely upon the existence of (Federal) RICO claims existing in the Other Case, and their claim to somehow invoke RICO claims in this case (notwithstanding that they already have such claims in the Other Case).

I am writing to request until April 21, 2025, to file a response to the Defendants' correspondence to this Court dated March 19, 2025.  My clients and I need time to 1) review, digest, and research Magistrate Wicks' decision/order; 2) review, digest, and research the Plaintiffs' (in the Other Action) response to that decision/order (they appear to be ordered to file an Amended Complaint by April 5, 2025, by that decision/order); and 3) then research and respond to the March 19, 2025 correspondence as impacted by Magistrate Wicks' decision/order as well as the Amended Complaint presumably to be filed in response thereto.

1

This is an important request, your Honor.  My theory of the situation before you is that either the Deo parties or the Aaronson/Urrutia parties are lying and engaged in a massive fraud upon this Court, and it appears on first/early impressions of Magistrate Wicks decision/order that he understands and agrees with that assessment.  As this Court knows from the instant Complaint (as Amended) and in particular the few documents my clients were able to assemble as Exhibits thereto (the Aaronson and Urrutia parties locked the Deo parties out of all three businesses at issue, 189 Sunrise, NorthShore, and Superb, and took all of the documents related to those businesses), it appears in all respects that the Deos are the owners of 189 Sunrise (since February 2021 when it was purchased by the Deos and they took over its operation, *see* Exhibits D, E, G, and H to the Complaint and Amended Complaint) and NorthShore (since its inception in 2017, *see* Exhibits A, B, C, G, H, Q, R, U, X and Z to the Complaint and Amended Complaint). So given the Exhibits cited to this Court, given the total absence of any responsive documents from the Aaronson/Urrutia parties to those Exhibits after two and a half years of litigation in Nassau (NY) Supreme Court and this Federal District Court (EDNY), I filed the instant Complaint (as also Amended) because I believe what the Deos are telling me, that there are no documents that are real and easily identifiable as giving ownership to the Aaronson parties.

But we are all soon going to find out what the Aaronson/Urrutia parties possess in order to prove ownership, because given Magistrate Wicks decision/order, the Aaronson/Urutia parties have to "put up or shut up" with a new Amended Complaint due to by April 5, 2025 (they have had dozens of opportunities in the three litigations they commenced to prove anything about ownership of 189 Sunrise and NorthShore, yet to date, they have never filed any documents relating to or proving ownership in any of these actions).

That Amended Complaint presents three distinct options for the Aaronson/Urrutia parties: 1) present an Amended Complaint with supporting exhibits, whether real or fake; 2) present an Amended Complaint without any supporting Exhibits (and risk the wrath of Magistrate Wicks); or 3) fail/refuse to file anything, effectively ending the case.  Given that I believe my clients when they consistently indicate since November, 2022 that the two companies belong to the Deos, any documents accompanying the Amended Complaint may well be faked by the Aaronson/Urrutia parties, and therefore, given that all parties to these actions now know of the Federal probe by the United States Department of Justice and the FBI, we presume that the absence of emails, consideration, and metadata typically utilized to prove the reality of such documents will discourage false filings.

Of course, if real or faked documents exist, they surely would have been presented by the Aaronson/Urrutia parties and their attorneys to prove ownership long before now.  E.g., the only substantive ruling to date on the issue of ownership of NorthShore and 189 Sunrise stemming from the three actions and multiple Complaints/Amended Complaints filed by the Aaronson/ Urrutia parties was rendered by Judge Sharon Gianelli of the Nassau (NY) Supreme Court, who ruled as to the Aaronson allegations of ownership of NorthShore and 189 Sunrise that "…[the Aaronson] Plaintiffs have failed to establish a likelihood of success on the merits, as well as irreparable injury in the face of the Court's denial. Further, [the Aaronson] Plaintiffs have also fallen short in demonstrating that the equities balance in their favor." *See,* Nassau (NY) Supreme Court ruling/ order dated June 15, 2023, issued after full briefing and a two plus (2+) hour long

2

oral argument by Gianelli, J., attached to the Complaint and Amended Complaint in the instant action as Exhibit N *at* page 7 of 8.

So, we have reached the first real inflection point in these cases, and a change is coming, soon, by and through the Amended Complaint due from the Aaronson/ Urrutia parties. Accordingly, I am asking for two (2) weeks from the due date of the filing of an Amended Complaint in the Other Action, until April 21, 2025, to respond to the correspondence to this Court at docket number 74 as presented by Attorney Ruderman on March 19, 2025.

Awaiting the Court's response, I remain,

Very truly yours,

*Harry Thomasson*

Harry R. Thomasson