# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

March 27, 2025

Via ECF

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722-4438

    Re:    Deo, *et al.* v. Baron, *et al.*, Case No.: 2:24-cv-6903 (NJC) (JMW)

Dear Judge Choudhury:

    This firm represents Baron Nissan Inc. d/b/a Baron Nissan (hereinafter "Baron Nissan"). Baron Nissan writes together with Defendants Ronald Baron ("Ronald"), Joshua Aaronson ("Aaronson"), Jory Baron ("Jory"), Marcello Sciarrino ("Sciarrino"), Daniel O'Sullivan ("O'Sullivan", Brian Chabrier ("Chabrier"), Wendy Kwun ("Kwun"), Iris Baron ("Iris"), Raymond Phelan ("Phelan"), Asad Khan ("Khan"), Estate of David Baron ("Estate"), Island Auto Group of New York LLC ("IAG") (Ronald, Aaronson, Jory, Sciarrino, O'Sullivan, Chabrier, Kwun, Iris, Phelan, Khan, Estate, and IAG collectively hereinafter the "IAG Defendants"), Superb Motors Inc ("Superb") and Cyruli, Shanks & Zizmor, LLP ("CSZ") (collectively hereinafter the "Dealership Defendants").

    We write to address certain wrongful accusations and misstatements presented to this Court by Plaintiffs' attorney, Harry Thomasson ("Thomasson"), in his letter of March 24, 2025 about (1) the matter pending in this Court before the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks"); <u>Superb Motors Inc. v. Deo</u>, No.: 2:23-cv-6188 (JMW) (the "Related Case") in which certain of the IAG Defendants and Superb (the "RICO Plaintiffs") are plaintiffs and (2) the prior action in New York Supreme Court, Nassau County, Index No. 617224/2022 (the "State Action") before Hon. Sharon M.J. Gianelli, J.S.C ("Justice Gianelli").

    The accusation by Thomasson – a Defendant in the Related Case who played a critical role in the massive fraudulent schemes employed against the RICO Plaintiffs – that any of the RICO Plaintiffs, or attorneys representing them will, or intend to, submit "fake" documents to Judge Wicks is scandalous and outrageous; Thomasson should be sanctioned for such flagrant and unfounded accusations.

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

## CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Further, contrary to Thomasson's mischaracterization of Judge Wick's recent decision in the Related Case, Judge Wicks <u>denied</u> dismissal of a majority of the causes of action in the proposed amended complaint, including the RICO claims against the Plaintiffs herein and, notably, Thomasson himself. Judge Wicks further granted RICO Plaintiffs' motion to amend the complaint to the extent of directing RICO Plaintiffs "to file an Amended Complaint consistent with the rulings in the Order on or before April 4, 2025." This simply means that RICO Plaintiffs are to excise those causes of action which Judge Wicks dismissed, not add any additional facts or provide any exhibits. Thomasson's presentation of the "three distinct options" for the amended complaint in the Related Case is faulty and presents a false trichotomy. The RICO Plaintiffs are not expected nor required to add or amend the factual allegations, or present any supporting documentation, as Judge Wicks has already found that the existing factual allegations sufficiently alleged causes of action to sustain a claim for many causes of action, including RICO against the Plaintiffs herein and Thomasson.

Finally, Thomasson was also not forthright with the Court in his purposefully misleading excerpt from the decision of Justice Gianelli in the State Action. In that action Thomasson cross-moved on behalf of the Deos to dismiss the IAG Plaintiffs' action based on documentary evidence that the Deos were the owners of Northshore Motors Leasing LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise"), just as he claims herein. Justice Gianelli found "Defendants' motion to dismiss pursuant to CPLR §3211 (a)(3) is not sufficiently supported" and "Defendants have not sufficiently established grounds for dismissal based on documentary evidence nor collateral estoppel." <u>See</u> Chabrier v. Deo, Index No. 617224/2022, NYSCEF Docket Entry 100 at 6. Moreover, in a related action, the Hon. Jerome C. Murphy, J.S.C. similarly held that the documents he provided there purporting to establish the Deo's undisputed ownership of Northshore and Sunrise – the same documents he presents and refers to in his letter – do not conclusively establish ownership of either Northshore or Sunrise. <u>See</u> <u>Urrutia v. Deo</u>, Index No.: 618608/2023, NYSCEF Docket Entry <u>67</u> at 2.

We thank the Court for its consideration in this regard.

Respectfully yours,

*/s/ Jeffrey C. Ruderman*
Jeffrey C. Ruderman

cc: All counsel via ECF

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350