# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

April 21, 2025

VIA ECF ONLY

Honorable Nusrat J. Choudhury  
Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

    Re:    *Anthony Deo, et al., v. Ronald Baron, et al.*  
            Case No. 2:24-cv-06903 (NJC) (JW)

Your Honors:

     Please be reminded that this office represents Anthony Deo, Sara Deo, 189 Sunrise Hwy Auto LLC (hereinafter "189 Sunrise") and NorthShore Motor Leasing LLC (hereinafter "NorthShore"), plaintiffs in the above referenced action (the "Deo Plaintiffs"). I am writing with respect to the Aaronson Defendants opposition to remanding the instant action back to Nassau Supreme Court as requested by the automobile lenders in this action, and instead consolidating this action with the Federal action styled as *Superb Motors, Inc., et al., v. Anthony Deo, et al.*, EDNY docket number 23-cv-6188.  Please be advised, as follows:

## RELEVANT BACKGROUND

     Concurrently with the filing of this correspondence, the Deo Plaintiffs also filed a pre-motion conference request (hereinafter, "DJ Request") for filing a Motion for Declaratory Judgment.  Simply put, that correspondence lays out the reasons why a Motion for Declaratory Judgment is appropriate at this time to determine the preliminary issues of ownership of 189 Sunrise and NorthShore by either the Deos or one or more of the Aaronson Defendants before determinations can be made on the ultimate issues of liability and damages.

     The DJ Request lays out the original advisory committee notes that read as a roadmap in this action to Declaratory Judgment.  It is the appropriate relief for a justiciable controversy that needs resolving, and that really could not be resolved prior to the Deo Plaintiffs filing their Amended Complaint recently (January 31, 2025).  The investigation that produced the original Complaint and also the Amended Complaint in this action was not completed by undersigned until this year, since 1) the Aaronson Defendants took all relevant documents with them when

1

they shuttered and ruined 189 Sunrise and NorthShore, so the Deos have very few relevant documents to assist in the investigation; 2) undersigned has no first-hand facts or first-hand knowledge of the relevant facts set forth in the Complaint and Amended Complaint and had to learn the very complicated and extensive facts set forth in the Complaint and Amended Complaint; and 3) the Deos are and remain largely unaware of the steps taken by the Aaronson Defendants in what the Deos allege were the Aaronson Defendants' wrongdoings and misdeeds in conjunction with the co-Defendants' actions against the Deos and 189 Sunrise/NorthShore.

## ARGUMENT

First and foremost, the Deo Plaintiffs strongly urge this Court to allow the filing of a Motion for Declaratory Judgment in the instant action as it will easily resolve one of the relevant Federal actions, thus obviating the need for even considering consolidation. Each party to this action should be anxious to resolve the ownership dispute that the Aaronson Defendants raise, although to date, after nearly two and a half years of litigation, they have not presented any fact, evidence, or document that indicates they own either 189 Sunrise or NorthShore at this time, and have not, in fact, filed any tax documents for either corporation since the Deos discovered years ago that the Aaronson Defendants were trying to steal ownership of the two businesses from the Deos. As this Court will learn if it allows Plaintiffs to file for Declaratory Judgment on the narrow issue of ownership of the two corporations at issue, the Deos have filed all tax documents for NorthShore this decade (the 2020s) through the present, and have filed all tax documents for 189 Sunrise since the Deos purchased that business on February 12, 2021 (*see* Exhibit D to the Amended Complaint). This Court should be reminded that the Aaronson Defendants have not themselves sworn to any of the Complaints filed against the Deo group in the last two and a half years, instead allowing their attorneys, only, to swear to (at arms-length, and without first-hand knowledge) the accuracy of their bare-bones allegations of ownership of 189 Sunrise and NorthShore.

Secondly, this is at least the 3rd if not the 4th bite of the apple that the Aaronson Defendants have taken on the issue of consolidation, which this Court indicated in the November conference in this action would only be considered (again) *after* Motion practice. Magistrate Wicks denied the original request after we submitted a lengthy list of reasons why it was inappropriate, and I wish to remind this Court of two of those reasons: 1) I have no first-hand knowledge of the relevant facts in the Complaint and Amended Complaint in this action, so it would be grossly inappropriate and unfair to the Deo Plaintiffs to have me disqualified after gaining so much knowledge from my two plus years of investigating the facts necessary to produced those two documents, which the Aaronson Defendants are obviously trying to obtain not as a shield but as a sword to hurt the Deo group; and 2) there is Magistrate Consent for Magistrate Wicks to handle the other Federal action, but not in this action. Consolidation for the sake of disqualifying undersigned is grossly unfair and inappropriate under the circumstances.

Third, the Mirror Image Rule provides a path or an option for this Court, but is not mandatory, and for the reasons set forth herein, makes consolidation inappropriate. We anticipate demonstrating inarguably to this Court that there is no consideration paid by any Aaronson Defendant for the two corporations at issue that grossed $44 million in their last full

year of operation. The Deos obviously created NorthShore from the outset, and filed all taxes since 2020 therefore. The Deos purchased 189 Sunrise from the Aaronson Defendants on February 12, 2021 (Exhibit D to the Complaint and Amended Complaint herein), assumed all warranty contracts from the Aaronson Defendants (Exhibit X to the Complaint/Amended Complaint), entered into a new lease for that business with the full knowledge and cooperation of the Aaronson Defendants (Exhibit E to the Complaint/Amended Complaint), and filed all tax documents applicable to the business since the Deos purchased same on February 12, 2021. Consolidation is more mischief making, not a legitimate purpose that this Court should tolerate.

If this Court is inclined to remand this case back to Nassau (New York) Supreme Court as requested by the automobile lenders, we take no position on that decision, except as to the timing of same: On behalf of the Deo Plaintiffs, we ask that the Court stay any such decision until after considering a Motion for Declaratory Judgment. The Deos are being irreparably hurt daily by what they consider the illegal, wrongful, and unjustified ruination of their businesses, 189 Sunrise and NorthShore. Their home is in foreclosure, and they are being evicted (imminently) from their current residence. The attorney they obtained to handle the other case, Mr. Levine, is seeking discharge after not being paid significant sums due to handle a case that the Deos consider to be frivolous and without any merit whatsoever, since the Deos own the businesses at issue. This (senior) Court and the Magistrate (Mr. Wicks) have more knowledge about these facts and parties than any Court anywhere, and we cannot keep delaying these cases without at least determining the narrow issue of ownership as soon as possible.

Accordingly, we take no position on the lenders' request to remand, except as to the timing of that request if the Court is inclined to grant same; we ask that this Court instead decide the issue of Declaratory Judgment on the ownership of 189 Sunrise and NorthShore first before even considering the request further. If the Court is inclined to decline the request to remand, then we ask that the Court first consider and decide Declaratory Judgment on the issue of ownership of 189 Sunrise and NorthShore before it even considers consolidation (again), since deciding the issue of ownership via the requested Motion for Declaratory Judgment will necessarily make consolidation unnecessary, as the losing parties shall have their Complaint made ripe for dismissal thereby.

Awaiting the Court's decision, we remain,

        Very truly yours,

        *Harry R. Thomasson*

        Harry R. Thomasson, Esq.