

**Perry A. Napolitano**
Direct Phone: +1 412 288 7230
Email: pnapolitano@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

May 7, 2025

**BY ECF**

Hon. Nusrat J. Choudhury, United States District Court Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 11722

Re:     *Deo, et al v. Baron, et al.*, Case No. 2:24-cv-06903 (NJC) (JMW) (the "Action")

Dear Judge Choudhury:

This law firm represents Ally Financial Inc. ("Ally") in the Action. Pursuant to this Court's April 30, 2025 Order, this firm, together with the attorneys for NextGear Capital, Inc. ("NextGear") and Nissan Motor Acceptance Company LLC ("NMAC", together with NextGear and Ally, the "Financing Defendants"), submits this letter to state the Financing Defendants' position regarding whether this Court has subject matter jurisdiction over this Action pursuant to the mirror-image rule. For the reasons stated below, it is respectfully submitted that this Court has jurisdiction over this Action pursuant to the mirror-image rule.

To determine whether a Court can exercise subject-matter jurisdiction pursuant to the mirror image rule, the Court must rearrange the parties to a declaratory judgment action into a hypothetical coercive action that is the mirror image of the suit actually brought and ask whether the Court would have jurisdiction over that hypothetical action. *See e.g., Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai*, 2024 U.S. Dist. LEXIS 211329, at *8–9 (S.D.N.Y. 2024) ("The mirror image rule provides that if the threatened action–by the defendant in the declaratory action– presents a federal question, then a complaint seeking declaratory relief need not state a federal cause of action . . . . Courts specifically evaluate whether subject matter jurisdiction exists by rearranging the parties into 'the hypothetical mirror image coercive suit,' and then evaluating whether such a suit invokes federal law"); *China Shipping Container Lines Co. v. Big Port Serv. DMCC*, 803 Fed. Appx. 481, 483 (2d Cir. 2020) ("[T]he parties must be rearranged into a hypothetical coercive action that is the 'mirror image' of the suit actually brought by CSCL. That 'mirror image suit'—BPS suing CSCL to compel arbitration on a maritime contract—is one over which the federal courts have jurisdiction . . . . Accordingly, jurisdiction is proper in the instant declaratory judgment action") (internal citations omitted).

In *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 65-66 (2d Cir. 2012), the Second Circuit declared: "[i]f AM, the declaratory judgment defendant, had instead brought an action as plaintiff to collect on the contracts, the district court unquestionably would have admiralty jurisdiction. This declaratory judgment action is the mirror image of that suit, and the district court thus had admiralty jurisdiction here too."

Applying the foregoing to this Action, a coercive action by defendants[1] to the declaratory judgment claim asserted by Plaintiffs (the "Declaratory Judgment Claim") is not hypothetical. Declaratory Judgment Defendants already have filed an action against the Plaintiffs—*Superb Motors Inc., et al v. Anthony Deo, et al*, Case No. 23-CV-6188 (the "RICO Litigation")—over which this Court unquestionably has subject matter jurisdiction because the RICO Litigation includes claims for a violation of RICO, 18 U.S.C. §1962, and Conspiracy Under 18 U.S.C. §1962(d) (collectively, the "RICO Claims"). The RICO Claims and the Declaratory Judgment Claim are mirror-images as both are grounded in the dispute over ownership to certain automobile dealerships,[2] and the resolution of one claim will necessarily resolve the other.[3] *See e.g., Dai*, 2024 U.S. Dist. LEXIS 211329 at *7 ("The Court finds that the mirror image rule applies in this action to create subject matter jurisdiction pursuant to the RICO statute. The MJA Action seeks a determination that the Singapore Judgment is enforceable, while the RICO Action seeks a determination that it is not").

Additionally, the application of the mirror image rule does not depend upon the parties being identical, and the mirror image rules still applies notwithstanding that the Financing Defendants are not parties to the RICO Litigation. *See Dai*, 2024 U.S. Dist. LEXIS 211329, at *10, FN5 (S.D.N.Y. 2024) ("In addition, GTQX presents no authority to foreclose the possibility that the mirror image [*sic*] applies when the parties are not identical"). Instead, Courts "specifically evaluate whether subject matter jurisdiction exists by rearranging the parties into 'the hypothetical mirror image coercive suit,' and then evaluating whether such a suit invokes federal law." *Id.* at *9. Here, the RICO Litigation invokes federal law.

Therefore, it is respectfully submitted that this Court has jurisdiction over the Action pursuant to the mirror-image rule.

Respectfully Submitted,

By: */s/ Perry A. Napolitano*
Perry A. Napolitano, Reed Smith LLP attorneys for Ally

By: */s/ Nicholas Gaunce*
Nicholas Gaunce, Eckert Seamans Cherin & Mellott LLC, attorneys for NextGear

By: */s/ Michael Sims*
Michael Sims, Zeichner Ellman & Krause LLP, Attorneys for NMAC


cc: All Appearing Counsel (by ECF)

---

[1] For purposes herein, such defendants shall be defined as the "Declaratory Judgment Defendants."

[2] Financing Defendants are strangers to such ownership dispute.

[3] In the RICO Litigation, the Declaratory Judgment Defendants have alleged: "[m]ost notable to the conspiracy, Deo, misrepresenting himself as the full owner of Northshore." *See* March 21, 2025 Opinion & Order in the Rico Litigation. *See also* ECF No. 74 ("[i]n response to Deo's declaratory judgment claim the RICO Plaintiffs would raise the counterclaim and defense of RICO")