# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

May 13, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nusrat J. Choudhury, U.S.D.J.
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722-4438

> **Re:    Deo, *et al.* v. Baron, *et al.***
> **Case No.: 2:24-cv-6903 (NJC) (JMW)**

Dear Judge Choudhury:

This office represents Defendant Superb Motors Inc. ("Superb") and Bruce Novicky ("Novicky") (Superb and Novicky collectively hereinafter the "Superb Defendants") in the above-referenced case.  The Superb Defendants write in accordance with this Court's May 9, 2025 Order to provide the Court with their positions on whether this Court has a basis for exercising subject matter jurisdiction over this case, including the applicability of the mirror-image rule.  In addition, and as a preliminary matter, the Superb Plaintiffs seek dismissal of the complaint against Defendant Robert Anthony Urrutia ("Urrutia") for lack of service in accordance with Rule 4 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

## The Complaint Must be Dismissed Against Urrutia for Failure of Service

The Superb Defendants note that this Court requested the position of Defendant Robert Anthony Urrutia ("Urrutia").  Although Urrutia is an individual Plaintiff represented by your undersigned counsel in <u>Superb Motors Inc., *et al.* v. Deo, *et al.*</u>, Case No.: 2:23-cv-6188 (JMW) (hereinafter the "Related Case"), Urrutia has never been properly served in this case and this Court therefore cannot exercise personal jurisdiction over him.

Indeed, while the Plaintiffs have named Urrutia as a defendant in this case, the Rules require service upon a defendant "within 90 days after a complaint is filed." <u>See</u> Fed. R. Civ. P. 4(m).  The underlying complaint in this case was filed on September 4, 2024, and more than eight (8) months have passed with no affidavit of service filed as required by Rule 4.  <u>See</u> Fed. R. Civ. P. 4(l)(1); <u>see</u> <u>also</u> <u>Deptula v. Rosen</u>, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021).

As such, in accordance with Rule 4, where a defendant is not properly served "within 90 days after the complaint is filed," the Court "must" dismiss the action without prejudice against the unserved defendant(s), "or order that service be made within a specified time." <u>See</u> <u>Hanover v. One Commun. (Guyana) Inc.</u>, No. 24-CV-6637 (ARR) (RML), 2025 WL 948116, at *11 (E.D.N.Y. Mar. 28, 2025) ("More than six months have passed since plaintiffs initiated this case, and plaintiffs have not yet filed a proof of service upon Ms. De Freitas. … I therefore order plaintiffs to show good cause for their failure to serve Ms. De Freitas, absent which I will order dismissal of all claims against her without prejudice") (<u>citing</u> Fed. R. Civ. P. 4(m)) (other citations omitted).

**This Court Has Subject Matter Jurisdiction over this Case**

The Superb Defendants agree with the analysis set forth in the prior submissions by Superb and other Defendants.  See ECF Docket Entries 74 and 87.  The Superb Defendants only add that regardless of whether the mirror image rule applies, and they submit that it does, consolidation with the Related Case is appropriate notwithstanding its application.  So held the Hon. Mae A. D'Agostino, U.S.D.J. in the Northern District of New York.  See Spratley v. FCA US LLC, No. 3:17-CIV.-62 (MAD) (DEP), 2017 WL 4023348, at *8 (N.D.N.Y. Sept. 12, 2017) ("Spratley").

"The classic application of the first-filed rule is 'where mirror-image lawsuits between the same parties[1] are filed in different venues.'" See Id. (citing Liberty Mut. Ins. Co. v. Fairbanks Co., 17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014) (quoting U.S. ex rel. Cestra v. Cephalon, Inc., No. 10-CV-6457, 2014 WL 1087960, *4 (S.D.N.Y. Mar. 19, 2014))). In that situation, the general rule is that the first party to file its complaint determines which court will hear the parties' claims. See id.

Here, Superb and other parties filed suit in the United States District Court for the Eastern District of New York while the Plaintiffs in this case initially filed suit in the Supreme Court of the State of New York, Nassau County, thus satisfying application of the first-filed rule as the Related Case and this case involve mirror-image lawsuits between the same parties filed in different venues.  Because a state court action cannot be consolidated with a federal case, the Defendants in this case removed the action to this Court and then sought consolidation.  As a result, the Related Case and this case are now in the same district.

Under these circumstances, courts have favored consolidation over application of the first-filed rule or the mirror image rule.  See Spratley, 2017 WL 4023348, at *8 ("The first-filed rule is rarely applied to cases within the same district because those cases can be consolidated for discovery and/or trial pursuant to [Rule] 42(a)") (citing Alvarez v. Gold Belt, LLC, No. 08-CV-4871, 2009 WL 1473933, *2 (D.N.J. May 26, 2009); see also Arctic Cat, Inc. v. Polaris Indus. Inc., No. 13-CV-3579, 2014 WL 5325361, *14 (D. Minn. Oct. 20, 2014) (finding that the first-filed rule is not intended to govern the resolution of multiple lawsuits before the same district court but is instead "a venue or forum selection mechanism encouraging dismissal of a later filed suit in a different district").

Indeed, separate and apart from the mirror-image rule, in light of this Court's finding that there is a substantial overlap of parties and issues between this case and the Related Case, this Court may dismiss this case pursuant to the first-filed rule.  The first-filed rule affords district courts broad discretion to dismiss duplicative lawsuits. See Castillo v. Taco Bell of Am., LLC, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013).

---

[1] Some of the parties in the Related Case and this case do not overlap. "However, the existence of non-overlapping claims or parties does not disqualify lawsuits from the first-filed rule." See Liberty, 17 F. Supp. 3d at 393; see also Wyler-Wittenberg v. MetLife Home Loans, Inc., 899 F. Supp. 235 (E.D.N.Y. 2012) (applying the first-filed rule and dismissing an action where the plaintiffs' putative class action was sufficiently similar to actions previously filed in other federal district courts).

"This discretion arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of its cases." Id.; see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 722 (2d Cir. 2010) (citations and quotations omitted) ("Deference to the first filing embodies considerations of judicial administration and conservation of resources, and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter").

For the foregoing reasons, the Superb Defendants respectfully submit that this Court has subject matter jurisdiction over this case, including under the mirror-image rule. Alternatively, this Court should exercise its discretion to consolidate this case with the Related Case regardless of the application of the mirror image rule. Finally, this Court may exercise its discretion to dismiss this case altogether under the first-filed rule, as the Plaintiffs in this case may file an answer with counterclaims against the Plaintiffs in the Related Case and/or file a third-party complaint against any parties they seek relief from who are not parties to the Related Case.

The Superb Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      May 13, 2025                    Respectfully submitted,

                                       **SAGE LEGAL LLC**
                                       By: */s/ Emanuel Kataev, Esq.*
                                       Emanuel Kataev, Esq.
                                       18211 Jamaica Avenue
                                       Jamaica, NY 11423-2327
                                       (718) 412-2421 (office)
                                       (917) 807-7819 (cellular)
                                       (718) 489-4155 (facsimile)
                                       emanuel@sagelegal.nyc

                                       *Attorneys for Defendants*
                                       *Superb Motors Inc. and*
                                       *Bruce Novicky*

**VIA ECF**
All counsel of record