UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Deo, individually and as a shareholder/member of Northshore Motor Leasing LLC and 189 Sunrise Hwy Auto LLC, Sarah Deo, individually and as a shareholder/member of Northshore Motor Leasing LLC and 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing LLC, and 189 Sunrise Auto, LLC,<br><br>        Plaintiffs,<br><br>        -v-<br><br>Ronald Baron, Joshua Aaronson, Jory Baron, Marcello Sciarrino, Daniel O'Sullivan, Brian Chabrier, Wendy Kwun, Iris Baron, Raymond Phelan, Asad Khan, Estate of David Baron, Baron Nissan Inc., d/b/a/ Baron Nissan, Island Auto Group of New York LLC, a/k/a/ Island Auto Group of NY LLC, d/b/a/ Island Auto Group, Robert Anthony Urrutia, Bruce Novicky, Michael Morgan, Parmeshwar Bissoon, Superb Motors Inc., d/b/a/ Team Auto Direct, Richards, Witt & Charles, LLP, NextGear Capital Inc., Ally Financial Inc., Nissan Motor Acceptance Company LLC, d/b/a/ NAMC, JP Morgan Chase Bank N.A., a/k/a/ JP Morgan Chase & Co., a/k/a Chase Bank N.A., d/b/a/ Chase Bank, Cyruli, Shanks & Zizmor, LLP, Milman Labuda Law Group, PLLC, John Doe Attorneys 1-20, John Doe Accountants 1-20, John Does 1-20, Jane Does 1-20, And John Doe Corporations 1-20,<br><br>        Defendants. | 2:24-cv-6903 (NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  On September 4, 2024, Plaintiffs Anthony Deo, Sarah Deo (together, the "Deos"), Northshore Motor Leasing LLC ("Northshore"), and 189 Sunrise Auto LLC ("Sunrise," and collectively, "Plaintiffs") filed this action in the Supreme Court of the State of New York, County of Nassau, bringing state law claims as well as claims under the Fifth, Thirteenth, and

Fourteenth Amendments to the U.S. Constitution and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et. seq*. (Not. Removal Ex. A ("Compl."), ECF Nos. 1-2 & 1-3.) On September 30, 2024, certain Defendants in this action removed this case from state court to this Court under 28 U.S.C. §§ 1441 and 1446, invoking federal question jurisdiction under 28 U.S.C. § 1331. (Not. Removal at 1–3, ECF No. 1.) On January 31, 2025, Plaintiffs filed the Amended Complaint, which sets forth only state law claims and explicitly states: "This Amended Complaint *does not have any Federal claims*; all claims herein arise under New York state law, only." (Am. Compl. ¶ 1, ECF No. 67 (emphasis added).)

Plaintiffs' filing of an Amended Complaint lacking any federal claims or a factual basis for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332(a) has raised significant questions about this Court's jurisdiction over the action. For the reasons stated below, the record before the Court is insufficient to establish that this Court possesses subject matter jurisdiction following the filing of the Amended Complaint under the "mirror image" rule recognized by the Second Circuit in *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 69–71 (2d Cir. 2012), and other precedents.

Accordingly, the motion by Defendants Ally Financial Inc., NextGear Capital, Inc., and Nissan Motor Acceptance Company LLC (collectively, the "Financing Defendants") (ECF No. 69), seeking an order directing Plaintiffs to file a motion to remand, is granted. Plaintiffs must serve on Defendants a motion for remand accompanied by a memorandum of law by **October 14, 2025**. Any Defendant seeking to oppose remand shall serve on Plaintiffs an opposition memorandum of law by **October 28, 2025**. Plaintiffs shall serve on Defendants any reply by **November 4, 2025**. The fully-briefed motion must be filed with the Court by **November 4, 2025**. *See* Individual Rule 5.2.

2

## BACKGROUND

Central to the question of jurisdiction is the fact that this case was filed subsequent to another action in this District involving many, but not all, of the same parties, which was filed on August 17, 2023: *Supors Inc., et al. v. Anthony Deo, et al.*, No. 23-cv-6188 (JMW) (E.D.N.Y.) (the "Related Case"). In the Related Case, the Deos are defendants, while Northshore and Sunrise are defendants on certain claims and plaintiffs on others.

As noted, Plaintiffs commenced this action on September 4, 2024, more than one year after the filing of the Related Case. Defendants Ronald Baron, Joshua Aaronson, Jory Baron, Marcello Sciarrino, Daniel O'Sullivan, Brian Chabrier, Wendy Kwun, Iris Baron, Raymond Phelan, Asad Khan, Estate of David Baron, Baron Nissan, Inc. d/b/a Baron Nissan, and Island Auto Group of New York LLC a/k/a Island Auto Group of NY LLC a/k/a Island Auto Group (the "Aaronson Defendants), together with Defendant Cyruli Shanks & Zizmor LLP ("Removing Defendants") removed the action to this Court. Following removal, Defendant Superb Motors Inc. d/b/a Team Auto Sales LLC[1] filed a motion to consolidate this action with the Related Case. (ECF No. 22.) Plaintiffs and several Defendants filed responses to the motion to consolidate. (ECF Nos. 27, 35, 36, 38.) Several Defendants also filed letters requesting pre-motion conferences regarding anticipated motions to dismiss the Complaint. (ECF Nos. 30, 32, 34, 37, 42, 47, 48, 50, 52, 53, 60.)

On November 1, 2024, Magistrate Judge James M. Wicks denied the motion to consolidate without prejudice and with leave to renew and stated that the Court would resolve

---

[1] In the motion to consolidate, Superb Motors Inc's counsel, who purports to also represent Robert Anthony Urrutia, asserts that Urrutia joins in making the motion. (ECF No. 89.) However, Urrutia has not appeared in this action and his counsel also asserts that Urrutia has not been properly served. (*Id.*)

3

any motions to dismiss the operative pleading before determining whether this action should be consolidated with the Related Case. (Elec. Order, Nov. 1, 2024.) I held a status conference on November 19, 2024, during which I found that a pre-motion conference was not necessary for any anticipated motion to dismiss the Complaint and waived the pre-motion conference requirement. (Min. Entry & Sch. Order, Nov. 20, 2024.) During the status conference and through a November 20, 2025 Minute Entry and Scheduling Order, I ordered Plaintiffs to either file an amended complaint or to notify the Court of their intent not to amend the Complaint by January 31, 2025, and set a briefing schedule permitting any Defendant to file a motion to dismiss the operative complaint by April 1, 2025. (*Id.*)

On January 31, 2025, Plaintiffs filed the Amended Complaint, which drops all of the federal claims that had been pled in the original Complaint and explicitly states that it "does not have any Federal claims; all claims herein arise under New York state law, only." (Am. Compl. ¶ 1.) The Amended Complaint includes a request for a declaratory judgment that the Deos "are the rightful owners/members/stockholders of [] Sunrise since February 2021 and North[s]hore since its inception." (*Id.* ¶ 580.)

Following the filing of the Amended Complaint, the Financing Defendants filed a letter motion requesting a status conference or an order directing Plaintiffs to file a motion to remand this case to state court for lack of subject matter jurisdiction in light of the United States Supreme Court's January 15, 2025 decision in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). (ECF No. 69.) The Financing Defendants also requested that the Court adjourn the briefing schedule on Defendants' anticipated motions to dismiss set forth in the November 20, 2024 Minute Entry and Scheduling Order pending a determination as to whether this Court has jurisdiction. (*Id.*)

4

On March 5, 2025, Defendant Superb Motors Inc. filed a letter motion, allegedly "together with the remaining Defendants" except for Richards, Witt & Charles, LLP[2] (collectively, "Non-Financing Defendants") requesting an extension of time to respond to the subject matter jurisdiction issues raised by the Financing Defendants. (ECF No. 71.) Like the Financing Defendants, the Non-Financing Defendants requested that the Court stay the briefing schedule for any motion to dismiss the Amended Complaint. (*Id.*)

On March 8, 2025, I granted the Financing Defendants' and Non-Financing Defendants' request for adjournment of the motion to dismiss briefing schedule and granted the Non-Financing Defendants' request for an extension of time to file a response to the subject matter jurisdiction questions raised by the Financing Defendants. (Elec. Order, Mar. 8, 2025.)

On March 19, 2025, the Removing Defendants alone filed a response to the Financing Defendants' letter motion, arguing that the Court "maintains subject matter jurisdiction" over this case "pursuant to the 'mirror image rule,'" and that I "should exercise [my] discretion to consolidate this case" with the Related Case. (ECF No. 74 (relying on *Garanti Finansal*, 697 F.3d at 65–66). According to the Removing Defendants, under the mirror image rule, if "a filed or hypothetical coercive action" by a defendant in a declaratory judgment action "presents a federal question, then a complaint seeking declaratory relief [against that defendant] need not state a federal cause of action" for a court to retain federal question jurisdiction. (*Id.* at 3–4, 3 n.4.) The Removing Defendants argue that "certain" of the Aaronson Defendants brought claims in the Related Case under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

---

[2] *See* ECF No. 73 (explaining that Richards, Witt & Charles, LLP "was not contacted nor consulted by Superb and/or any of the other 'remaining Defendants' in connection with" the Non-Financing Defendants' "letter motion and request").

5

U.S.C. § 1962, which necessarily encompass the question of whether "Northshore and Sunrise were under" certain of the Aaronson Defendants' "sole ownership and control." (*Id.* at 2.) The Removing Defendants further contend that since Plaintiffs in this action seek a declaratory judgment that the Deos are the owners of Sunrise and Northshore, the Aaronson Defendants would raise a federal counterclaim under RICO in defense, and that this RICO claim was already brought by certain of the Aaronson Defendants against the Deos in the Related Case. (*Id.* at 3.) The Removing Defendants also argue that I should consolidate this case with the Related Case rather than dismissing this case without prejudice or remanding it to state court. (*Id.* at 4–5.)

On April 21, 2024, Plaintiffs filed their response to the Removing Defendants' letter, "tak[ing] no position on" remand, but requesting that I "stay any such decision [on remand] until after considering a Motion for Declaratory Judgment" by Plaintiffs regarding the ownership of Sunrise and Northshore. (ECF No. 84 at 3.) Plaintiffs argue against consolidation of this case with the Related Case, asserting that the "Mirror Image Rule provides a path or an option for this Court, but is not mandatory." (*Id.* at 2.)

On April 30, 2025, I denied Plaintiffs request for permission to pursue a motion for declaratory judgment prior to resolution of the subject matter jurisdiction question raised by the filing of the Amended Complaint. (Elec. Order, Apr. 30, 2025 ("[I]n the event that this Court lacks subject matter jurisdiction, *it has no power* to rule on the Motion for Declaratory Judgment that Plaintiffs seek to file.") (emphasis added).) I granted the Financing Defendants an opportunity to file joint or separate letters stating their position on whether the Court has subject matter jurisdiction over this action, including the applicability of the mirror-image rule. (*Id.*)

On May 7, 2025, the Financing Defendants filed a letter stating their position that "this Court has jurisdiction over this Action pursuant to the mirror-image rule." (ECF No. 87 at 1.) I

6

provided Defendants Robert Anthony Urrutia, Bruce Novicky, Richard, Witt & Charles, LLP, JP Morgan Chase Bank N.A., and Milman Labuda Law Group, PLLC—parties who had yet to address the subject matter jurisdiction questions raised by the filing of the Amended Complaint—an opportunity to state their respective positions by May 13, 2025. (Elec. Order, May 9, 2025.)

On May 13, 2025, Milman Labuda Law Group, PLLC (ECF No. 88), Bruce Novicky and Superb Motors Inc. (ECF No. 89), and JPMorgan Chase Bank, N.A. (ECF No. 90) each filed letters setting forth the position that the Court has subject matter jurisdiction over this action under the mirror image rule. Richard, Witt & Charles, LLP had previously filed a letter, on March 19, 2025, clarifying that it is not part of the Non-Financing Defendants, but set forth no position on the question of subject matter jurisdiction in that letter and failed to respond to the May 13, 2025 Order. (ECF No. 73.) Finally, Robert Anthony Urrutia did not respond to the May 13, 2025 Order, and his counsel asserts that he has not been properly served. (ECF No. 89.)

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Royal Canin U. S. A.*, 604 U.S. at 26. Under 28 U.S.C. § 1331, Congress conferred jurisdiction on federal courts to resolve cases "arising under" federal law, also known as federal question jurisdiction. *Royal Canin U. S. A.* 604 U.S. at 26. Federal question jurisdiction exists "typically" "when federal law creates the cause of action asserted." *Id.*[3] It may also arise, "[o]n rare occasions" when a claim in a suit containing solely state law claims "necessarily raises a substantial and actually disputed federal question." *Id*. Based on the well-pleaded complaint rule, the allegations of the complaint determine whether the requirements for "arising under" jurisdiction are met. *Id*. Additionally, where there is federal

---

[3] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

7

question jurisdiction, a federal court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over a state claim that arises from the same facts as the federal claim.

When the requirements for federal question jurisdiction are met by the face of the complaint filed in state court, the defendant may remove it from state to federal court under 28 U.S.C. § 1441(a) because the case falls within the federal courts' original jurisdiction. However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court." *Royal Canin U. S. A.*, 604 U.S. at 28 (discussing 28 U.S.C. § 1447(c)). In *Royal Canin*, the United States Supreme Court held that, in cases removed to federal court under 28 U.S.C. §1441(a) on the basis of federal question jurisdiction, when the "plaintiff amends her complaint to delete all the federal-law claims" that enabled removal, "leaving nothing but state-law claims behind," the federal court loses supplemental jurisdiction over the related state claims arising out of the same facts, and the case must be remanded to state court. *Royal Canin U. S. A.*, 604 U.S. at 25–26.

Under the Declaratory Judgment Act ("DJA"), federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration" in any "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201 (emphasis added). However, the DJA does not confer an independent basis for subject matter jurisdiction on federal courts; nor does it expand the federal courts' subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113 (2d Cir. 2024). "The DJA only provide courts with discretion to fashion a remedy, not a cause of action." *Sunvestment*, 116 F.4th at 113–14.

The Second Circuit instructs that "[t]o determine whether a court has subject-matter jurisdiction over a DJA claim," a court must "conceptually realign the declaratory judgment

8

parties and claims and analyze them as they would appear in a coercive suit." *Id*. at 114. This is known as the "mirror image" rule. *Garanti Finansal*, 697 F.3d at 66. That is to say, a court must "examine[] the declaratory *defendant's* hypothetical well-pleaded complaint to determine whether federal-question subject-matter jurisdiction exists" over the DJA claim pled in the case before the court. *Sunvestment*, 116 F.4th at 114; *see also Garanti Finansal*, 697 F.3d at 68 ("[W]e have summarized the law as follows: a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff."). Moreover, the Second Circuit has made clear that "even assuming that all the prerequisites for a declaratory judgment have been met, the DJA confers a discretion on the courts" to exercise jurisdiction "rather than an absolute right upon the litigant" to have access to the federal courts. *Sunvestment*, 116 F.4th at 114 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)); *see also Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99 (2d Cir. 2023) (explaining that district courts retain "broad discretion" to decline jurisdiction under the DJA).

The Removing Defendants removed this action from state court under 28 U.S.C. §§ 1441(a) and 1446 because this Court had original jurisdiction over the Complaint under 28 U.S.C. § 1331 by virtue of the fact that it pled federal claims under the U.S. Constitution and federal law. (Not. Removal at 1–3.) As in *Royal Canin*, however, Plaintiffs subsequently filed the Amended Complaint, which explicitly eliminates all federal claims and brings only claims arising under state law. (Am. Compl. ¶ 1.) It is undisputed that this Court lacks diversity jurisdiction over this action under 28 U.S.C. 1332(a) because the parties lack complete diversity. Am. Compl. ¶¶ 3–4; 7–18; 21–24 (alleging facts sufficient to establish that the Deos and several

9

individual and corporate Defendants are citizens of New York); *see also Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (requiring complete diversity among plaintiffs and defendants for jurisdiction under 28 U.S.C. § 1332(a)). Therefore, the filing of the Amended Complaint to remove all federal claims would normally deprive this Court of supplemental jurisdiction under 28 U.S.C. § 1367 over the state claims arising out of the same facts as the now-dropped federal claims, requiring the case to be remanded to state court. *Royal Canin U. S. A.*, 604 U.S. at 25–26.

As discussed, however, various Defendants assert that, under the mirror image rule, the Court retains federal question jurisdiction because the Amended Complaint brings a claim against the Aaronson Defendants seeking declaratory relief, and the Aaronson Defendants' coercive, well-pleaded federal claim would confer federal question jurisdiction over this action. (ECF Nos. 74, 87–90.) Specifically, Plaintiffs in this action, including Sunrise and Northshore, plead a claim for "declaratory relief" against the Aaronson Defendants, seeking a declaration that the Deos are the owners of the Sunrise and Northshore, although the Amended Complaint does not invoke the federal DJA, 28 U.S.C. § 2201, as the basis for this declaratory relief. (Am. Compl. ¶¶ 553–80.) The plaintiffs in the Related Case, which include several of the Defendants in this action, bring two federal claims under the RICO statute against the Deos and other parties (the First and Second Causes of Action). Third Am. Compl. ("Related Case Third Am. Compl."), *Superb Motors Inc v. Deo*, No. 23-cv-6188 (E.D.N.Y.), ECF No. 316, ¶¶ 731–96. The RICO claim set forth in the First Cause of Action in the Related Case is brought by certain plaintiffs (several of whom are the Aaronson Defendants on the declaratory-relief claim in this action) against the Deos and encompasses the issue of whether the Deos are the owners of Sunrise and Northshore. *Id.* ¶¶ 731–84. The First Cause of Action of the Third Amended Complaint in the

10

Related Case thus may be a mirror image of Plaintiffs' claim against the Aaronson Defendants in this action. The RICO claim set forth in the Second Cause of Action of the Related Case, however, does not appear to be the coercive mirror image of the declaratory relief claim in this action because it does not appear to encompass the question of whether the Deos are owners of Sunrise and Northshore and that claim is brought by parties other than the Aaronson Defendants. *See id.* ¶¶ 785–96.

There is no "absolute right" to federal jurisdiction over an action raising only state law claims even where a request for declaratory relief under 28 U.S.C. § 2201 may give rise to mirror image jurisdiction as a matter of the trial court's discretion. *Sunvestment*, 116 F.4th at 114. Moreover, the question of mirror image jurisdiction in this action is complicated—and perhaps even precluded—for two reasons. First, the Amended Complaint does not even cite the DJA, 28 U.S.C. § 2201, and declaratory relief is available on Plaintiffs' state law claims under N.Y. C.P.L.R. § 3001. Accordingly, it is unclear that the Second Circuit's precedents governing the exercise of discretionary of mirror image jurisdiction would even apply to any declaratory relief claims in the Amended Complaint. *See Sunvestment*, 116 F.4th at 114 (analyzing claims explicitly seeking relief under the DJA, 28 U.S.C. § 2201); *Garanti Finansal*, 697 F.3d at 68 (same). Second, Sunrise and Northshore are plaintiffs on the claim for declaratory relief in this action *and* on the First Cause of Action in the Related Case, which is the only claim that is arguably the mirror image of the declaratory-relief claim in this action. (Related Case Third Am. Compl. ¶¶ 731–84.) This fact appears to preclude mirror image jurisdiction over this action because the mirror image rule requires an analysis of whether federal question jurisdiction would exist in "the potential coercive action that the [declaratory judgment] *defendant* might bring against the declaratory judgment *plaintiff*." *Don King Prods., Inc. v. Hopkins*, No. 04-cv-9705,

11

2005 WL 1053336, at *5 (S.D.N.Y. May 4, 2005) (emphasis added); *see also Sunvestment*, 116 F.4th at 114 (requiring courts to "conceptually realign the declaratory judgment parties and claims and analyze them as they would appear in a coercive suit").

The parties' letters addressing whether this Court has any basis for exercising subject matter jurisdiction over this case, including whether the mirror-image rule is applicable, fail to address these issues. (*See* ECF Nos. 69, 74, 84, 87–90.)

## CONCLUSION

Accordingly, the Financing Defendants' motion for an order directing Plaintiffs to file a motion to remand (ECF No. 69) is granted. Plaintiffs must serve on Defendants a motion for remand accompanied by a memorandum of law by **October 14, 2025**. Any Defendant seeking to oppose remand shall serve on Plaintiffs an opposition memorandum of law by **October 28, 2025**. Defendants may serve their submissions on the motion either jointly or separately. Plaintiffs shall serve on Defendants any reply by **November 4, 2025**.

The parties must consult and comply with the Court's Individual Rules, including the Court's recommended bundling practice. *See* Individual Rule 5.2. Consequently, all briefing shall be filed with the Court no later than **November 4, 2025**.

Dated: Central Islip, New York
September 30, 2025

                                                   */s/ Nusrat J. Choudhury*
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge