**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

| | |
|---|---|
| ANTHONY DEO individually and as shareholder/member of NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC; SARA DEO individually and as shareholder/member of NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC; and NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC, | Index No. 2:24-cv-06903 (NJC/JMW) |

                                        *Plaintiffs,*

    -against-

RONALD BARON, JOSHUA AARONSON, JORY BARON, MARCELLO SCIARRINO, DANIEL O'SULLIVAN, BRIAN CHABRIER, WENDY KWUN, IRIS BARON, RAYMOND PHELAN, ASAD KHAN, ESTATE OF DAVID BARON, BARON NISSAN INC., d/b/a/ BARON NISSAN, ISLAND AUTO GROUP OF NEW YORK LLC, a/k/a/ ISLAND AUTO GROUP OF NY LLC, d/b/a/ ISLAND AUTO GROUP, ROBERT ANTHONY URRUTIA, BRUCE NOVICKY, MICHAEL MORGAN, PARMESHWAR BISSOON, SUPERB MOTORS INC., d/b/a/ TEAM AUTO DIRECT, RICHARDS, WITT & CHARLES, LLP, NEXTGEAR CAPITAL INC., ALLY FINANCIAL INC., NISSAN MOTOR ACCEPTANCE COMPANY LLC, d/b/a/ NMAC, JP MORGAN CHASE BANK N.A., a/k/a/ JP MORGAN CHASE & CO., a/k/a/ CHASE BANK N.A., d/b/a/ CHASE BANK, CYRULI, SHANKS & ZIZMOR, LLP, MILMAN LABUDA LAW GROUP, PLLC, JOHN DOE ATTORNEYS 1-20, JOHN DOE ACCOUNTANTS 1-20, JOHN DOES 1-20, JANE DOES 1-20, and JOHN DOE CORPORATIONS 1-20,

                                        *Defendants.*
-------------------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND THE INSTANT ACTION TO NASSAU (NEW YORK) SUPREME COURT</u>**

**SERVED UPON ALL ATTORNEYS OF RECORD ELECTRONICALLY ON OCTOBER 14, 2025**

1

RELEVANT BACKGROUND

On September 4, 2024, Plaintiffs filed their original Complaint in the Nassau (New York) Supreme Court, *Deo, et al., v. Baron, et al.,* index number 615683/2024 (hereinafter, "the Nassau Action"). On October 1, 2024, Defendants Cyruli Shanks & Zizmor LLP, Ronald Baron, Joshua Aaronson, Jory Baron, Marcello Sciarrino, Daniel O'Sullivan, Brian Chabrier, Wendy Kwun, Iris Baron, Raymond Phelan, Asad Khan, Estate Of David Baron, Baron Nissan Inc. d/b/a Baron Nissan, and Island Auto Group Of New York LLC a/k/a Island Auto Group Of NY LLC a/k/a Island Auto Group, by and through counsel, Jeffrey Ruderman (hereinafter, the "Baron Defendants"), removed the Nassau Action to this Court, and the index number assigned after removal is 2:24-cv-06903 (NJC/JMW).  The stated reasons for the removal of the original action from Nassau Supreme to this Court is that the original Complaint contained one or more federal questions.

On January 31, 2025, an Amended Complaint was filed by Plaintiffs.  The Amended Complaint removed all federal questions (*see* Amended Complaint *at* ECF docket number 67, paragraph number 1), leaving merely state law issues arising solely within the confines of Long Island, New York (*Id. at* paragraph number 2).  The Amended Complaint does not allege diversity of jurisdiction sufficient to meet federal jurisdiction standards, and now, the federal questions from the original Complaint have been totally removed from the Amended Complaint.

On February 26, 2025 (*at* ECF docket number 69) Defendants Nissan Motor Acceptance Company LLC ("NMAC"), Ally Financial Inc. ("Ally"), and NextGear Capital, Inc. ("NextGear") (hereinafter also referred to combined as the "Lenders"),

2

jointly moved this Court to compel Plaintiffs to move to remand the instant case back to Nassau (New York) Supreme Court since there remain no federal questions in this action after the Amendment of the original Complaint, and since there is no diversity of jurisdiction sufficient to allow the case to remain in this (Federal) Court.

In response to the Lenders' joint request to this Court *at* ECF docket number 69, most of the remaining Defendants in the action jointly opposed the Lenders' request to compel a motion to remand on the basis of the so-called "mirror image" rule. By Order/decision dated and filed September 30, 2025 as set forth *at* ECF docket number 92, this Court determined that 1) there is no longer any federal question in the Amended Complaint; 2) there is no diversity of jurisdiction in the Amended Complaint giving rise to any federal jurisdiction; and 3) the mirror image rule does not apply to the instant action for several reasons fully set forth in the Court's Order/decision, *Id*. Accordingly, the Court Ordered the instant motion to be filed by the Plaintiffs, and Plaintiffs hereby comply with this Court's Order dated and filed September 30, 2025, *at* ECF docket number 92.

## LEGAL STANDARD

Federal-question jurisdiction allows a defendant to remove a state-court action to federal court only if the federal court could have exercised original jurisdiction based on the face of the state court complaint. 28 U.S.C. § 1441(a). The federal court must remand the case to state court if it appears *at any time* that the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

3

When the removing party invokes federal-question jurisdiction, the propriety of removal is governed by the allegations within the removed petition, not other papers. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly-pleaded complaint. The rule makes the plaintiff the master of the claim."). Because plaintiffs control the allegations within their Complaint, they may avoid federal jurisdiction by relying exclusively on state law. *Id.*; *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

In a recent case on point, the United States Supreme Court held in *Royal Canin U.S.A., Inc. v. Wullschleger*, 220 L.Ed.2d 289 (U.S. 2025), that where, as in the instant action, an Amended Complaint excises the federal claim(s) on which federal jurisdiction is based, the federal court loses supplemental jurisdiction over the state law claims, thus *requiring* remand of the case back to the state court.

## ARGUMENT

There are three (3) ways that this case may remain before this Court, and none exist at this time:  1) Federal Question(s):  There are no Federal Questions remaining in the Amended Complaint at issue.  2) Diversity of Jurisdiction:  There is not diversity of Jurisdiction in this case sufficient to remain in Federal Court.  All of the issues between these parties arose in Nassau and Suffolk Counties, New York, only; all of the claims in the Amended Complaint consist of state law claims, only; all of the parties resided in and/or performed their work in Nassau and Suffolk Counties at the time the issues

4

between these parties arose; and each party in this case has availed themselves to and subjected themselves to the jurisdiction of the Nassau Supreme Court, even within the predecessor litigation(s) relating hereto or via the instant Motion of the Lenders to compel the within Motion; and 3) the mirror image rule does not apply to this case, as fully set forth *at* ECF docket number 92, the decision of this Court compelling the within Motion.

## CONCLUSION

For the within reasons and those previously set forth in this Court's decision at ECF docket number 92, Plaintiffs hereby move to remand the instant action back to the Court of origin, Nassau (New York) Supreme Court.

Dated: October 14, 2025                                     Respectfully submitted,

                                                            Plaintiffs, by counsel,

                                                            /S/ HARRY THOMASSON

                                                            _____
                                                            Harry Thomasson, Esq.
                                                            3280 Sunrise Highway
                                                            Box 112
                                                            Wantagh, NY  11793
                                                            Tel. 516-557-5459
                                                            hrtatty@verizon.net