UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Deo, individually and as shareholder/member of Northshore Motor Leasing LLC and 189 Sunrise Hwy Auto LLC, Sara Deo, individually and as shareholder/member of Northshore Motor Leasing LLC and 189 Sunrise Hwy Auto, LLC, Northshore Motor Leasing, LLC and 189 Sunrise Auto, LLC<br><br>          Plaintiffs,<br><br> -against-<br><br>Ronald Baron, et al,<br><br>          Defendants. | Civil Case No. 2:24-cv-6903 (NJC) (JMW) |

**MEMORANDUM OF LAW IN OPPOSITION**

Dated: November 4, 2025          **REED SMITH LLP**

                      Perry A. Napolitano
                      Justin J. Kontul
                      Matthew Meisel
                      225 Fifth Avenue
                      Pittsburgh, PA 15222
                      412-288-3131
                      pnapolitano@reedsmith.com
                      *Attorneys for Ally Financial, Inc.*

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Drake v. Portuondo*,
 2011 U.S. Dist. LEXIS 33646 (W.D.N.Y. March 30, 2011) ........................................................2

*Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Dai*,
 2024 U.S. Dist. LEXIS 211329 (S.D.N.Y. Nov. 18, 2024) ....................................................1, 2

*Rosado v. Johnson*,
 589 F.2d 398 (S.D.N.Y. 2008) ....................................................................................................2

*Sanchez v. New York City*,
 1992 U.S. Dist. LEXIS 9844 (E.D.N.Y. June 29, 1992) ............................................................2

**Statutes**

28 U.S.C. § 2201 ...............................................................................................................................3

**Other Authorities**

5 Wright & Miller, Fed. Prac. & Proced. § 1325 (1990) .................................................................2

Ally Financial Inc. ("Ally"), together with NextGear Capital, Inc. ("NextGear") and Nissan Motor Acceptance Company LLC ("NMAC", and together with NextGear and Ally, the "Financing Defendants") joins in the opposition papers submitted (or to be submitted), by, *inter alia*, defendants Joshua Aaronson, Brian Chabrier, the Estate of David Baron, Jory Baron and Asad Khan (the "IAG Defendants"), in response to Plaintiffs' motion to remand this action (the "Action") to the Supreme Court of the State of New York, Nassau County (the "Remand Motion"). It is respectfully submitted that the Remand Motion should be denied for the reasons stated in the IAG Defendants' memorandum of law in opposition to the Remand Motion (the "IAG Opposition"), as amplified below.

First, and as stated in the Financing Defendants' May 7, 2025 letter [ECF No. 87], the RICO Claims[1] asserted in the action entitled *Superb Motors Inc., et al v. Anthony Deo, et al*, Case No. 23-CV-6188 (the "Related Action")—a case as to which this Court unquestionably has subject matter jurisdiction—and the Declaratory Judgment Claim asserted in this Action,[2] are mirror-images of the other. Both actions are grounded in the dispute between the IAG Defendants (the plaintiffs in the Related Action) and Anthony Deo and Sara Deo (the plaintiffs in this Action) concerning ownership and control of certain automobile dealerships,[3] and the resolution of one claim will necessarily resolve the other. Simply stated, if the IAG Defendants succeed on their RICO Claims in the Related Action, then it will render moot the Deo plaintiffs' Declaratory Judgment Claim in this Action . *See e.g., Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Dai*, 2024 U.S. Dist. LEXIS 211329 at *7 (S.D.N.Y. Nov. 18, 2024) ("The Court finds that the mirror image

---

[1] Capitalized terms have the meaning set forth in the May 7, 2025 letter, which is incorporated in its entirety by reference.
[2] The parties to the Declaratory Judgment Claim are Anthony Deo and Sara Deo (in their individual capacities), as plaintiffs, and the IAG Defendants, as defendants.
[3] Financing Defendants are strangers to the ownership dispute.

rule applies in this Action to create subject matter jurisdiction pursuant to the RICO statute. The MJA Action seeks a determination that the Singapore Judgment is enforceable, while the RICO Action seeks a determination that it is not."). Additionally, because the application of the mirror image doctrine does not depend upon the parties being identical, the doctrine applies notwithstanding that the Financing Defendants are not parties to the Related Action. *See Dai*, 2024 U.S. Dist. LEXIS 211329, at *10, FN5 ("In addition, GTQX presents no authority to foreclose the possibility that the mirror image [*sic*] applies when the parties are not identical.").

Next, the fact that the Deo Plaintiffs did not assert a claim under the Federal Declaratory Judgment Act does not prevent the application of the mirror-image doctrine for the reasons stated in the IAG Opposition. In addition, such a requirement would improperly allow a plaintiff to avoid federal jurisdiction under the mirror image rule simply by styling a "mirrored" declaratory judgment claim as one arising under state law. It would also contravene well-established principles that Federal Courts exalt substance over the form, and the nature of relief is determined by its substance, not the label attached to it. *See e.g., Sanchez v. New York City*, 1992 U.S. Dist. LEXIS 9844, at *4 (E.D.N.Y. June 29, 1992) ("However, this requirement's focus on the 'transaction or occurrence,' not the claim asserted, underscores the Federal Rule's exaltation of substance over form.") (citing to 5 Wright & Miller, Fed. Prac. & Proced. § 1325, at 753-54 (1990)); *Rosado v. Johnson*, 589 F.2d 398, 400 (S.D.N.Y. 2008) ("Mindful that the nature of a motion is determined by its substance not the label attached to it"); *Drake v. Portuondo*, 2011 U.S. Dist. LEXIS 33646, at *19 (W.D.N.Y. March 30, 2011) ("It is well-established that the 'nature of a motion is determined by its substance and not the label attached to it.' The Courts have applied the substance-over-form approach to treat a mislabeled petition, complaint or motion as petitions for relief under 28 U.S.C. § 2254") (internal citations omitted).

Lastly, in its September 30, 2025 Decision [ECF No. 92], this Court acknowledged that "[t]here is no 'absolute right' to federal jurisdiction over an action raising only state law claims even where a request for declaratory relief under 28 U.S.C. § 2201 may give rise to mirror image jurisdiction *as a matter of the trial court's discretion*" (emphasis supplied). Consistent with such discretion, to the extent this Court believes that there may[4] be grounds for the application of the mirror-image doctrine, this Court should exercise subject-matter jurisdiction over this Action pursuant to principles of equity and judicial economy given the overlapping issues, overlapping parties, and that both actions concern the same core disputed issue.

Dated: November 4, 2025

                                      REED SMITH LLP

                                      By: */s/ Perry A. Napolitano*
                                             Perry A. Napolitano
                                             Justin J. Kontul
                                             Matthew Meisel
                                      Reed Smith Centre
                                      225 Fifth Avenue
                                      Pittsburgh, PA 15222
                                      Telephone:    (412) 288-3131
                                      pnapolitano@reedsmith.com
                                      *Attorneys for Defendant Ally Financial Inc.*

                                      ZEICHNER ELLMAN & KRAUSE LLP

                                      By: */s/ Michael E. Sims*
                                             Michael E. Sims
                                             Kevin Badkhshan
                                      730 Third Avenue
                                      New York, New York 10017
                                      (212) 223-0400
                                      msims@zeklaw.com
                                      *Attorneys for Defendant Nissan Motor Acceptance Company LLC, d/b/a NMAC*

---

[4] Your Honor acknowledged that the application of the mirror image doctrine is "complicated"; however, your Honor did not foreclose the possibility of applying such doctrine to this action.

**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**

By: <u>*Nicholas M. Gaunce*</u>
Nicholas M. Gaunce
10 Bank Street, Suite 700
White Plains, NY  10606
(609) 989-5058
ngaunce@eckertseamans.com
*Attorneys for Defendant, NextGear Capital, Inc.*