**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC, SARA DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and NORTHSHORE MOTOR LEASING, LLC and 189 SUNRISE HWY AUTO, LLC, | Case No.: 2:24-cv-6903 (NJC) (JMW) |

                                   Plaintiffs,

    v.

RONALD BARON, JOSHUA AARONSON, JORY BARON, MARCELLO SCIARRINO, DANIEL O'SULLIVAN, BRIAN CHABRIER, WENDY KWUN, IRIS BARON, RAYMOND PHELAN, ASAD KHAN, ESTATE OF DAVID BARON, BARON NISSAN INC. d/b/a BARON NISSAN, ISLAND AUTO GROUP OF NEW YORK LLC a/k/a ISLAND AUTO GROUP OF NY LLC a/k/a ISLAND AUTO GROUP, ROBERT ANTHONY URRUTIA, BRUCE NOVICKY, MICHAEL MORGAN, PARMESHWAR BISSOON, SUPERB MOTORS INC. d/b/a TEAM AUTO DIRECT, RICHARDS, WITT & CHARLES, LLP, CITRIN COOPERMAN & COMPANY LLP a/k/a CITRIN COOPERMAN, NEXTGEAR CAPITAL INC., ALLY FINANCIAL INC., NISSAN MOTOR ACCEPTANCE COMPANY LLC d/b/a NMAC, JP MORGAN CHASE BANK N.A. a/k/a JP MORGAN CHASE & CO. a/k/a CHASE BANK N.A. d/b/a CHASE BANK, CYRULI SHANKS & ZIZMOR, LLP, MILMAN LABUDA LAW GROUP, PLLC, JOHN DOE ATTORNEYS 1-20, JOHN DOE ACCOUNTANTS 1-20, JOHN DOES 1-20, JANE DOES 1-20, JOHNM DOE CORPORATIONS 1-20, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES

                                   Defendants.

**MEMORANDUM OF LAW OF JPMORGAN CHASE BANK, N.A.**
**IN OPPOSITION TO MOTION TO REMAND FILED BY PLAINTIFFS**

**SHERMAN ATLAS SYLVESTER**
**& STAMELMAN LLP**
Anthony C. Valenziano, Esq.
1185 Avenue of the Americas, 2nd Floor
New York, New York 10036
Tel. No: (212) 763-6464
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1
LEGAL ARGUMENT...............................................................................................................1
CONCLUSION.......................................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

Cases

*China Shipping Container Lines Co. v. Big Port Serv. DMCC*,
  803 Fed. Appx. 481 (2d Cir. 2020).......................................................................................... 2
*Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading Inc.*,
  697 F.3d 59 (2d Cir. 2012)...................................................................................................... 2
*Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai*,
  2024 WL 4815982 (S.D.N.Y. Nov. 18, 2024)...................................................................... 1, 3
*W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*,
  815 F.2d 188 (2d Cir. 1987)................................................................................................... 3

**PRELIMINARY STATEMENT**

Rather than file an Answer with Counterclaims in the related federal court action that was filed over a year before this one, plaintiffs Anthony Deo, Sara Deo, Northshore Motor Leasing, LLC, and 189 Sunrise Hwy Auto, LLC (collectively, "Plaintiffs"), commenced the most recent chapter in this hotly contested and long-drawn-out dispute over the ownership of certain automobile dealerships in state court against, among others, defendant JPMorgan Chase Bank, N.A. ("Chase").  Unfortunately, this is not Chase's first foray into this dispute, having first been named as a defendant in the related action.  Plaintiffs' "declaratory judgment" claims in this action, however, are nothing more than the other side of the lawsuit that was filed in this court by certain defendants claiming, among other things, that Plaintiffs engaged in a RICO conspiracy. Accordingly, for the reasons set forth in detail below, and for those reasons asserted by the other parties opposing remand, Chase respectfully requests that Plaintiffs' motion to remand be denied.

**LEGAL ARGUMENT**

Plaintiffs exclusively and erroneously rely upon this Court's September 30, 2025 Order to argue that this matter should be remanded.  But this Court made no determinations as to whether the "mirror image" rule applies and simply ruled on prior requests by the parties to determine whether the "mirror image" rule permitted this Court to exercise subject matter jurisdiction over this matter in view of Plaintiffs' voluntary dismissal of their federal claims.  In short, Plaintiffs provide no meaningful argument against application of the "mirror image" rule, which permits this Court to exercise subject-matter jurisdiction where, as is the case here, the "hypothetical 'mirror image' coercive suit" in which "the threatened action —by the defendant in the declaratory action—presents a federal question."  *See*, *e.g.*, *Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai*, 2024 WL 4815982, at \*3-4 (S.D.N.Y. Nov. 18, 2024) ("The mirror

1

image rule provides that if the threatened action–by the defendant in the declaratory action–

presents a federal question, then a complaint seeking declaratory relief need not state a federal

cause of action….Courts specifically evaluate whether subject matter jurisdiction exists by

rearranging the parties into 'the hypothetical mirror image coercive suit,' and then evaluating

whether such a suit invokes federal law"); *China Shipping Container Lines Co. v. Big Port Serv.*

*DMCC*, 803 Fed. Appx. 481, 483 (2d Cir. 2020) ("[T]he parties must be rearranged into a

hypothetical coercive action that is the 'mirror image' of the suit actually brought by CSCL. That

'mirror image suit'—BPS suing CSCL to compel arbitration on a maritime contract—is one over

which the federal courts have jurisdiction….Accordingly, jurisdiction is proper in the instant

declaratory judgment action") (internal citations omitted).

Here, there is no need for this Court to "rearrange" the parties to determine what a

hypothetical action would look like because several defendants have already filed that suit --

asserting claims under the federal RICO statute -- against Plaintiffs in *Superb Motors Inc., et al.*

*v. Deo, et al.*, Case No.: 2:23-cv-6188 (JMW) (the "Related Action") which seeks, among other

things, an adjudication as to the true ownership of certain limited liability companies that own

(or previously owned) automobile dealerships.  Those federal RICO claims asserted against

Plaintiffs have already withstood a motion to dismiss and are currently being litigated in the

Related Action.  (*See* November 4, 2025 Declaration of Anthony C. Valenziano, Esq.

("Valenziano Decl."), Ex. A.)[1]  *See Garanti Finansal Kiralama A.S. v. Aqua Marine and*

*Trading Inc.*, 697 F.3d 59, 65-66 (2d Cir. 2012) (applying mirror image rule to find that federal

courts had jurisdiction over declaratory judgment action); *China Shipping Container,* 803 Fed.

---

[1] All claims asserted against Chase in the Related Action have been dismissed.  (*See* Valenziano Decl., Ex. A.)  That determination is currently on appeal in the United States Court of Appeals for the Second Circuit.

Appx. at 483 (same).  There is no dispute that this Court has jurisdiction over the Related Action, and that Plaintiffs could have, but chose not to, file the claims asserted in this action as counterclaims in the Related Action.[2]

And while there is not complete uniformity of parties between this action and the Related Action, application of the mirror image rule is not dependent on complete uniformity.  *See Dai*, 2024 WL 4815982, at *3, n. 5.  Nor is there any requirement that the "mirror image" rule is only applicable in cases involving "preemptive" suits that are limited to declaratory relief.  *See id*, at *4 (citing *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193-195 (2d Cir. 1987)).  In sum, Plaintiffs have not offered any basis for this Court to decline exercising jurisdiction under the "mirror image" rule.

---

[2] It is for this same reason that this matter should be consolidated with the Related Action given that this suit is the "other side of the coin" of the Related Action, and there is significant factual overlap between the allegations in the Related Action and Plaintiffs' allegations in this action.

## CONCLUSION

For all of the foregoing reasons, Defendant JPMorgan Chase Bank, N.A., respectfully requests that Plaintiffs' motion for remand be denied.

Respectfully submitted,

SHERMAN ATLAS SYLVESTER
& STAMELMAN LLP
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

By: /s/Anthony C. Valenziano
     Anthony C. Valenziano

DATED: November 4, 2025

4899-3602-7767, v. 1

4