UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE HWY AUTO LLC, SARA DEO individually and as a shareholder/member of NORTHSHORE MOTOR LEASING LLC and NORTHSHORE MOTOR LEASING, LLC and 189 SUNRISE HWY AUTO, LLC,

                              Plaintiffs,

      -against-

RONALD BARON, JOSHUA AARONSON, JORY BARON, MARCELLO SCIARRINO, DANIEL O'SULLIVAN, BRIAN CHABRIER, WENDY KWUN, IRIS BARON, RAYMOND PHELAN, ASAD KHAN, ESTATE OF DAVID BARON, BARON NISSAN INC. d/b/a BARON NISSAN, ISLAND AUTO GROUP OF NEW YORK LLC a/k/a ISLAND AUTO GROUP OF NY LLC a/k/a ISLAND AUTO GROUP, ROBERT ANTHONY URRUTIA, BRUCE NOVICKY, MICHAEL MORGAN, PARMESHWAR BISSOON, SUPERB MOTORS INC. d/b/a TEAM AUTO DIRECT, RICHARDS, WITT & CHARLES, LLP, CITRIN COOPERMAN & COMPANY LLP a/k/a CITRIN COOPERMAN, NEXTGEAR CAPITAL INC., ALLY FINANCIAL INC., NISSAN MOTOR ACCEPTANCE COMPANY LLC d/b/a NMAC, JP MORGAN CHASE BANK N.A. a/k/a JP MORGAN CHASE & CO. a/k/a CHASE BANK N.A. d/b/a CHASE BANK, CYRULI SHANKS & ZIZMOR, LLP, MILMAN LABUDA LAW GROUP, PLLC, JOHN DOE ATTORNEYS 1-20, JOHN DOE ACCOUNTANTS 1-20, JOHN DOES 1-20, JANE DOES 1-20, JOHNM DOE CORPORATIONS 1-20, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

                              Defendants.
-------------------------------------------------------------------X

Case No.: 2:24-cv-6903 (NJC) (JMW)

**DEFENDANTS' RONALD BARON, JOSHUA AARONSON, JORY BARON, MARCELLO SCIARRINO, DANIEL O'SULLIVAN, BRIAN CHABRIER, WENDY KWUN, IRIS BARON, RAYMOND PHELAN, ASAD KHAN, ESTATE OF DAVID BARON, BARON NISSAN INC. d/b/a BARON NISSAN, ISLAND AUTO GROUP OF NEW YORK LLC a/k/a ISLAND AUTO GROUP OF NY LLC a/k/a ISLAND AUTO GROUP, BRUCE NOVICKY, SUPERB MOTORS INC. d/b/a TEAM AUTO DIRECT, AND CYRULI SHANKS & ZIZMOR, LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………1

ARGUMENT………………………………………………………………………………...3

DEFENDANTS' PENDING ACTION IS THE MIRROR IMAGE OF
PLAINTIFFS' ANTHONY AND SARA DEO'S DECLARATORY JUDGMENT CLAIM……4

THE MIRROR IMAGE RULE SHOULD BE APPLIED……………………………………7

THE SECOND CIRCUIT HAS APPLIED THE MIRROR IMAGE RULE
TO DECLARATORY JUDGMENT CLAIMS NOT AFFIRMATIVELY
BROUGHT UNDER THE FEDERAL DECLARATORY JUDGMENT ACT…………………8

NORTHSHORE AND SUNRISE ARE NOT THE PLAINTIFFS
SEEKING DECLARATORY JUDGMENT; IT IS THE IAG
PARTIES WHO ARE THE DEFENDANTS IN THIS ACTION AND
THE PLAINTIFFS IN THE COERCIVE ACTION………………………………………10

RETAINING JURISDICTION IS PARTICULARLY APPROPRIATE IN THIS CASE……...13

CONCLUSION…………………………………………………………………………..14

## TABLE OF AUTHORITIES

**Cases**

ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc.,
    485 F.3d 85 (2d Cir. 2007)……………………………………………………………...3

Bombard v. Central Hudson Gas & Elec.,
    614 N.Y.S.3d 577 (3d Dept. 1994)………………………………………………….....8

CAI Distressed Debt Opportunity Master Fund Ltd. v Delphi Auto. LLP (In re DPH Holdings Corp.),
    2012 US Dist LEXIS 192875 (SDNY Oct. 1, 2012, No. 12-cv-03968 (CM))………......11

China Shipping Container Lines Co. v. Big Port Serv. DMCC,
    803 Fed. Appx. 481 (2d Cir. 2020)……………………………………………………....9

China Shipping Container Lines Co. v. Big Port Serv. DMCC,
    Case No.: 1:15-cv-2006 (AT) (DCF)………………………………………………….....9

Cutting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,
    463 U.S. 1 (1983)……………………………………………….......................................10

Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.,
    No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382 (E.D.N.Y. Sept. 15, 2009) …….8

Empire State Bus Corp. v. Loc. 854 Health & Welfare Fund,
    No. 21-cv-10471 (LJL), 2023 U.S. Dist. LEXIS 24293, 2023 WL 1966210 (S.D.N.Y. Feb. 13, 2023)……………..…………………………………………………………….4, 6, 9

Fleet Bank, N.A. v. Burke,
    160 F.3d 883 (2d Cir. 1998)……………………………………………………….....6-7

Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.,
    697 F.3d 59 (2d Cir. 2012)………..…………………………………………………….....9

Government Employees Insurance Co. v. Saco,
    No. 15-cv-634 (NGG) (MDG), 2015 U.S. Dist. LEXIS 102645, 2015 WL 4656512 (E.D.N.Y. Aug. 5, 2015)…..……………………………………………………………...6

Guotaiqixing  Int'l (S) PTE. Ltd. v. Xuefeng Dai,
    24-cv-03142 (ER) 2024 U.S. Dist. LEXIS 211329 (S.D.N.Y. Nov. 18, 2024)……4, 9, 13

Kenney v. Clay,
    11-CV-0790, 172 F. Supp. 3d 628, 2016 WL 1156747 (N.D.N.Y. March 23, 2016)……4

Knipe v. Skinner,
    999 F.2d 708 (2d Cir. 1993)……………………………………………………....4

New York by James v. Amazon.com, Inc.,
    550 F. Supp. 3d 122 (S.D.N.Y. 2021) …………………………………………....4

Norton v. Sam's Club,
    145 F.3d 114 (2d Cir. 1998)………………………….…………………………….4

Partners Healthcare Solutions Holdings, L.P. v Universal Am. Corp.,
    2014 US Dist LEXIS 16566 (D. Del. Feb. 11, 2014, No. 13-1767 (RGA) (MPT)...……10

Phelps v. Bosco,
    2017 US Dist LEXIS 237255 (NDNY Apr. 7, 2017, No. 1:13-CV-1510 (GTS) (CFH))...3

Pub. Serv. Commn. of Utah v. Wycoff Co., Inc.,
    344 U.S. 237 (1952)…………………………………………………………….6

Randall v. Dish Network, LLC,
    No. 2:17-CIV.-5428 (ADS) (GRB), 2018 WL 3235543 (E.D.N.Y. July 2, 2018)……...8

Rodriguez v Certain Underwriters at Lloyd's London,
    2019 US Dist LEXIS 227853 (S.D. Fla. Apr. 10, 2019, No. 1:19-cv-20171-UU)……...10

Tomassino v. FCA U.S. LLC,
    14-CV-1226, 2015 U.S. Dist. LEXIS 81009, 2015 WL 3868343 (N.D.N.Y. June 23, 2013) …………………………………………………………..………………….4

Wilmington PT Corp. v. Danialian,
    No. 19-CIV.-1972 (GRB) (JMW), 2023 WL 2632499 (E.D.N.Y. Mar. 24, 2023)…..…7

**Rules**

Local Civil Rule 7.1……………………………………………………………..…7

**PRELIMINARY STATEMENT**

Defendants Ronald Baron, Joshua Aaronson ("Aaronson"), Jory Baron ("Jory"), Marcello Sciarrino, Daniel O'Sullivan, Brian Chabrier ("Chabrier"), Wendy Kwun, Iris Baron, Raymond Phelan, Asad Khan ("Khan"), Estate of David Baron ("Estate"), Baron Nissan Inc. d/b/a Baron Nissan, Island Auto Group Of New York LLC a/k/a Island Auto Group of NY LLC a/k/a Island Auto Group, Bruce Novicky, Superb Motors Inc. d/b/a Team Auto Direct, and Cyruli Shanks & Zizmor, LLP's respectfully submit this memorandum of law in opposition to Plaintiffs' Anthony Deo ("Anthony"), Sara Deo ("Sara") (Anthony and Sara collectively the "Deos"), Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise Hwy Auto, LLC's ("Sunrise") (the Deos, Northshore and Sunrise collectively the "Plaintiffs") motion to remand this action to the Supreme Court of the State of New York, Nassau County (hereinafter "Nassau County Supreme" or "State Court").

Plaintiffs claim that this Court lacks subject matter jurisdiction because its First Amended Complaint (the "Complaint") – which includes a claim by the Deos for declaratory judgment that they, and not defendants Aaronson, Chabrier, Estate, Khan and Jory (collectively the "IAG Parties") are the true owners of Northshore and Sunrise – has no federal question and the parties lack diversity.

Many of the Defendants have asserted that the Court does have subject matter jurisdiction pursuant to the "mirror image rule" in which "a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff." See ECF Docket Entry 92 at 9 (citations omitted) (the "Order").

The IAG Parties, defendants herein, are plaintiffs in an earlier-filed action they initiated against the declaratory judgment plaintiffs, the Deos, which asserts RICO claims. See Superb Motors Inc., *et al.* v. Deo, *et al.*, Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 316 (the "Related Case"). It is the character of the Related Case, and not of the defense – presented as a declaratory judgment –which will determine whether there is federal-question jurisdiction in the district court.

Plaintiffs claim that the "mirror image rule" does not apply herein, but provide no argument as to why, instead relying on the Order (which did not hold that the mirror image rule should not apply). See ECF Docket Entry 92 at 12. For the reasons set forth below, Plaintiffs are incorrect and the motion to remand should be denied.

While the Order ""on which Plaintiffs rely, states that "[t]he First Cause of Action of the Third Amended Complaint in the Related Case thus may be a mirror image of Plaintiffs' claim against the Aaronson Defendants in this action," this Court questioned: (i) whether the Second Circuit will apply the mirror image rule if the claim is not specifically made under the federal Declaratory Judgment Act ("DJA"); and (ii) how the mirror image could apply when the Northshore and Sunrise are plaintiffs in *both* this declaratory judgment action and the earlier-filed Related Case, which is the coercive action. The resolution of these questions reveals that the mirror image rule does apply to this case and may, and should, be used to confer jurisdiction.

*First*, the Second Circuit has previously applied the mirror image rule to a declaratory judgment claim in which no affirmative claim was made under the federal DJA. And numerous other courts, both within and outside this Circuit have done likewise.

*Second*, as to the party designations, it is the Deos, individually, not Northshore and Sunrise, that seek a declaration that they are the owners of Northshore and Sunrise.

2

Northshore and Sunrise, while plaintiffs for some of the other claims, do not, and cannot, seek a declaration as to who are their members. In that regard, Northshore and Sunrise are merely nominal parties to this case and the Related Case, as the failure to include them implicates considerations under Rule 19 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). And it is the IAG Parties, as defendants, against whom the declaratory judgment is directed because the IAG Parties assert that they are the true owners of Northshore and Sunrise. These same IAG Parties are plaintiffs in the Related Case for which the Deos have similarly sought a declaration of ownership of Northshore and Sunrise to raise as a defense to the RICO claim. As more fully explained below, the mirror image does apply to confer jurisdiction over this case. The motion to remand should therefore be denied.

## ARGUMENT

In support of their motion to remand, Deo solely relies upon the issues raised by this Court in the Order. See ECF Docket Entry 92. Deo raises no other arguments. As such, Deo's arguments are limited exclusively to those raised by the Court in its Order, and any argument not raised in the motion is deemed waived, nor may it be asserted for the first time in their reply papers. See Phelps v. Bosco, 2017 US Dist LEXIS 237255, at *6, n.1 (NDNY Apr. 7, 2017, No. 1:13-CV-1510 (GTS) (CFH)) (collecting cases: ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc., 485 F.3d 85, 97 n.12 (2d Cir. 2007) ("We decline to consider an argument raised for the first time in a reply brief"); Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (noting that arguments raised for the first time in a reply brief are considered waived); Knipe v. Skinner, 999 F.2d 708, 710-11 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief"); Kenney v. Clay, 11-CV-0790, 172 F. Supp. 3d 628, 2016 WL 1156747, at *7 (N.D.N.Y. March 23, 2016) (Hurd, J.) ("It is well settled that a district court is free to disregard argument raised for the first

3

time in reply papers, especially on a motion for summary judgment"); Tomassino v. FCA U.S. LLC, 14-CV-1226, 2015 U.S. Dist. LEXIS 81009, 2015 WL 3868343, at *8 n.4 (N.D.N.Y. June 23, 2013) (D'Agostino, J.) ("The Court declines to consider this argument, as arguments made for the first time in a reply brief need not be considered by a court") (internal quotation marks omitted).

## DEFENDANTS' PENDING ACTION IS THE MIRROR IMAGE OF PLAINTIFFS' ANTHONY AND SARA DEO'S DECLARATORY JUDGMENT CLAIM

As noted in the Order, although federal subject matter jurisdiction typically requires the complaint to present either diversity or a federal question, courts have recognized an exception under the "mirror image" rule. This rule permits exercising jurisdiction over certain actions for declaratory relief that do not state a federal cause of action, by rearranging the parties into a "hypothetical 'mirror image' coercive suit" in which "the threatened action[1] —by the defendant in the declaratory action—presents a federal question." See Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai, 24-cv-03142 (ER) 2024 U.S. Dist. LEXIS 211329 (S.D.N.Y. Nov. 18, 2024).

As more fully set forth below, Defendants' well-pleaded complaint, as plaintiffs in the Related Case, arises under federal law, RICO. The Related Case is the mirror image of Deos' declaratory judgment claim, satisfying the criteria for application of the mirror image rule in finding subject matter jurisdiction. Contrary to Deo's conclusory statement, that "the mirror image rule does not apply to this case, as fully set forth *at* ECF docket number 92", (Memo. P. 5) the Court reached no such conclusion or decision. Contrarily, although the Court raised some questions which are addressed below, the Court found that "[t]he First Cause of Action of the Third

---

[1] The "threatened" action can refer to either a filed or hypothetical coercive action. See New York by James v. Amazon.com, Inc., 550 F. Supp. 3d 122, 135 (S.D.N.Y. 2021); Empire State Bus Corp. v. Loc. 854 Health & Welfare Fund, No. 21-cv-10471 (LJL), 2023 U.S. Dist. LEXIS 24293, 2023 WL 1966210, at *4 n.4 (S.D.N.Y. Feb. 13, 2023) (footnote original).

4

Amended Complaint in the Related Case thus *may be* a mirror image of Plaintiffs' claim against the Aaronson Defendants in this action."

In fact, the mirror image is clear. Defendants herein have not threatened an action, but actually filed the Related Case over one (1) year before Deo commenced this declaratory judgment action. Defendants' RICO claim in the Third Amended Complaint (the "TAC") in the Related Case (ECF Docket Entry 316), which survived Deo's motion to dismiss (Related Case ECF Docket Entry 230), asserts, *inter alia*, that certain individual defendants herein, Aaronson, Chabrier, Estate, Khan, and Jory , who are also individual plaintiffs in the Related Case, were the owners of Northshore and Sunrise.[2] And that Deo operated Northshore and Sunrise as a manager in a wrongful manner as part of his RICO enterprise, as more fully set forth in the TAC.

Deo's complaint, seeking a declaratory judgment that the Deos are the owners of Northshore and Sunrise is, in essence, an assertion of a defense to the IAG Parties' RICO claim in the Related Case, as follows: If Deo is declared the owner of Northshore and Sunrise, they argue that the alleged wrongful actions in the Related Case were against his own companies, over which the IAG Parties cannot raise a claim.[3]

---

[2] See ECF Docket Entry 316 ¶¶ 52-69, describing the ownership of Northshore and/or Sunrise by Chabrier, Estate, Khan, Aaronson, and Jory.

[3] It should be noted that Deo's assertion of ownership of Northshore and Sunrise arises from, and is directly related to, the RICO allegations in the Related Case. Deo claimed ownership of Northshore and Sunrise arising from an alleged agreement by the Aaronson Defendants in October 2022, to "re-take" ownership following these dealerships' financial collapse due to Deo's wrongful actions. Although in this case, Deo asserts continued ownership of Northshore and Sunrise, Deo took a contrary stance in an earlier action by the Aaronson Defendants in Nassau County Supreme Court (Index No. 617224/22), which action was consensually discontinued in favor of the Related Case. "Because this is a jurisdictional inquiry," the Court may "look beyond the face of the complaint" to affidavits and exhibits when deciding whether to remand. See Government Employees Insurance Co. v. Saco, No. 15-cv-634 (NGG) (MDG), 2015 U.S. Dist. LEXIS 102645, 2015 WL 4656512, at *3 (E.D.N.Y. Aug. 5, 2015). In Deo's affidavit in support of his motion to dismiss (see Exh. B to the Ruderman Decl., NYSCEF Doc. 60), which motion was denied, he

(continued...)

5

When addressing this defense (by way of declaratory judgment) to the impending (or threatened) federal RICO claim, "it is the character of the [impending or] threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the district court." See Empire State Bus Corp. v Local 854 Health & Welfare Fund, 2023 US Dist LEXIS 24293, at *30 (SDNY Feb. 13, 2023, No. 21-cv-10471 (LJL)) (quoting Pub. Serv. Commn. of Utah v. Wycoff Co., Inc., 344 U.S. 237, 248 (1952); see also Fleet Bank, N.A. v. Burke, 160 F.3d 883, 886 (2d Cir. 1998). The Related Case's federal question character establishes subject matter jurisdiction over this case pursuant to the mirror image rule.

## THE MIRROR IMAGE RULE SHOULD BE APPLIED

The Court, though, raised two (2) specific issues which the Court noted "perhaps" or "appear" to preclude finding mirror image jurisdiction. See ECF Docket Entry 92 at 11-12. The Court made no definitive decision on these points, but implied that if unresolved, they could support a finding that the mirror image rule would not apply. Despite being specifically directed to "serve on Defendants a motion for remand *accompanied by a memorandum of law*" so as to address "whether this Court has any basis for exercising subject matter jurisdiction over this case, including whether the mirror-image rule is applicable," Deo offered no analysis or support for this query in violation of Local Civil Rule ("LCR") 7.1. See ECF Docket Entry 92 at 12 (emphasis

---

claimed to have transferred his interest in Northshore to David Baron but had the right of redemption, which he claims was effectuated by emails with certain defendants herein in October 2022. Aaronson opposed the motion asserting that "as a condition of a transfer of ownership Deo was to sign the application to transfer the Licenses to him, payoff the unpaid lien on customers trades, pay for the warranties he sold, return all dealer and unissued license plates, return the Maserati that IAG paid for, and arrange for the repayment of the balance of the monies owed." (see Exh. C to the Ruderman Decl.., NYSCEF Doc. 74), These corrective actions required for the transfer of Northshore and Sunrise to Deo were strictly conditioned on Deo's resolving all of the financial losses now sought in the RICO claim alleged in the Related Case, which Deo never resolved.

6

added); see also LCR 7.1(a)(2) ("Except for letter-motions as permitted by this or any other Rule, or as otherwise directed by the court: … [a]ll motions must include the following motion papers: … [a] memorandum of law, *setting forth the cases and other authorities relied on in support of the motion*, …") (emphasis added).

 Because the Plaintiffs failed to comply with this Court's Order and the Local Civil Rules, they should be deemed to have abandoned their motion to remand as well as any opposition to Defendants' argument that the mirror image rule should be applied.  See Wilmington PT Corp. v. Danialian, No. 19-CIV.-1972 (GRB) (JMW), 2023 WL 2632499, at *3 (E.D.N.Y. Mar. 24, 2023) ("Defendants' Answer purports to allege ten affirmative defenses. … In its motion for summary judgment, Plaintiff addresses the ten affirmative defenses, seeking to have each affirmative defense stricken. … However, Defendants have not addressed or made any arguments in opposition to Plaintiff's motion with respect to their first, second, fourth, sixth, seventh, eighth, ninth and tenth affirmative defenses. … Accordingly, the Court deems that Defendants have abandoned these defenses, and Plaintiff's motion to strike the aforementioned affirmative defenses is granted") (citing Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

 It is worthy to note that courts apply this maxim outside of motions for summary judgment.  See, e.g., Randall v. Dish Network, LLC, No. 2:17-CIV.-5428 (ADS) (GRB), 2018

WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (Spatt, J.) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion [to dismiss pursuant to Rule 12(b)(6)], the above-mentioned claims are deemed abandoned") (collecting cases).

However, even considering the issues raised by this Court on the merits, neither of the issues preclude applying the mirror image rule in finding that subject matter jurisdiction exists.

### THE SECOND CIRCUIT HAS APPLIED THE MIRROR IMAGE RULE TO DECLARATORY JUDGMENT CLAIMS NOT AFFIRMATIVELY BROUGHT UNDER THE FEDERAL DECLARATORY JUDGMENT ACT

First, this Court found it is unclear whether the Second Circuit's precedents governing the exercise of discretion of mirror image jurisdiction would apply to the Deos' declaratory judgment claim as it does not cite to the federal DJA, and because declaratory relief is available on Plaintiffs' state law claims under N.Y. C.P.L.R. § 3001. However, not only has the Second Circuit never specifically required citation to the federal DJA to apply the jurisdictional basis of the mirror image rule, to the contrary, the Second Circuit has specifically applied the mirror image rule when a declaratory judgment claim did *not* cite to the federal DJA.

In China Shipping Container Lines Co. v. Big Port Serv. DMCC, the Second Circuit affirmed the district court's finding of subject matter jurisdiction, applying the mirror image rule to a declaratory judgment claim. See 803 Fed. Appx. 481 (2d Cir. 2020) (citing favorably to Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59 (2d Cir. 2012). Not only does the Second Circuit simply refer to the declaratory judgment claim, generally, without reference the federal DJA, but the actual complaint in China Shipping makes no reference to the federal DJA, merely seeking "declaratory judgment" no differently than Deo in his declaratory judgment claim. See China Shipping Container Lines Co. v. Big Port Serv. DMCC, Case No.: 1:15-cv-2006 (AT) (DCF), ECF Docket Entry 1 (Exh. A to the Ruderman Decl.).

8

As such, any implication that the Second Circuit requires one to specifically seek relief under the federal DJA and not just a declaratory judgment, to apply the mirror image rule, in not supported. Other courts in this circuit have held similarly. See Guotaiqixing Biomedical Int'l (S) PTE. Ltd. v. Xuefeng Dai, *supra* (finding subject matter jurisdiction by applying the mirror image rule to a removed declaratory judgment action first filed under New York State law in New York Supreme Court, not seeking relief under the federal DJA; see also Empire State Bus Corp. v. Local 854 Health & Welfare Fund, 2023 U.S. Dist. LEXIS 24293, n.4 (where the court, *sua sponte*, considered subject matter jurisdiction in the case, in which a New York State Court action, seeking declaratory judgment, but not under the federal DJA, was removed to Federal Court. Applying the mirror image rule, the court found that "Defendant's threatened suit would arise under federal law (specifically, ERISA), [and] this Court has federal question jurisdiction over Plaintiffs' suit for declaratory relief"). As have courts in other circuits. See Partners Healthcare Solutions Holdings, L.P. v Universal Am. Corp., 2014 US Dist LEXIS 16566, at *14 (D. Del. Feb. 11, 2014, No. 13-1767 (RGA) (MPT) (in which a Delaware court chancery action for declaratory judgment was sought, and removed to federal court, the court finding "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question") (citing Cutting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 19 (1983); see also Rodriguez v Certain Underwriters at Lloyd's London, 2019 US Dist LEXIS 227853, at *2, n 1 (S.D. Fla. Apr. 10, 2019, No. 1:19-cv-20171-UU) (addressing mirror image rule for a declaratory judgment claim raised under the Florida Declaratory Judgment Act, deemed such request as procedural, and considered the claim as if under the federal DJA).

As made clear from the foregoing authorities, no specific reference to the federal DJA is required for application of the mirror image rule to a declaratory judgment claim. This Court therefore may, and should, apply the mirror image rule to the Deos' declaratory judgment claim, finding subject matter jurisdiction.

### NORTHSHORE AND SUNRISE ARE NOT THE PLAINTIFFS SEEKING DECLARATORY JUDGMENT; IT IS THE IAG PARTIES WHO ARE THE DEFENDANTS IN THIS ACTION AND THE PLAINTIFFS IN THE COERCIVE ACTION

Second, concerning the central dispute about the ownership of Northshore and Sunrise, the Court states that Sunrise and Northshore are plaintiffs on the claim for declaratory relief in this action *and* on the First Cause of Action in the Related Case and the mirror image rule requires an analysis of whether federal question jurisdiction would exist in "the potential coercive action that the [declaratory judgment] *defendant* might bring against the declaratory judgment *plaintiff.*"(emphasis original) (internal citations omitted)

The Defendants respectfully submit that this Court's concern is unfounded. The declaratory judgment defendants, as it concerns the ownership of Northshore and Sunrise, are the IAG Parties, not Northshore or Sunrise. And the declaratory judgment plaintiffs are Anthony and Sara Deo, not Northshore or Sunrise.

Although Northshore and Sunrise are named as plaintiffs in both this action and the coercive action, they are not the plaintiff for every claim in the operative Complaint.[4] And specifically, they are not the plaintiffs seeking declaratory judgment under Count X, which is the issue presented for the mirror image rule.

---

[4] Northshore and Sunrise appear to assert claims in Count I, for breach of contract; Count II, for "intentional" interference; Count III, for breach of contract; Count V, for professional malpractice; Count VI, for professional malpractice; Count VII, for breach of contract; Count VIII, for conspiracy and fraud; and Count IX, for unjust enrichment. See ECF Docket Entry 67.

10

Indeed, ownership interests in a limited liability company are not assets of the limited liability company; rather, they are the "personal property" of the members. See CAI Distressed Debt Opportunity Master Fund Ltd. v Delphi Auto. LLP (In re DPH Holdings Corp.), 2012 US Dist LEXIS 192875, at *20 (SDNY Oct. 1, 2012, No. 12-cv-03968 (CM)). As such, Northshore and Sunrise can have no ownership interest in themselves and are not considered parties that may seek a declaration of ownership over themselves. Northshore and Sunrise are the subject of the dispute, not the protagonists, and are not even necessary parties to this issue at all, except, perhaps, as nominal parties who must be named in the complaint due to considerations under Rule 19.

Anthony and Sara can, and do, seek declaratory relief that they are the rightful owners of Northshore and Sunrise. And they seek such relief against the IAG Parties, who, as defendants herein, claim to be the owners of Northshore and Sunrise. This is made evident from a review of the pleadings.

In Plaintiffs' operative complaint, they assert as follows:

> Accordingly, Plaintiffs also demand that this Court immediately determine and Order that the Deos are the rightful owners/members/stockholders of 189 Sunrise since February 2021 and NorthShore since its inception as a part of the imminent application/Order to Show Cause anticipated to be served and made herein upon the completion of service of this Complaint.:

See ECF Docket Entry 67 ¶ 580 at page 184.

That statement is followed by the *ad damnum* clause stating:

> WHEREFORE, the Plaintiffs hereby demand that this Court determine, declare, and Order first in a TRO and then in a permanent injunction 1) that the Deos are the rightful owners of 189 Sunrise (since February 2021) and NorthShore since its inception.

See ECF Docket Entry 67 at page 184.

11

It is indisputable that the declaratory relief sought is that Anthony and Sara Deo are the owners of Northshore and Sunrise. Such relief can only be sought by Anthony and Sara Deo, not Northshore and Sunrise.[5]

As it is Anthony and Sara Deo who seek declaratory judgment against the IAG Parties, and the IAG Parties are also plaintiffs in the coercive action asserting ownership over Northshore and Sunrise, by and through their RICO claims, this other concern raised by the Court in the Order in applying the mirror image rule has also been resolved.

**RETAINING JURISDICTION IS PARTICULARLY APPROPRIATE IN THIS CASE**

Being that subject matter jurisdiction can be established by the mirror image rule, retaining jurisdiction is particularly appropriate in this matter. The Related Case is currently pending in this Court. Whether the cases are consolidated or not,[6] there is an economy inherent in the tracking of the case and orderly disposition of discovery, which would be managed by Hon. James W. Wicks, U.S.M.J., whether as the assigned judge in a consolidated action or the Magistrate in this independent action.

---

[5] The operative complaint's broad reference that "Plaintiff hereby demands" is not intended to confer plaintiff status on every claim. It is the relief sought that determines the true party seeking relief. For example, in Count IV, which alleges that certain defendants threatened the Deos with physical harm, the relief is sought by the individual plaintiffs, Anthony and Sara Deo, yet it concludes generally "Plaintiffs hereby demand a trial by jury on all counts/damages so triable". Certainly, only Anthony and Sara Deo are the plaintiffs on Count IV and Count X, for a declaratory judgment, not Northshore and Sunrise.

[6] This Court has already expressed that the cases should most likely be consolidated, although did not order consolidation pending resolution of the various proposed motions to dismiss. See ECF Docket Entry 74 at 16:24-17:7 ("There is substantial overlap in the factual allegations and the issues at the heart of both cases").

It would also be much less likely to result in inconsistent decisions. See <u>Guotaiqixing Biomedical Int'l (S) PTE. Ltd.</u>, *supra* (denying remand of a state filed declaratory judgment action, and consolidating with an existing RICO action pending in Federal Court, which was a coercive mirror image action of the declaratory judgment claim).

## **CONCLUSION**

Based on the foregoing, Defendants Ronald Baron, Aaronson, Jory, Marcello Sciarrino, Daniel O'Sullivan, Chabrier, Wendy Kwun, Iris Baron, Raymond Phelan, Khan, Estate, Baron Nissan Inc. d/b/a Baron Nissan, Island Auto Group of New York LLC a/k/a Island Auto Group of NY LLC a/k/a Island Auto Group, Bruce Novicky, Superb Motors Inc. d/b/a Team Auto Direct, and Cyruli Shanks & Zizmor, LLP respectfully request that the Court deny Plaintiff's motion to remand this action to State Court, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: New York, New York
November 4, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants
Superb Motors Inc.,
Team Auto Sales LLC, and
Robert Anthony Urrutia*

13

**CYRULI SHANKS & ZIZMOR LLP**

    /s/
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Defendant*
*Baron Nissan, Inc. d/b/a*
*Baron Nissan*

**SCAHILL LAW GROUP, P.C.**

    /s/
Jeffrey T. Baron, Esq.
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200 (office)
(516) 873-6229 (facsimile)
jbaron@scahillpc.com

*Attorneys for Defendants*
*Ronald Baron*
*Joshua Aaronson*
*Jory Baron*
*Marcello Sciarrino*
*Daniel O'Sullivan*
*Brian Chabrier*
*Wendy Kwun*
*Iris Baron*
*Raymond Phelan*
*Asad Khan*
*Estate Of David Baron and*
*Island Auto Group of New York LLC*
*a/k/a Island Auto Group of NY LLC a/k/a*
*Island Auto Group*

**KAUFMAN DOLOWICH LLC**

　/s/　　　　　　　　　　　　　　　
Brett A. Scher, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 283-8705 (office)
bscher@kaufmandolowich.com

*Attorneys for Defendant*
*Cyruli Shanks & Zizmor LLP*

15