**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X

ANTHONY DEO individually and as shareholder/member
of NORTHSHORE MOTOR LEASING LLC and 189
SUNRISE HWY AUTO LLC; SARA DEO individually
and as shareholder/member of NORTHSHORE MOTOR
LEASING LLC and 189 SUNRISE HWY AUTO LLC; and
NORTHSHORE MOTOR LEASING LLC and 189 SUNRISE
HWY AUTO LLC,

         *Plaintiffs,*

 -against-

RONALD BARON, JOSHUA AARONSON, JORY BARON,
MARCELLO SCIARRINO, DANIEL O'SULLIVAN,
BRIAN CHABRIER, WENDY KWUN, IRIS BARON,
RAYMOND PHELAN, ASAD KHAN, ESTATE OF
DAVID BARON, BARON NISSAN INC., d/b/a/
BARON NISSAN, ISLAND AUTO GROUP OF NEW
YORK LLC, a/k/a/ ISLAND AUTO GROUP OF NY LLC,
d/b/a/ ISLAND AUTO GROUP, ROBERT ANTHONY
URRUTIA, BRUCE NOVICKY, MICHAEL MORGAN,
PARMESHWAR BISSOON, SUPERB MOTORS INC.,
d/b/a/ TEAM AUTO DIRECT, RICHARDS, WITT &
CHARLES, LLP, NEXTGEAR CAPITAL INC., ALLY
FINANCIAL INC., NISSAN MOTOR ACCEPTANCE
COMPANY LLC, d/b/a/ NMAC, JP MORGAN CHASE
BANK N.A., a/k/a/ JP MORGAN CHASE & CO., a/k/a/
CHASE BANK N.A., d/b/a/ CHASE BANK, CYRULI,
SHANKS & ZIZMOR, LLP, MILMAN LABUDA
LAW GROUP, PLLC, JOHN DOE ATTORNEYS 1-20,
JOHN DOE ACCOUNTANTS 1-20, JOHN DOES 1-20,
JANE DOES 1-20, and JOHN DOE CORPORATIONS 1-20,

         *Defendants.*
----------------------------------------------------------------------X

Index No. 2:24-cv-06903
(NJC/JMW)

### DECLARATION OF HARRY THOMASSON IN REPLY TO OPPOSITION TO MOTION TO REMAND

 Harry Thomasson, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the following is true and correct:

1

1. I am an attorney in good standing in the State of New York, and I am admitted to practice before this Court. I have first-hand knowledge of the facts recited herein.

2. This Declaration is submitted in Reply to the Opposition to the pending Motion to Remand the instant case back to Nassau (NY) Supreme Court.

3. The Defendants' Opposition seems to focus on just a few issues, predominately the mirror image rule. As to that rule, I ask the court to note that each of the opposing Defendants acknowledges that the rule is not mandatory and is purely discretionary, but contrary to their position, I argue that it does not apply in this instance.

4. The claims and parties all differ significantly from the case before Magistrate Wicks (EDNY case no. 23-cv-6188), and that case's posture is very different at this point from the instant case: That case has initial summary judgment papers scheduled for January, 2026; the instant case hasn't even had responsive pleadings to the (Amended) Complaint filed yet, let alone any discovery.

5. The Defendants' Oppositions also reference an Affirmation/Affidavit from Anthony Deo submitted in March, 2023, to Nassau (NY) Supreme Court. As to that Affidavit, please be advised that 1) the case was postured entirely differently in March, 2023, than today; 2) various legal strategies that were intended in March, 2023, are no longer intended; 3) new legal strategies that exist today did not exist then; and 4) it is inappropriate to reveal all of the strategies contemplated between the Deo parties here, but certainly one is

appropriate: In March, 2023, the Defendants maintained a case in Nassau Supreme Court (only) against the Deo Defendants, and as their attorney then and now, I can make clear to this Court that it was always our intention to file the case separately from the Defendants' claims against us for a variety of reasons, not the least of which is that it has always seemed inappropriate that I was sued individually in these cases, and I don't want my clients' legitimate claims mixed up with or consolidated in any way with what I believe are 100% false claims brought by many of these Defendants against us in their own action(s) against us. So in March, 2023, well before my two-year investigation resulting in the instant Amended Complaint was complete, we intended to bring our action in Federal Court given, *inter alia*, that the Defendants' then lone case against us was in State Court. By the time our initial Complaint against the Defendants was filed in September, 2024, the Defendants' Nassau case was dismissed by them (after an unfavorable ruling for the instant Defendants was issued in that case by Judge Gianelli) and re-filed as the Magistrate Wicks case (EDNY case no. 23-cv-6188), so it was consistent given our various internal strategies to file our case separately back in the Nassau (NY) Supreme Court, contrary to the suggestion by the Defendants now that it is not consistent with what we planned two and a half plus years ago.

6. Defendants also reference the matter of *China Shipping Container Lines Co., Ltd., v. Big Port Service DMCC* in Opposition to the instant Motion to Remand (Exhibit A to their papers). That case involves only two (2) parties

involved in a maritime/arbitration dispute, and simply put, has none of the underlying factors regarding Remand relevant to the instant action(s).

7. There are no valid reasons for the instant case to remain in the instant Court, and I deny the Defendants' reasoning in its entirety. Accordingly, I ask that the Court allow the instant Motion to Remand in all respects, and for such other and further relief as this Court deems necessary and just.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2025.

/S/ *Harry R. Thomasson*
_____
Harry R. Thomasson, Esq.